UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER PELHAM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO A/K/A DON VO, PHUONG D VO A/K/A KATIE VO, SEAN TU, JIN GAO, LILLIAN ZHAO, AND JOHN DOE INDIVIDUALS 1-10, AND DOE COMPANIES 1-10,<br><br>Defendants. | C.A. No.: 23-cv-162-CFC-SRF<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ALISHA MCKELLAR TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**

Dated: April 17, 2023

**FARNAN LLP**

Brian E. Farnan, Esq. (Bar No. 4089)
Michael J. Farnan, Esq. (Bar No. 5165)
919 North Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*[Proposed] Liaison Counsel for Plaintiffs and the Class*

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiffs and the Class*

**TABLE OF CONTENTS**

**BACKGROUND** ..................................................................................................................1

  **I.  MOVANT SHOULD BE APPOINTED AS LEAD PLAINTIFF** ......................................4

    **A.  MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE** .....................5

    **B.  MOVANT HAS THE LARGEST FINANCIAL INTEREST** ........................................5

    **C.  MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE** ......................................................................................6

    **D.  MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS** ..................................................................................................................7

  **II.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED** .........................7

**CONCLUSION** ..................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Fuwei Films Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................................................6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ..............................................................................................6

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004) ..........................................................................................5, 6

*Reves v. Ernst & Young*,
  494 U.S. 56 (1990) .................................................................................................................3

*SEC v. W.J. Howey Co.*,
  328 U.S. 293 (1946) ...............................................................................................................3

**Statutes**

15 U.S.C. § 77z-1 ................................................................................................................passim

15 U.S.C. §78c ...........................................................................................................................3

15 U.S.C. § 78u-4 .............................................................................................................passim

**Rules**

Fed. R. Civ. P. 23 ....................................................................................................................4, 6

Movant Alisha McKellar a/k/a Alisha Lee ("Movant") respectfully submits this memorandum of law in support of her motion for an Order, pursuant to Section 27 of the Securities Act of 1933 and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B), 15 U.S.C. § 78u-4(a)(3)(B):

(a)     appointing Movant as Lead Plaintiff for the Class consisting of all persons or entities who purchased unregistered securities in the form of investment contracts sold by Defendants VBit Technologies Corp., VBit Mining LLC and/or Advanced Mining Group (collectively, "VBit" or the "Company") promising the sales, leasing, and servicing of specialized computer hardware to produce Bitcoins for customers (the "VBit Mining Contracts" or "Mining Contracts") between January 1, 2019 and February 13, 2023, both dates inclusive (the "Class Period"); and

(b)     approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel and Farnan LLP ("Farnan") as Liaison Counsel.

## BACKGROUND

This action was commenced on February 13, 2023 against the Company and certain of its officers and directors, alleging violations of the Securities Act and Exchange Act. On April 14, 2023, an early notice was issued pursuant to the PSLRA advising class members of, *inter alia,* the allegations and claims in the complaint, the Class Period, and their option to seek appointment as Lead Plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Brian E. Farnan filed herewith ("Farnan Decl." or "Farnan Declaration").

As Bitcoin mining has been highly profitable for some companies and individuals, Defendants used it as a vehicle to prey on cryptocurrency consumers and sell unregistered

1

securities. Defendants Danh Cong Vo, Phuong D Vo, Sean Tu, Jin Gao (collectively, the "Individual Defendants"), and VBit entered into a scheme to recruit Plaintiff and the members of the Class to enter into investment contracts to purchase Bitcoin mining packages that Defendants promised would enable Plaintiff to mine Bitcoin. In soliciting the unregistered securities to Plaintiff and the Class, Defendants made fraudulent statements and promotions about the returns that investors would receive and the true use of the proceeds of the sale.

In or about June 2022, Plaintiff discovered that he was unable to make withdrawals of Bitcoin from his "virtual wallet," which was located in an online dashboard hosted by Defendants. While Defendants blamed the delays on technical issues, it soon became apparent that something was seriously wrong. Plaintiff's purported wallet was frozen and completely prevented Plaintiff from accessing the valuable Bitcoin that he supposedly held. Plaintiff was also unable to access the computer hardware that he purportedly owned or was leasing.

In reality, Plaintiff's individual wallet appears to have been a façade as Defendants were not offering and maintaining individualized, hardware-hosted mining services to Plaintiff as represented. Instead, Defendants were engaged in "cloud mining," or a similar arrangement whereby customers' computing power – dubbed a "hash rate" – is pooled together and wholly unrelated to the physical products and service they are purportedly being sold.

Plaintiff and Class members were promised individualized, specialized, cutting edge computer technology touted by Defendants as being capable of producing hefty returns. Plaintiff never received the individualized mining equipment and services that he paid for; rather, Plaintiff's investments were pooled together with investments from other customers. The Bitcoins appearing in Plaintiff's "virtual wallet" were mere investment returns arbitrarily determined by Defendants.

The contractual agreements at issue and the products and services sold thereunder, *i.e.*, Defendants' "hosting services" and "mining equipment," constitute investment contracts and securities under §3(a)(10) of the Exchange Act, 15 U.S.C. §78c, because they are investments in common ventures premised on a reasonable expectation of profits to be derived primarily from the entrepreneurial or managerial efforts of others. Further, the Mining Contracts were securities under the test set forth in *Reves v. Ernst & Young*, 494 U.S. 56, 64-66 (1990), and its progeny. The Mining Contracts also have all the traditional hallmarks of a security, as reflected in *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946), and subsequent case law.

Federal securities laws require any security that is offered or sold to be registered with the SEC. The Mining Contracts were not registered with the SEC or any other securities regulatory authority. The failure to register the Mining Contracts subjected investors to significant risks. The securities laws are designed to protect the public by requiring various disclosures so that investors can better understand the security that is being offered or sold, as well as risks associated with investment in that security. Absent the disclosures required by law about those efforts and the progress and prospects of the enterprise, significant informational asymmetries may exist between the management and promoters of the enterprise on the one hand, and investors and prospective investors on the other hand. The reduction of these information asymmetries through required disclosures protects investors and is one of the primary purposes of the securities laws.

Defendants have sold unregistered securities in violation of the Securities Act. Moreover, Defendants have engaged in securities fraud in violation of the Exchange Act. Further, the Individual Defendants are all culpable participants in Defendants' fraudulent scheme, committing acts of misfeasance such that the Individual Defendants should be held personally liable for the misconduct of the Company Defendants. Plaintiff, by this action, seeks rescission of the

investment contracts he entered into with Defendants as well as for damages suffered due to the fraudulent conduct complained of herein. Defendants' inability to honor investor withdrawals underscores investors' reliance on the efforts of Defendants to provide the expected profits. Ultimately, Defendants' efforts fell short, and it is Plaintiff and the Class that bore the cost of that failure.

## ARGUMENT

### I. MOVANT SHOULD BE APPOINTED AS LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Securities Act and the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all of these criteria and is thus entitled to the presumption that he is the most adequate plaintiff of the class, and that, as a result, Movant should

be appointed as Lead Plaintiff.

### A. MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE

Movant has made a timely motion in response to a PSLRA early notice. *See* Farnan Decl., Ex. 1. Additionally, as set forth in her certification, filed concurrently herewith, Movant has reviewed an operative complaint and is willing to serve as representative of the class. *See* Farnan Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. MOVANT HAS THE LARGEST FINANCIAL INTEREST

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii). In assessing the largest financial interest, courts in the Third Circuit assess the following three factors in determining the movant with the largest financial interest: (i) the number of shares the movant purchased during the class period; (ii) the total net funds the movant expended during the class period; and (iii) the approximate loss the movant suffered. *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors).

Movant (i) purchased 6 Mining Contracts during the Class Period, (ii) expended $313,852.27 in net funds, and (iii) lost $313,852.27 in connection with her purchases of VBit Fund membership units. *See* Farnan Decl., Ex. 3.

Movant is not aware of any other movants that have suffered greater losses in VBit Funds investment units during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Vicuron*, 225 F.R.D. at 511; *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Movant fulfills the requirements of Rule 23. Movant's claims share substantially similar questions of law and fact with the members of the class, and his claims are typical of those of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about the Company's business and financial condition. Movant, as did all of the members of the class, purchased VBit Funds securities at prices artificially inflated by Defendants' misstatements and omissions, and was damaged

thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute this action on behalf of the class, provide ample reasons to grant Movant's motion to serve as Lead Plaintiff.

### D. MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interests of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant lives in Pennsylvania, where she works as an administrative assistant for a hospital and in document processing for a bank. Movant has pursued higher education and has been investing for approximately 5 years. Movant's ability and her desire to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against her that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). The

Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel and Farnan as Liaison Counsel. Rosen Law has been actively researching the class Plaintiff's claims, reviewing financial and legal documents and gathering other information in support of the claims against the defendants. Furthermore, both firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Farnan Decl., Exs. 4, 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff; and (2) approving Lead Plaintiff's selection of Rosen Law as Lead Counsel and Farnan as Liaison Counsel.

Dated: April 17, 2023                          Respectfully submitted,

**FARNAN LLP**

/s/ Brian E. Farnan
Brian E. Farnan, Esq. (Bar No. 4089)
Michael J. Farnan, Esq. (Bar No. 5165)
919 North Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*[Proposed] Liaison Counsel for
Plaintiffs and the Class*

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*