**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| PARKER PELHAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, LILLIAN ZHAO, and JOHN DOE INDIVIDUALS 1-10, and DOE COMPANIES 1-10,<br><br>Defendants. | Case No. 1:23-cv-00162-CFC-SRF |

**MEMORANDUM OF LAW IN SUPPORT OF PARKER PELHAM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL</u>**

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ...............................................................................................1

II.  FACTUAL BACKGROUND...................................................................................................2

III. PROCEDURAL HISTORY......................................................................................................3

IV.  ARGUMENT............................................................................................................................4

    A.    Movant Is the Presumptive Lead Plaintiff and Should Be Appointed Lead Plaintiff ........................................................................................................................4

        1.    Movant Filed a Timely Motion....................................................................5

        2.    Movant Has the Largest Financial Interest ..................................................6

        3.    Movant Satisfies the Relevant Requirements of Rule 23 ............................6

            a.    Movant's Claims Are Typical..........................................................7

            b.    Movant Is an Adequate Representative ...........................................8

    B.    The Court Should Approve Movant's Choice of Counsel.......................................8

V.   CONCLUSION.......................................................................................................................11

Plaintiff and Lead Plaintiff Movant Parker Pelham ("Movant") respectfully submits this memorandum of law in support of his motion for appointment as Lead Plaintiff, and approval of his selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel, and Christensen & Dougherty LLP ("Christensen & Dougherty") as Liaison Counsel (the "Motion"), pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a putative class of purchasers of "VBit Mining Contracts" or "Mining Contracts" issued by Defendants VBit Technologies Corp., and VBit Mining LLC, Advanced Mining Group, concerning claims under §§5, 12(a)(1) and 15 of the Securities Act of 1933 (the "Securities Act") and under §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §78j(b) (the "Exchange Act") against Defendants VBit Technologies Corp., and VBit Mining LLC, Advanced Mining Group (collectively, the "Company Defendants"), Danh Cong Vo a/k/a Don Vo, Phuong D Vo a/k/a Katie Vo, Sean Tu, Jin Gao, and Lillian Zhao (collectively, the "Individual Defendants").

## I. PRELIMINARY STATEMENT

Pursuant to the PSLRA (which amended the Securities Act), the movant with the largest financial interest in the relief sought by the class, who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), are presumed to be the "most adequate" plaintiff – *i.e.*, the plaintiff most capable of adequately representing the interests of class members. 15 U.S.C. §77z-1(a)(3)(B)(iii). The PSLRA provides that a court shall appoint the most adequate movant as lead plaintiff. *Id.* Movant is the "most adequate" movant, as defined by the PSLRA, and should be appointed Lead Plaintiff based on the financial losses he suffered as a result of Defendants' wrongful conduct, as alleged in this Action. Moreover, Movant satisfies the relevant requirements of Rule 23, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Scott+Scott

and Christensen & Dougherty as Lead Counsel and Liaison Counsel, respectively, should be approved because Scott+Scott and Christensen & Dougherty have substantial expertise in complex investor litigations and class action litigation, and they have the experience and resources to efficiently and effectively prosecute the Action.

## II.     FACTUAL BACKGROUND[1]

This is a securities class action on behalf of all investors who purchased unregistered securities in the form of investment contracts promising the sales, leasing, and servicing of specialized computer hardware to produce Bitcoins for customers (the "VBit Mining Contracts" or "Mining Contracts").

Defendants VBit Tech, VBit Mining, and Advanced Mining purported to host physical Bitcoin mining equipment at facilities it owned, which in turn would allow Movant to mine and procure Bitcoin. Movant invested U.S. dollars and Bitcoin with Defendants in exchange for Defendants' purported equipment and "hosting" services. Defendants raised millions of dollars through the sale of these unregistered securities in violation of the registration provisions of the federal securities laws, thereby funding the Company Defendants' operation and enriching the Individual Defendants.

These investment contracts were securities that were not properly registered with the U.S. Securities and Exchange Commission ("SEC") or state regulators. To make matters worse, rather than using the proceeds from the unregistered securities to truly mine Bitcoin and pay it out to Movant and Class members, Defendants instead operated a massive Ponzi scheme that paid out the promised Bitcoin as new Class members and victims bought in.

---

[1] Citations to "¶__" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws, filed on February 13, 2023 (ECF No. 1) (the "Complaint"). Unless otherwise defined, capitalized terms shall have the same meanings as those set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference.

In or about June 2022, Movant discovered that he, like other Class Members, was unable to make withdrawals of Bitcoin from his "virtual wallet," which was located in an online dashboard hosted by Defendants. While Defendants blamed the delays on technical issues, it soon became apparent that something was seriously wrong. Movant's purported wallet was frozen and he was completely prevented from accessing the valuable Bitcoin that he supposedly held. Movant was also unable to access the computer hardware that he purportedly owned, or was leasing.

On July 12, 2022, VBit entered into a Consent Order with the Securities Division for the State of Washington ("Washington Securities Division"), which concluded that VBit's "offer and/or sale of the combined Bitcoin mining hardware and service packages . . . constitute the offer and/or sale of a security as defined in RCW 21.20.005(14) and (17)"; and "[VBit] has violated RCW 21.20.140, because, as set forth in the Tentative Findings of Fact, it offered and/or sold securities for which no registration is on file with the Securities Administrator."[2]

Movant never received the discrete, individualized mining equipment and services he paid for. Instead, Movant's funds were misappropriated by Defendants, and the Bitcoins appearing in his virtual wallets were in fact other victims' payments arbitrarily designated by Defendants as Movant's generated Bitcoins in order to keep the fraudulent scheme afloat. As of the date of this filing, Movant has been unable to withdraw Bitcoin from his virtual wallets, despite Defendants' representations that customers could withdraw at any time all the Bitcoin they owned.

## III. PROCEDURAL HISTORY

The Action pending before this Court is a class action that was filed by Plaintiff and Movant herein, Parker Pelham, and his counsel, Scott+Scott and Christensen & Dougherty LLP, on February 13, 2023. On February 14, Scott+Scott published a notice via *Business Wire* announcing

---

[2]   Consent Order at 3, *In re VBit Techs. Inc.*, S-20-3010-21-CO01 (Wash. Dept. of Fin. Inst. July 12, 2022).

this Action and a lead plaintiff deadline of April 17, 2023 (the "Notice"). *See* Ex. A to the Declaration of Joseph Christensen ("Christensen Decl."), filed in support hereof.

## IV. ARGUMENT

### A. Movant Is the Presumptive Lead Plaintiff and Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiffs" – *i.e.*, the plaintiffs most capable of adequately representing the interests of the class – are the class members that:

> (aa) [have] either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, [have] the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiffs":

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) [are] subject to unique defenses that render such plaintiff[s] incapable of adequately representing the class.

4

15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the above-mentioned criteria and he has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this Action – having expended approximately **$214,828.55** as a result of his transactions in connection with the VBIT Mining Contracts and getting locked out of his account – and he meets the relevant requirements of Rule 23. *See* Christensen Decl., Ex. B (Movant Certification). In addition, Movant is not aware of any unique defenses that Defendants could raise against them that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff.

### 1. Movant Filed a Timely Motion

On February 14, 2023, pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), Scott+Scott, counsel for Plaintiff, published the Notice via *Business Wire* ("Notice") – a widely circulated national business-oriented wire service – announcing that this Action had been filed against Defendants herein and advising VBit Mining Contract investors that they had until April 17, 2023, to file a motion to be appointed as lead plaintiff. *See* Christensen Decl., Ex. A; *see also In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-CV-03495 (AT) (BCM), 2016 WL 5867497, at *3 (S.D.N.Y. Oct. 4, 2016) (filing a notice on a similar wire service satisfied the PSLRA's notice requirement).

Movant timely filed his motion within the 60-day period following publication of the Notice and has submitted herewith a sworn certification attesting that he is willing to serve as representative of the Class, and providing his transactions in VBit Mining Contracts. *See* Christensen Decl., Ex. B. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff[s] . . . [is] the [movant with] the largest financial interest[s] in the relief sought by the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii). Movant believes that he has the largest financial interest among Class Members who filed timely applications for appointment as lead plaintiff and, accordingly, that he should be presumed to be the "most adequate plaintiff."

Movant entered into the unregistered VBit Mining Contracts at inflated prices, was locked out of his account, and was injured thereby. In connection with his VBit Mining Contract transactions, Movant expended approximately $214,828.55. *See* Christensen Decl., Ex. B. Movant is unaware of any other Class Member(s) claiming a larger financial interest in this Action that has (or have) filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest[s] in the relief sought by the Class[.]" 15 U.S.C. §78u-49(a)(3)(B)(iii)(I)(bb). Thus, Movant satisfies the second PSLRA requirement – the largest financial interest – to be appointed as lead plaintiff. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Movant Satisfies the Relevant Requirements of Rule 23

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

6

> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, a movant need only to make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *See City of Roseville Emps' Ret. Sys. v. Horizon Lines Inc.,* No. 08-cv-969, 2009 WL 1811067, at *2 (D. Del. June 18, 2009) (holding that "Our inquiry here 'need not be extensive,'" and that investors "with large losses will, more often than not, satisfy the typicality and adequacy requirements.").

### a. Movant's Claims Are Typical

Rule 23(a)'s typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiffs' claims are based on the same legal theory. *See Kuriakose*, No. 1:08-CV-7281, 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008). Rule 23 does not require lead plaintiffs to be identically situated with all class members. *See In re Molson Coors Brewing Co. Sec. Litig.,* 233 F.R.D. 147, 152 (D. Del. 2005) ("[T]ypicality [] does not require that all putative class members share identical claims.") (*citing In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 531-32 (3d Cir. 2004)). "Indeed, even relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories." *Id*. at 153 (*citing Baby Neal v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994))

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants violated provisions of the Securities Act and Exchange Act by selling non-exempt securities in the form of VBit Mining Contracts without

7

registering them.  After Movant entered into the VBit Mining Contracts, Defendants suspended withdrawals from its platform.

Indeed, Movant's interests are perfectly aligned with those of the other Class members and are not antagonistic in any way.  There are no facts to suggest any actual or potential conflict of interest or other antagonism between Movant and other Class Members. Movant has also demonstrated his adequacy by taking steps to protect Class Members' rights in this Action.  *See OFI Risk Arbitrages v. Cooper Tire & Rubber Co.,* 63 F. Supp. 3d 394, 401 (D. Del. 2014) ("the fact that [lead plaintiff movant] . . . filed an action against [the defendant] evidences their interest in vigorously representing the class").  Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b. Movant Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff[s] and the members of the class; and (3) the proposed lead plaintiff[s] [have] a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Monroe*, 269 F.R.D., 297. Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute these actions, and his financial losses ensure that he has sufficient incentive to ensure vigorous advocacy.  *See* Christensen Decl., Exs. B, D, E.

Accordingly, because he has the largest financial interests in this Action, and he has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23, Movant should be appointed as lead plaintiff in this matter.

### B. The Court Should Approve Movant's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *In re Cavanaugh*, 306 F.3d 733 at 734-

8

35 (9th Cir. 2002). As such, this Court should not disturb the lead plaintiffs' choice of counsel unless necessary to "protect the interests of the class[.]" 15 U.S.C. §78u-41(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d 733.

Movant has selected the law firms of Scott+Scott and Christensen & Dougherty as Lead and Liaison Counsel, respectively, to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Christensen Decl., Ex. C (Scott+Scott firm résumé). Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[3]

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, No. 08-cv-03758(VM), 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011), a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among

---

[3]   Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

> the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists. (*Id.*)

Scott+Scott is currently serving as lead or co-lead counsel in securities fraud class actions pending in this District and in several other Circuits. *See, e.g.*, *Jochims v. Oatly Group AB*, No. 21-cv-6360 (S.D.N.Y.); *Marechal v. Acadia Pharmaceuticals Inc.*, No. 3:21-cv-762 (S.D. Cal.); *Gupta v. Athenex, Inc.*, No. 21-cv-337 (W.D.N.Y.); *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.); *Blake v. MacroGenics, Inc.*, No. 8:19-cv-2713 (D. Md.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-2115 (N.D. Ohio); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

Christensen & Dougherty focuses on complex litigation in the Delaware courts and has substantial experience litigating class action cases in the Court of Chancery on both the plaintiff and defense side. Some significant representations in which the attorneys of Christensen & Dougherty have been involved at prior firms include *In re Trulia, Inc. Stockholder Litigation*, C.A. No. 10020-CB; *In re Facebook, Inc. Class C Reclassification Litigation*, C.A. No. 12286-VCL (representing plaintiff class of stockholders); *In re Google Inc. Class C Shareholder Litigation*, C.A. No. 7469 (representing founders Page and Brin). Christensen & Dougherty is current class counsel in stockholder litigation pending in the Court of Chancery including *In re Electric Last Mile Solutions, Inc. Stockholder Litigation*, C.A. No. 2022-0630-KSJM and *Jacob v. Vogel*, C.A. No. 2022-0600-PAF. See also Christensen Decl., Ex. D. (Christensen & Dougherty firm résumé).

In light of the foregoing, the Court should approve Movant's selection of Scott+Scott and Christensen & Dougherty as Lead and Liaison Counsel, respectively. The Court can be assured that by approving Movant's choice of counsel, the putative Class will receive the highest caliber of representation.

10

## V. CONCLUSION

For the foregoing reasons, Lead Plaintiff Movant Parker Pelham respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Scott+Scott and Christensen & Dougherty to serve as Lead and Liaison Counsel, respectively.

DATED:  April 17, 2023                **CHRISTENSEN & DOUGHERTY LLP**

*s/ Joseph L. Christensen*
Joseph L. Christensen (#5146)
1000 N. West St., Suite 1200
Wilmington, DE 19801
Telephone: 302-212-4330
joe@christensendougherty.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
John T. Jasnoch (*pro hac vice*)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508
jjasnoch@scott-scott.com

*Counsel for Proposed Lead Plaintiff*
*Movant Parker Pelham*

11

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

 *s/ Joseph Christensen*
Joseph Christensen

12