UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER PELHAM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO A/K/A DON VO, PHUONG D VO A/K/A KATIE VO, SEAN TU, JIN GAO, LILLIAN ZHAO, AND JOHN DOE INDIVIDUALS 1-10, AND DOE COMPANIES 1-10,<br><br>Defendants. | C.A. No.: 23-cv-162-CFC-SRF<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION**

**FARNAN LLP**

Brian E. Farnan, Esq. (Bar No. 4089)
Michael J. Farnan, Esq. (Bar No. 5165)
919 North Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*[Proposed] Liaison Counsel for Plaintiffs and the Class*

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiffs and the Class*

# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................1

II.  ARGUMENT...............................................................................................1

   A.  Ms. McKellar Should Be Appointed Lead Plaintiff ...........................1

   B.  The Presumption in Favor of Ms. McKellar Has Not Been Rebutted...............3

   C.  Ms. McKellar's Choice of Counsel Should Be Approved................................4

   D.  The Competing Motion Should Be Denied.........................................................5

III. CONCLUSION................................................................................................6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) ........................................................................... 2

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ................................................................................. 4

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) .............................................................................. 2, 3

*In re Comverse Tech., Inc. Sec. Litig.*,
    No. 06-CV-1825 NGG RER, 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ............ 2

*In re Molson Coors Brewing Co. Sec. Litig.*,
    233 F.R.D. 147 (D. Del. 2005) .............................................................................. 5

*In re Vicuron Pharms., Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D. Pa. 2004) ............................................................................ 2

*Kaplan v. S.A.C. Cap. Advisors, L.P*,
    311 F.R.D. 373 (S.D.N.Y. 2015) .......................................................................... 5

*Khunt v. Alibaba Grp. Holding Ltd.*,
    102 F. Supp. 3d 523 (S.D.N.Y. 2015) ................................................................... 4

*Roby v. Ocean Power Techs., Inc.*,
    No. 14-CV-3799 FLW LHG, 2015 WL 1334320 (D.N.J. Mar. 17, 2015) ............ 2

*Sofran v. LaBranche & Co.*,
    220 F.R.D. 398 (S.D.N.Y. 2004) .......................................................................... 4

*Takara Tr. v. Molex Inc.*,
    229 F.R.D. 577 (N.D. Ill. 2005) ............................................................................ 2

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) ...................................................................5

*Yedlowski v. Roka Bioscience, Inc.*,
    No. 14-CV-8020-FLW-TJB, 2016 WL 6661336 (D.N.J. Nov. 10, 2016) .............5

**Statutes**

15 U.S.C. § 78u-4(a) ................................................................................... 1, 3, 4, 5

**Rules**

Fed. R. Civ. P. 23 .................................................................................................1, 3

Lead Plaintiff Movant Alisha McKellar a/k/a Alisha Lee ("Ms. McKellar" or "Movant") respectfully submits this memorandum in opposition to the competing lead plaintiff motion filed by Parker Pelham ("Mr. Pelham") (D.I. 10).

## I.   INTRODUCTION

Before the Court is one lead plaintiff motion.[1] As such, Ms. McKellar has the largest financial interest with a loss of $313,852.27. Because Ms. McKellar has the largest financial interest in this action and also prima facie satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, the PSLRA provides that Ms. McKellar is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## II.   ARGUMENT

### A.   Ms. McKellar Should Be Appointed Lead Plaintiff

The PSLRA provides that there is a "rebuttable presumption . . . that the most adequate plaintiff . . . is the person or group of persons…that . . . has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, Ms. McKellar suffered the largest loss of any movant, the factor that Courts across the country recognize as the most significant factor to be

---

[1] On May 1, 2023, Parker Pelham filed a Notice of Non-Opposition recognizing he does not have the largest financial interest. D.I. 13.

considered. *See e.g.*, *Roby v. Ocean Power Techs., Inc.*, No. 14-CV-3799 FLW LHG, 2015 WL 1334320, at *4 (D.N.J. Mar. 17, 2015) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001)); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 NGG RER, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007), *adhered to on reconsideration,* No. 06CV1825NGGRER, 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period, to be most influential in identifying the plaintiff with the largest financial interest."); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (finding the amount of the financial loss "the most significant" factor); *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Ms. McKellar has the largest financial interest in the case. Moreover, as set forth in Ms. McKellar's opening papers, she has made a prima facie showing of her adequacy and typicality. She has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Ms. McKellar's claims are typical of other class members because her claims arise from the same legal theories and same nucleus of fact. Ms. McKellar's interests are

aligned with other class members' interests as she has the same incentive to prove Defendants' fraud. There are no conflicts of interest between Ms. McKellar and absent class members. See Opening Br. at 6-7. (D.I. 8).

In short, because Ms. McKellar has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23, she is the presumptive lead plaintiff. Ms. McKellar should be appointed lead plaintiff and her selection of Lead Counsel should be approved.

### B. The Presumption in Favor of Ms. McKellar Has Not Been Rebutted

To overcome the strong presumption entitling Ms. McKellar to be appointed Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected. Competing movant may attempt to conjure up speculative arguments to rebut the powerful presumption in favor of Ms. McKellar. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff, here Ms. McKellar, will not adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also*, *Cendant*, 264 F.3d at 268 (once the presumption of the most adequate plaintiff is triggered, "the question is whether anyone can prove that the presumptive lead plaintiff will not do a "fair[ ] and adequate [ ]" job.");

3

*Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 535–36 (S.D.N.Y. 2015) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . .") (quoting *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)).

Moreover, although the Court may compare putative lead plaintiffs' losses when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative comparison as to adequacy or typicality. *Cavanaugh*, 306 F.3d at 732; *see also Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirement, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

As Ms. McKellar has the largest financial interest and has made a prima facie demonstration of typicality and adequacy, and no movant has rebutted the presumption with proof, Ms. McKellar must be appointed Lead Plaintiff.

### C.   Ms. McKellar's Choice of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. See 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to

4

protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Cap. Advisors, L.P*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.")).

Here, Ms. McKellar has selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class. As its resume reflects, and this Court has previously concluded, Rosen Law is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. (D.I. 9-4.); *see Yedlowski v. Roka Bioscience, Inc.*, No. 14-CV-8020-FLW-TJB, 2016 WL 6661336, at *21 (D.N.J. Nov. 10, 2016) (finding that Rosen Law "is highly experienced in the complex field of securities fraud class action."). Thus, the Court may be assured that by approving the selection of counsel by Ms. McKellar, the members of the class will receive the best legal representation available.

### D. The Competing Motion Should Be Denied

5

The competing motions should be denied as Ms. McKellar has the greatest financial interest in the litigation and should therefore be appointed lead plaintiff without further analyses. In no way is Ms. McKellar conceding or acknowledging that competing movant is adequate or that his claims are typical. Ms. McKellar reserves the right to address the competing movant's adequacy or typicality, should the Court reach that motion.

## III.   CONCLUSION

For the foregoing reasons, Ms. McKellar's motion should be granted in its entirety and the competing motions should be denied.

Dated: May 1, 2023                    Respectfully submitted,

**FARNAN LLP**

/s/ Brian E. Farnan
Brian E. Farnan, Esq. (Bar No. 4089)
Michael J. Farnan, Esq. (Bar No. 5165)
919 North Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*[Proposed] Liaison Counsel for Plaintiffs and the Class*

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor

        New York, New York 10016
        Telephone: (212) 686-1060
        Fax: (212) 202-3827
        Email: lrosen@rosenlegal.com
        Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

## **CERTIFICATE OF WORD COUNT**

Pursuant to Your Honor's Individual Rule, I hereby certify that this brief complies with Your Honor's Individual Rule regarding type, font, and word limitations. This memorandum contains 1,265 words. This count does not include the title page, table of contents, table of authorities, the signature block, the certificate of word count, or the certificate of service.

/s/ Brian E. Farnan

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 1, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                  /s/ Brian E. Farnan