IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER PELHAM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, LILLIAN ZHAO, and JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 23-162-CFC-SRF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

At Wilmington this **5th** day of **July, 2023**, the court having considered: (1) the motion of Alisha McKellar to appoint lead plaintiff and approve lead plaintiff's selection of counsel (D.I. 7), and (2) the motion of Parker Pelham to appoint lead plaintiff and approve lead plaintiff's selection of counsel (D.I. 10), and the briefing and related filings associated with the pending motions (D.I. 8; D.I. 9; D.I. 11; D.I. 12; D.I. 13; D.I. 14; D.I. 15), IT IS ORDERED that the motion of Alisha McKellar (D.I. 7) is GRANTED and the motion of Parker Pelham (D.I. 10) is DENIED for the following reasons.

1.  **Background.** On February 13, 2023, Parker Pelham initiated this putative class action by filing a complaint alleging violations of the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act") by defendants VBit Technologies Corp., VBit Mining LLC, Advanced Mining Group, Danh Cong Vo a/k/a Don Vo, Phuong D Vo a/k/a Katie Vo, Sean Tu, Jin Gao, and Lillian Zhao (collectively, "Defendants"). (D.I. 1) The

action was brought on behalf of all investors who purchased unregistered securities in the form of investment contracts promising the sales, leasing, and servicing of specialized computer hardware to produce Bitcoins for customers (the "Mining Contracts"). (*Id.* at ¶ 1) Under the Mining Contracts, Defendants purportedly hosted physical Bitcoin mining equipment at its facilities, and investors could then use the equipment to mine and procure Bitcoin. (*Id.* at ¶ 7)

2.   Beginning in June of 2022, investors began to realize that they could not make withdrawals of Bitcoin from their "virtual wallets" located in an online dashboard hosted by Defendants. (*Id.* at ¶ 8) The virtual wallets were frozen, and investors were prevented from accessing their Bitcoin holdings and the computer hardware they owned or leased from Defendants. (*Id.*) The complaint alleges that customers' investments were commingled, and the Bitcoins appearing in the virtual wallets were investment returns arbitrarily determined by Defendants. (*Id.* at ¶ 10)

3.   On February 14, 2023, counsel for Parker Pelham published a notice in *Business Wire* (the "Notice") announcing that the action had been filed against Defendants and advising investors with a VBit Mining Contract that they had until April 17, 2023 to file a motion to be appointed as lead plaintiff. (D.I. 12, Ex. A)

4.   On April 17, 2023, Alisha McKellar and Parker Pelham filed competing motions to appoint lead plaintiff and approve lead plaintiff's selection of counsel. (D.I. 7; D.I. 10) No opposition was filed to the motion of Alisha McKellar. (D.I. 13; D.I. 15) Ms. McKellar opposes the motion filed by Parker Pelham. (D.I. 14)

5.   **Legal standard.**   Under the Private Securities Litigation Reform Act ("PSLRA"), the court must "appoint as lead plaintiff the member or members of the purported class that the Court determines to be most capable of adequately representing the interests of

class members." 15 U.S.C. § 77z-1(a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is

> the person or group of persons that—(aa) has either filed the complaint or made a motion in response to [the initial class] notice . . .; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

6. **Analysis.** Ms. McKellar satisfies each of the three criteria for appointment as lead plaintiff. First, Ms. McKellar filed the pending motion for appointment as lead plaintiff on April 17, 2023, within the deadline set forth in the Notice. (D.I. 7; D.I. 12, Ex. A)

7. Second, the record confirms that Ms. McKellar purchased six Mining Contracts during the class period and lost a total of $313,852.27 as a result of those investments. (D.I. 9, Exs. 2-3) In contrast, Mr. Pelham's losses amount to $214,828.55, and Mr. Pelham concedes that he has not asserted the "largest financial interest." (D.I. 12, Ex. B; D.I. 13)

8. Third, Ms. McKellar otherwise satisfies the requirements of Rule 23. The four requirements considered under Rule 23 are numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a); *see Ninivaggi v. Univ. of Del.*, C.A. No. 20-1478-SB *et al.*, 2023 WL 2734343, at *3 (D. Del. Mar. 31, 2023). "Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). A *prima facie* showing of these requirements is sufficient at this stage. *See In re Fuwei Films Secs. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) ("At this point, a prospective lead plaintiff need only make a preliminary, *prima facie* showing that his or her claims satisfy the requirements of Rule 23.").

3

9.     Ms. McKellar has made a *prima facie* showing of the typicality of her claims compared to those of the class. All putative class members allege that Defendants violated the Securities Act and Exchange Act by selling unregistered securities in the form of the Mining Contracts. All suffered injury when Defendants subsequently suspended withdrawals from investors' virtual wallets.

10.    Ms. McKellar has also established that she will fairly and adequately represent the interests of the class. There is no indication on the present record that Defendants have any unique defenses which could be raised against her. Moreover, Ms. McKellar has selected lead and liaison counsel who are experienced in the area of securities litigation and class actions and are qualified to conduct the litigation. (D.I. 9, Exs. 4-5) On this record, the court finds no basis to interfere with lead plaintiff's selection of counsel. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

11.    **Conclusion.** For the foregoing reasons, IT IS ORDERED that Ms. McKellar's motion is GRANTED (D.I. 7), and Mr. Pelham's motion is DENIED (D.I. 10).

12.    This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to two (2) pages each.

5

13. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge