# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER PELHAM, Individually and on Behalf of All Other Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) C.A. No. 23-162-CFC-SRF |
| v. | ) ) ) |
| VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, LILLIAN ZHAO, and JOHN DOE INDIVIDUALS 1-10, and DOE COMPANIES 1-10, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANT PHUONG D. VO A/K/A KATIE VO'S OPENING BRIEF
## IN SUPPORT OF HER MOTION TO DISMISS

OF COUNSEL:

Mitchell S. Kim
Danielle M. Mayer
BUCHALTER
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017
(213) 891-0700
mkim@buchalter.com
dmayer@buchalter.com

Travis S. Hunter (#5350)
Griffin A. Schoenbaum (#6915)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
hunter@rlf.com
schoenbaum@rlf.com

*Attorneys for Defendant Phuong D Vo a/k/a Katie Vo*

Dated: November 15, 2023

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

SUMMARY OF ARGUMENT ................................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS .................................................................1

STATEMENT OF FACTS ........................................................................................................2

    I.    IMPROPER SERVICE OF THE SUMMONS AND COMPLAINT ......................2

    II.    ALLEGATIONS IN THE COMPLAINT .............................................................4

    III.    MS. VO HAS NEVER BEEN AN OFFICER, DIRECTOR, OR MANAGING AGENT OF VBIT TECH, VBIT MINING, OR ADVANCED MINING .......................................................................................5

ARGUMENT .............................................................................................................................6

    I.    PLAINTIFF HAS NOT PROPERLY SERVED THE SUMMONS AND COMPLAINT ON MS. VO ......................................................................................7

    II.    MS. VO'S EMPLOYMENT WITH VBIT TECH DOES NOT LEAD TO LIABILITY AS TO VBIT TECH, VBIT MINING, OR ADVANCED MINING .................................................................................................................8

        A.    Ms. Vo Only Ever Had An Administrative Role At VBit Tech ..................8

        B.    Ms. Vo Has Never Been Employed By VBit Mining Or Advanced Mining ........................................................................................................10

        C.    Ms. Vo's Prior Marriage To Mr. Vo, The Co-Founder And Former CEO Of VBit Tech, Does Not Create Liability For Ms. Vo .......................10

    III.    THIS COURT LACKS PERSONAL JURISDICTION OVER MS. VO AND THEREFORE ALL OF PLAINTIFF'S CLAIMS AGAINST MS. VO SHOULD BE DISMISSED ........................................................................11

        A.    Delaware's Long Arm Statute Does Not Authorize An Exercise Of Jurisdiction Over Ms. Vo, And, Therefore Any Exercise of Jurisdiction Violates Due Process ...............................................................11

    IV.    THE COMPLAINT FAILS TO SATISFY FEDERAL RULE OF CIVIL PROCEDURE 8(a) .............................................................................................13

    V.    MS. VO RESERVES HER RIGHT TO RAISE OTHER AVAILABLE DEFENSES BASED ON PLAINTIFF'S DEFICIENT PLEADING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(h) .................15

CONCLUSION ........................................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................ 1, 14

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
  459 U.S. 519 (1983) ........................................................................................................ 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................................... 14

*Fischbein v. Olson Rsch. Grp., Inc.*,
  959 F.3d 559 (3d Cir. 2020) ............................................................................................ 7

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) .......................................................................................... 14

*Hishon v. King & Spalding*,
  467 U.S. 69 (1984) .......................................................................................................... 7

*Jeffreys v. Exten*,
  784 F. Supp. 146 (D. Del. 1992) ................................................................................... 12

*Mammana v. Fed. Bureau of Prisons*,
  934 F.3d 368 (3d Cir. 2019) ............................................................................................ 6

*Max Daetwyler Corp. v. Meyer*,
  762 F.2d 290 (3d Cir. 1985) .......................................................................................... 12

*Nespresso USA, Inc. v. Ethical Coffee Co., SA*,
  263 F. Supp. 3d 498 (D. Del. 2017) .............................................................................. 11

*Oakwood Labs. LLC v. Thanoo*,
  999 F.3d 892 (3d Cir. 2021) ............................................................................................ 7

*Oliver v. Galerman*,
  2022 WL 287907 (Del. Super. Ct. Jan. 31, 2022) ......................................................... 11

*Phillips v. Cnty. of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) .......................................................................................... 15

*Porter v. A.H.P. Settlement Trust*,
  2021 WL 719716 (3d Cir. Feb. 23, 2021), *aff'd*, 2021 WL 3161433 (3d Cir. July 27,
  2021) ............................................................................................................................... 8

*SC Botanicals, LLC v. Intragenix Hldgs., LLC*,
　2021 WL 2156503 (D. Del. May 27, 2021)..................................................................13

**STATUTES & RULES**

29 C.F.R. § 541.2 ....................................................................................................................10

8 *Del. C.* § 141(b) ....................................................................................................................9

8 *Del. C.* § 142(a)-(b)..............................................................................................................9

10 *Del. C.* § 3104 ..............................................................................................................11, 12

10 *Del. C.* § 3104(c)..........................................................................................................12, 13

Fed. R. Civ. P. 4(c)(1).............................................................................................................7

Fed. R. Civ. P. 4(e) ............................................................................................................7, 12

Fed. R. Civ. P. 4(e)(1) & (2) ...................................................................................................8

Fed. R. Civ. P. 4(m) ................................................................................................................7

Fed. R. Civ. P. 8 ..................................................................................................................3, 15

Fed. R. Civ. P. 8(a)(2)......................................................................................................13, 15

Fed. R. Civ. P. 12(b)(2)..........................................................................................................11

Fed. R. Civ. P. 12(b)(5)............................................................................................................8

Fed. R. Civ. P. 12(b)(6)..........................................................................................................13

Fed. R. Civ. P. 12(h) ..............................................................................................................15

## SUMMARY OF ARGUMENT

Rather than investigate the proper parties for this action, Plaintiff appears to haphazardly name a number of parties who have no liability—including Phuong D. Vo a/k/a Katie Vo ("Ms. Vo"). More importantly, Plaintiff fails to properly serve the Summons and Complaint on Ms. Vo as required by Federal Rule of Civil Procedure 4. Further, this Court lacks personal jurisdiction over Ms. Vo thereby deeming this Motion necessary. As a result, Ms. Vo specially appears for the limited purpose of challenging the defective service of process and this Court's lack of personal jurisdiction over Ms. Vo. Ms. Vo reserves the right to challenge other pleading deficiencies specifically allowed under Federal Rule of Civil Procedure 12(h).

Additionally, the Federal Rules of Civil Procedure provide for notice pleading. Although a complaint may state only a short and plain statement of the claim showing that the relevant party is entitled to relief, it must contain facts sufficient to give rise to a reasonable inference that each named defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, despite the liberal pleading standards provided by the Federal Rules, a complaint must still place a defendant on notice of the claims against it. The standard applied to this Complaint is no different.

Here, Plaintiff's Complaint fails to separate out the liability for each defendant. Instead, it lumps Defendants together as a group and asserts general common factual allegations against all of them. Such "group pleading" is improper. Plaintiff's references to "Defendants," "Company Defendants," or "Individual Defendants" cannot satisfy the notice-pleading standard. Accordingly, Plaintiff's claims against Ms. Vo cannot survive a motion to dismiss.

## NATURE AND STAGE OF THE PROCEEDINGS

On February 13, 2023, Plaintiff Parker Pelham ("Plaintiff") filed a class action complaint against VBit Technologies Corp. ("Vbit Tech"), Vbit Mining LLC ("Vbit Mining"), Advanced

1

Mining Group ("Advanced Mining"), Danh Cong Vo a/k/a Don Vo ("Mr. Vo"), Phuong D. Vo a/k/a Katie Vo ("Ms. Vo"), Sean Tu ("Mr. Tu"), Jin Gao ("Mr. Gao"), and Lillian Zhao ("Ms. Zhao") (the "Complaint"). D.I. 1. The Complaint alleges four causes of action arising out of alleged securities law violations by generalized Defendants.

Plaintiff's claims center around a purported illegal Bitcoin-mining Ponzi scheme. Specifically, Plaintiff's Complaint alleges the following causes of action: (1) Unregistered Offer and Sale of Securities in Violation of §§5 and 12(a)(1) of the Securities Act; (2) Violation of §15 of the Securities Act; (3) Violation of §10(b) of the Exchange Act and Rule 10b-5; and (4) Unjust Enrichment/Restitution.

Ms. Vo now moves to dismiss the Complaint on four grounds: (1) Plaintiff failed to properly serve the Summons and Complaint on Ms. Vo in violation of Federal Rule of Civil Procedure 4, (2) this Court lacks personal jurisdiction over Ms. Vo, and (3) the Complaint's "group pleading" fails to satisfy Federal Rule of Civil Procedure 8. Ms. Vo respectfully submits this opening brief in support of her Motion to Dismiss (the "Motion").

## STATEMENT OF FACTS

Vbit Tech, Vbit Mining, and Advanced Mining are all companies involved in cryptocurrency mining. Specifically, these companies sell Bitcoin-mining hardware and offer mining-equipment hosting, which allows customers to mine their own cryptocurrency.

### I.   IMPROPER SERVICE OF THE SUMMONS AND COMPLAINT

Although Plaintiff filed his Complaint on February 13, 2023 (D.I. 1), he did not purport to serve Ms. Vo until July 27, 2023—that is, 164 days later. *See* D.I. 18. And Plaintiff did not file proof of this purported service until October 25, 2023. *Id.* Sometime before July 27, 2023, an attorney from The Rosen Law Firm, P.A. (co-counsel for Plaintiffs) reached out to Richards, Layton & Finger, P.A. (the "Firm") (Delaware counsel for Ms. Vo) regarding waiver of service of

2

process. *See* Decl. of Griffin A. Schoenbaum in Supp. of Def. Phuong D. Vo a/k/a Katie Vo's Opening Br. in Supp. of Her Mot. to Dismiss, Ex. 1 ("Ex. 1"). No agreement was reached. *Id.*

Then, on July 27, 2023, a process server delivered documents to Jill Garzia, a Firm employee who works at the Firm's reception desk. *Id.* The proof of service filed by Plaintiffs wrongly identifies Jill Garzia as an "authorized person" for purposes of accepting service on Ms. Vo's behalf. D.I. 18.[1] In any event, the process server who delivered the Complaint and Summons to Ms. Garzia represented that he was delivering a subpoena to the Firm. Ex. 1.

Ms. Garzia brought the documents to the attention of Marcos A. Ramos, the Firm's Assistant General Counsel, who recognized the documents as the Complaint and Summons. *Id.* On the same day that the documents were delivered (i.e., July 27, 2023), Mr. Ramos sent an email to Plaintiff's Delaware counsel rejecting service on Ms. Vo. *Id.* The body of the email reads as follows:

> Good afternoon. Earlier today, a messenger informed our firm's receptionist that it had a subpoena for delivery to our firm. After reviewing the document, it instead is a form of complaint in *Pelham v. VBIT Technologies Group et al.*, bearing civil action number 23-cv-162, and a summons directed to the attention of Phuong D Vo a/k/a Katie Vo. We want to advise you of the circumstances under which the delivery was made, and to confirm to you that we do not agree that service (if any) was effected. Further, I understand that someone from the Rosen Law Firm previously reached out about waiving service in this action, but no agreement on service was ever made.
>
> Should you want us to return the physical form of the complaint to you, please let me know.

*Id.* At no time thereafter was Ms. Vo served with the Complaint or the Summons. Vo Decl., ¶ 11.

---

[1] It remains unclear why Plaintiff attempted to serve Ms. Vo in this manner—especially because Ms. Vo had already been successfully served in Philadelphia in cases similar to this one. *See, e.g., Huntley v. VBit Techs. Corp.*, C.A. No. 22-1164-CFC-SRF (D.I. 8); *Dettmering v. VBit Techs. Corp.*, C.A. No. 22-1482-CFC-SRF (D.I. 27).

## II.     ALLEGATIONS IN THE COMPLAINT

According to the Complaint, "Defendants have sold unregistered securities in violation of the Securities Act of 1933 ('Securities Act')." Compl., ¶ 14. Plaintiff also alleges that, "Defendants have engaged in securities fraud in violation of the Securities Exchange Act of 1934 ('Exchange Act')." *Id.* Further, Plaintiff alleges that, "the Individual Defendants are all culpable participants in Defendants' fraudulent scheme, committing acts of misfeasance such that the Individual Defendants should be held personally liable for the misconduct of the Company Defendants." *Id.*

Plaintiff alleges that, "Plaintiffs entered into investment contract agreements with Defendants VBit, Tech, VBit Mining, and Advanced Mining whereby Defendants would purportedly host physical Bitcoin mining equipment at facilities it owned, which in turn would allow Plaintiff to mine and procure Bitcoin." *Id.* ¶ 7.

Plaintiff alleges that VBit Tech is a Delaware corporation and that VBit Mining, also a Delaware corporation, is a direct subsidiary of VBit Tech. *Id.* ¶¶ 16-17. Plaintiff further alleges that Advanced Mining "operates as the alter ego or instrumentality of VBit Tech, VBit Mining, and/or the Individual Defendants." *Id.* ¶ 18.

According to the Complaint, customers experienced delays in withdrawing Bitcoin from their virtual wallets in May 2022. *Id.* ¶ 101. Plaintiff alleges that on or around June 1, 2022, VBit/Advanced Mining stopped processing all withdrawals. *Id.* ¶ 102. Further, the Complaint alleges that Plaintiff's virtual wallets have been frozen since June 2022 and that Plaintiff cannot withdraw Bitcoin or process any transactions. *Id.* ¶ 103.

As alleged in the Complaint, Advanced Mining sent its customers an email on June 27, 2022 stating that it could "no longer service the United States market." *Id.* ¶ 110. According to the Complaint, Advanced Mining informed the U.S. customers that they would be able to keep their earnings but would have to "relinquish ownership of their mining hardware." *Id.* ¶ 111.  Plaintiff

then alleges that Plaintiff is still not able to withdraw Bitcoin from his virtual wallets in contrast to Defendants' alleged representations that Plaintiff would be able to withdraw at any time." *Id.* ¶ 114.

The only allegations in the Complaint that even remotely concern Ms. Vo are as follows:

(1) "Defendant Phuong D Vo a/k/a Katie Vo is an executive who was touted as an integral part of VBit's formation and development. Ms. Vo is married to Mr. Vo and resides at 1823 S. Dover Street, Philadelphia, Pennsylvania 19145. Ms. Vo exercised control over the Company Defendants and directed and/or authorized, directly or indirectly, the sale and solicitation of Mining Contract investments to the public." *Id.* ¶ 20.

(2) "Defendant Phuong Vo is credited with inspiring Mr. Danh Vo to launch VBit. She was a leader in the organization, and in a speech given at a 2019 gala to celebrate VBit's first year, referred to VBit as her 'child.'" *Id.* ¶ 45.

### III. MS. VO HAS NEVER BEEN AN OFFICER, DIRECTOR, OR MANAGING AGENT OF VBIT TECH, VBIT MINING, OR ADVANCED MINING

Ms. Vo has had only an administrative role at VBit Tech. Ms. Vo signed an Employment Contract with VBit Tech on or about December 28, 2018 for full-time employment starting on January 1, 2019. Declaration of Phuong "Katie" Vo ("Vo Decl."), ¶¶ 1, 3; Vo Decl., Ex. A ("Employment Contract"). This Employment Contract was specifically between VBit Tech and Phuong Vo (AKA Katie Vo). Vo Decl. ¶¶ 1, 3; Employment Contract. The Employment Contract identifies Ms. Vo's job as "permanent full-time employment with the Employer" with an internal job title of Operations Director. Vo Decl. ¶ 4; Employment Contract. At no point in time was Ms. Vo employed by VBit Mining or Advanced Mining. Vo Decl. ¶ 9; Employment Contract.

5

The scope of Ms. Vo's employment at VBit Tech was limited to an administrative role. Vo Decl. ¶¶ 1, 3; Employment Contract. Her Employment Contract details her administrative job duties as follows:

- Train members of the Admin support team;
- Lead the Admin team in their daily duties;
- Help answer customer support tickets; and
- Help develop training manuals for new hires on daily admin team processes.

Vo. Decl. ¶ 5; Employment Contract.

Further, Ms. Vo's Employment Contract states, "The Employee agrees to be employed on the terms and conditions set out in this [Employment Contract]. The Employee agrees to be subject to the general supervision of and act pursuant to the orders, advice and direction of the Employer." Vo Decl. ¶ 6; Employment Contract. Accordingly, Ms. Vo's role at VBit Tech was limited to an administrative-assistant role; Ms. Vo was not an officer, a director, or a manager at VBit Tech, as she was never given such authority. Vo Decl. ¶ 7-8; Employment Contract.

## ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fischbein v. Olson Rsch. Grp., Inc.*, 959 F.3d 559, 561 (3d Cir. 2020) (internal quotation marks and citation omitted). In addition, courts "disregard threadbare recitals of the elements of a

cause of action, legal conclusions, and conclusory statements." *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal quotation marks and citation omitted).

The "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, it is not appropriate for the court to assume that plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

I. **PLAINTIFF HAS NOT PROPERLY SERVED THE SUMMONS AND COMPLAINT ON MS. VO**

Pursuant to Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Further, Rule 4(e) makes clear that when serving an individual within the United States one of the following service methods must be used:

> (1) Following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1) & (2).

Most importantly, a plaintiff must serve a defendant within 90 days after the Complaint is filed. Fed. R. Civ. P. 4(m). If a defendant is <u>not</u> served within the 90-day requirement, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without

7

prejudice against that defendant or order that service be made within a specified time." *Id*. (Emphasis Added). Therefore, Ms. Vo brings this Motion to Dismiss to assert the defense set forth in Federal Rule of Civil Procedure 12(b)(5)—insufficient service of process.

Here, Plaintiff has never served Ms. Vo and Ms. Vo has never received any Summons and/or Complaint at any time. Vo Decl., ¶ 11. Moreover, Plaintiff's attempt to serve the Firm on behalf of Ms. Vo was plainly improper: Rather than serve Ms. Vo directly—as had been done in cases similar to this one (*see supra* note 1)—Plaintiff had the Complaint and the Summons served on the Firm, which was not authorized to accept service on Ms. Vo's behalf. Ex. 1; *Porter v. A.H.P. Settlement Trust*, 2021 WL 719716, at *3 (3d Cir. Feb. 23, 2021), *aff'd*, 2021 WL 3161433 (3d Cir. July 27, 2021) (affirming district court's dismissal under Rule 12(b)(5) where counsel for defendant was served despite "represent[ing] that his firm is not authorized to accept service of process on behalf of the [defendant]"). Accordingly, the Court should dismiss this action under Rule 12(b)(5) for improper service of process.

## II. MS. VO'S EMPLOYMENT WITH VBIT TECH DOES NOT LEAD TO LIABILITY AS TO VBIT TECH, VBIT MINING, OR ADVANCED MINING

Ms. Vo has never been an officer, director, or managing agent of VBit Tech, VBit Mining, or Advanced Mining.

### A. Ms. Vo Only Ever Had An Administrative Role At VBit Tech

Ms. Vo is not an officer of VBit Tech. The officers of a Delaware corporation, such as VBit Tech, are appointed (and removed) by the board of directors. Officers are in charge of managing the company day-to-day. According to the Delaware General Corporation Law ("DGCL"):

> (a) Every corporation organized under this chapter shall have such officers with such titles and duties as shall be stated in the bylaws or in a resolution of the board of directors which is not inconsistent with the bylaws and as may be necessary to enable it to sign

8

> instruments and stock certificates which comply with §§ 103(a)(2) and 158 of this title. One of the officers shall have the duty to record the proceedings of the meetings of the stockholders and directors in a book to be kept for that purpose. Any number of offices may be held by the same person unless the certificate of incorporation or bylaws otherwise provide.
> (b) Officers shall be chosen in such manner and shall hold their offices for such terms as are prescribed by the bylaws or determined by the board of directors or other governing body. Each officer shall hold office until such officer's successor is elected and qualified or until such officer's earlier resignation or removal. Any officer may resign at any time upon written notice to the corporation.

8 *Del. C.* § 142(a)-(b).

Ms. Vo is not a director of VBit Tech. The board of directors is the governing body of a Delaware corporation. According to the DGCL, the board of directors of a corporation shall consist of one or more members, each of whom shall be a natural person. The number of directors shall be fixed by, or in the manner provided in, the bylaws, unless the certificate of incorporation fixes the number of directors, in which case a change in the number of directors shall be made only by amendment of the certificate. Directors need not be stockholders unless so required by the certificate of incorporation or the bylaws. The certificate of incorporation or bylaws may prescribe other qualifications for directors. 8 *Del. C.* § 141(b).

A job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part. 29 C.F.R. § 541.2. Here, Ms. Vo's official position with VBit Tech was Operations Director. *See* Employment Contract. As an Operations Director, Ms. Vo's specific job duties included the following (in no particular order): 1) Train members of the admin support team; 2) lead the admin team in their daily duties; 3) help answer customer support tickets; and 4) help develop training manuals for new hires on daily admin team processes. *Id.* None of the foregoing administrative job duties

9

allowed Ms. Vo to have any access to or knowledge of the details of her former employer's executive or operation details. In essence, Ms. Vo was only able to work within the specific confines of her administrative job duties not just because of the clear terms set forth in her Employment Contract, but also because she did not and could not engage in any other duties due to her lack of knowledge in other areas of VBit Tech.

The job duties detailed in Ms. Vo's employment agreement clearly evidence a role involving administrative assistance to VBit Tech and are narrow in scope. Accordingly, Ms. Vo cannot be liable for any action or inaction by VBit Tech since she is not an officer, director, or managing agent of VBit Tech.

### B. Ms. Vo Has Never Been Employed By VBit Mining Or Advanced Mining

Ms. Vo's Employment Contract was specifically entered into with VBit Tech. Vo Decl., ¶ 3, Ex. A. The allegations in the Amended Complaint have nothing to do with Ms. Vo, an administrative employee of VBit Tech, who cannot assume any liability related to VBit Tech, VBit Mining, or Advanced Mining. Again, Ms. Vo is not an officer, director, or managing agent of VBit Tech and therefore cannot have liability imposed on her no matter what VBit Tech, VBit Mining, or Advanced Mining did or did not do as alleged in the Amended Complaint.

### C. Ms. Vo's Prior Marriage To Mr. Vo, The Co-Founder And Former CEO Of VBit Tech, Does Not Create Liability For Ms. Vo

Ms. Vo was once married to Mr. Vo, but was separated for some time and recently finalized her divorce from Mr. Vo. Vo Decl., ¶ 10. Needless to say, Ms. Vo's prior marital status has absolutely no relation to any allegations Plaintiff may or may not assert against any of the named Defendants, let alone against Ms. Vo. In fact, there is no such legal authority that allows one's prior marital status to be a requirement or even a factor to prove one's liability in a civil setting. Thus, Ms. Vo's

prior marital status cannot serve as any form of evidence that can somehow tie Ms. Vo to the instant matter.

### III. THIS COURT LACKS PERSONAL JURISDICTION OVER MS. VO AND THEREFORE ALL OF PLAINTIFF'S CLAIMS AGAINST MS. VO SHOULD BE DISMISSED

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the burden is on the plaintiff to make a prima facie showing that the exercise of personal jurisdiction over the nonresident defendants is authorized by Delaware's long-arm statute, 10 *Del. C.* § 3104, and is consistent with due process. *Oliver v. Galerman*, 2022 WL 287907, at *1 (Del. Super. Ct. Jan. 31, 2022). To satisfy its burden, "the plaintiff must adduce facts which 'establish with reasonable particularity' that jurisdiction over [the defendant] exists." *Nespresso USA, Inc. v. Ethical Coffee Co., SA*, 263 F. Supp. 3d 498, 502 (D. Del. 2017) (citation omitted).

#### A. Delaware's Long Arm Statute Does Not Authorize An Exercise Of Jurisdiction Over Ms. Vo, And, Therefore Any Exercise of Jurisdiction Violates Due Process

In determining whether to exercise personal jurisdiction over a defendant, the Court must engage in a two-step analysis: First, the court must examine whether the Delaware long-arm statute, 10 *Del. C.* § 3104, authorizes the exercise of jurisdiction over the defendant. *Max Daetwyler Corp. v. Meyer,* 762 F.2d 290, 293 (3d Cir. 1985); *Jeffreys v. Exten,* 784 F. Supp. 146, 150 (D. Del. 1992); Fed. R. Civ. P. 4(e). If the long-arm statute authorizes exercising jurisdiction, then the court must decide whether exercising jurisdiction comports with the requirements of the Due Process Clause. *Jeffreys*, 784 F. Supp. at 150.

Specifically, 10 *Del. C.* § 3104(c) identifies six scenarios in which Delaware Courts may exercise personal jurisdiction over a nonresident defendant. Those are that the nonresident:

> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply services or things in this State;
>
> (3) Causes tortious injury in the State by an act or omission in this State;
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
>
> (5) Has an interest in, uses or possesses real property in the State; or
>
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

The Complaint alleges, "Defendants used interstate commerce to advance their fraudulent scheme." Compl., ¶ 27. Importantly, this allegation, and the Complaint as a whole, fails to allege any acts by Ms. Vo specifically. Indeed, the Complaint barely mentions Ms. Vo at all. *See Id.* ¶¶ 20, 45. Therefore, the Complaint fails to allege any of the six scenarios as to Ms. Vo.

Here, the Complaint does not specify whether Ms. Vo has done or performed any "services" or transact any business **in the State of Delaware**. In fact, Ms. Vo's Employment Contract makes clear that her primary place of employment will be at a specified location in Pennsylvania with the following address: 1625 Washington Ave., Philadelphia, PA 19146. Vo Decl., ¶ 3, Ex. A. Correspondingly, Ms. Vo's place of residence has always been Pennsylvania throughout the relevant period. Vo Decl., ¶ 2. Plaintiff has not pled such specific and necessary facts that may satisfy any of the six scenarios set forth in 10 *Del. C.* § 3104(c) because they simply cannot allege such facts without resorting to deceit or factual fabrication. Accordingly, there is no need to go to the second step of the jurisdictional analysis as the Court cannot exercise personal

jurisdiction against Ms. Vo as such an exercise in violation of the Delaware long-arm statute would violate the requirements of due process. *SC Botanicals, LLC v. Intragenix Hldgs., LLC*, 2021 WL 2156503, at *5 (D. Del. May 27, 2021) ("Having found no statutory basis for personal jurisdiction, I do not need to consider whether the exercise of jurisdiction comports with due process.").

### IV.   THE COMPLAINT FAILS TO SATISFY FEDERAL RULE OF CIVIL PROCEDURE 8(a)

The Complaint improperly "group pleads" all of the defendants together—accusing them all of the same general negligent conduct—and therefore fails to put Ms. Vo on notice of the claims against her, as required by Federal Rule of Civil Procedure 8(a). Plaintiff's Complaint references the Defendants in three ways: (1) "Company Defendants" (*Id.* ¶ 1), (2) "Individual Defendants" (*Id.*), and (3) "Defendants" (*Id.*; *see generally* Compl.).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted if a court concludes that the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Although a complaint does not require detailed factual allegations, it must contain enough well-pleaded facts to show that the claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plaintiff must plead enough facts to "raise a reasonable expectation that discovery will reveal evidence of [the necessary element]," *Twombly*, 550 U.S. at 556. Although all well-pleaded factual allegations must be accepted as true, the court may disregard any legal conclusions couched as factual allegations. *Id.; Iqbal*, 556 U.S. at 678; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). If the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

Plaintiff's Complaint fails to separate out the liability for each Defendant. Instead, it lumps Defendants together as a group (Company Defendants, Individual Defendants, and Defendants are grouped together at various locations in the Complaint) and asserts general common factual allegations against all of them. There are 4 causes of action, and the elements related to these causes of action vary widely, from securities law violation claims to common-law unjust enrichment. Rather than specify which Defendants were responsible for which conduct, the Complaint merely states that all Defendants are liable in the enumerated ways. Without any additional guidance as to the Defendants themselves and what functions they performed, it is impossible to untangle Plaintiff's specific theory of liability against each individual Defendant.

Further, the mere fact that the Complaint recites the type of liability inducing conduct at issue does not place the parties sufficiently on notice of the claims against them. Although the misconduct is alleged with some specificity, Rule 8 is not satisfied because the allegations do not inform each Defendant of the particular claims against it. Moreover, lumping all Defendants together for different misconduct fails to demonstrate each defendant's individual liability. Without pleading how, if at all, Ms. Vo was involved with the alleged conduct at issue, the Complaint lacks sufficient facts from which to reasonably infer that Ms. Vo is actually responsible for any the alleged conduct at issue. See *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement [under Federal Rule of Civil Procedure 8(a)(2)] that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.").

V.  **MS. VO RESERVES HER RIGHT TO RAISE OTHER AVAILABLE DEFENSES BASED ON PLAINTIFF'S DEFICIENT PLEADING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(h)**

Ms. Vo specially appears to specifically challenge this Court's lack of personal jurisdiction over Ms. Vo as well as Plaintiff's blatant failure to properly serve the required Summons and Complaint on Ms. Vo. By doing so, Ms. Vo expressly reserves her right to assert other available defenses if the Court allows Plaintiff to re-file the Complaint and properly serve the Summons and Complaint on Ms. Vo at which time, Ms. Vo may elect to file another Motion to Dismiss based on other available defenses. Fed. R. Civ. P. 12(h).

## CONCLUSION

For the foregoing reasons, Ms. Vo respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

Dated: November 15, 2023

*/s/ Griffin A. Schoenbaum*
Travis S. Hunter (#5350)
Griffin A. Schoenbaum (#6915)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
hunter@rlf.com
schoenbaum@rlf.com

*Attorneys for Defendant Phuong D Vo a/k/a Katie Vo*

15