# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER PELHAM, Individually and on Behalf of All Other Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, LILLIAN ZHAO, and JOHN DOE INDIVIDUALS 1-10, and DOE COMPANIES 1-10, <br><br> Defendants. | C.A. No. 23-162-CFC-SRF |

## REPLY BRIEF IN SUPPORT OF DEFENDANT PHUONG D. VO A/K/A KATIE VO'S MOTION TO DISMISS

OF COUNSEL:

Mitchell S. Kim
Danielle M. Mayer
BUCHALTER
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017
(213) 891-0700
mkim@buchalter.com
dmayer@buchalter.com

Travis S. Hunter (#5350)
Griffin A. Schoenbaum (#6915)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
hunter@rlf.com
schoenbaum@rlf.com

*Attorneys for Defendant Phuong D Vo a/k/a Katie Vo*

Dated: December 6, 2023

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................................i

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    LEAD PLAINTIFF HAS NOT PROPERLY SERVED THE SUMMONS AND COMPLAINT ON MS. VO ....................................................................... 2

    II.    THIS COURT LACKS PERSONAL JURISDICTION OVER MS. VO AND, THEREFORE, ALL OF LEAD PLAINTIFF'S CLAIMS AGAINST MS. VO SHOULD BE DISMISSED ...................................................................... 3

    III.    THE COMPLAINT FAILS TO SATISFY FEDERAL RULE OF CIVIL PROCEDURE 8(a) ............................................................................................ 4

    IV.    MS. VO RESERVES HER RIGHT TO RAISE OTHER AVAILABLE DEFENSES BASED ON LEAD PLAINTIFF'S DEFICIENT PLEADING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(h) .................. 5

CONCLUSION ............................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Arunachalam v. Int'l Bus. Machines Corp.*,
  2021 WL 7209362 (D. Del. Dec. 29, 2021) ............................................................................. 4

*LG Electronics, Inc. v. ASKO Appliances, Inc.*,
  2009 WL 1811098 (D. Del. June 23, 2009) ............................................................................ 3

*Marlabs Inc. v. Jakher*,
  2010 WL 1644041 (D.N.J. Apr. 22, 2010) ............................................................................. 3

*Pfizer Inc. v. Sandoz Inc.*,
  2010 WL 256548 (D. Del. Jan 20, 2010) ................................................................................ 3

*Prediction Co. LLC v. Rajgarhia*,
  2010 WL 1050307 (S.D.N.Y. March 22, 2010) ..................................................................... 3

**STATUTES & RULES**

Fed. R. Civ. P. 4(c)(1) ..................................................................................................................... 2

Fed. R. Civ. P. 8(a) ................................................................................................................. 1, 2, 4

Fed. R. Civ. P. 12(b)(2) ................................................................................................................... 3

Fed. R. Civ. P. 12(b)(5) ............................................................................................................... 1, 2

Fed. R. Civ. P. 12(h) ....................................................................................................................... 5

## INTRODUCTION

Plaintiff Parker Pelham's, or now apparently substituted or replaced with Lead Plaintiff Alisha McKellar ("Lead Plaintiff"), response to Defendant Phuong D. Vo a/k/a Katie Vo's ("Ms. Vo") Motion to Dismiss appears to be an admission rather than an opposition. Lead Plaintiff appears to acknowledge her failure to serve Ms. Vo with the required Summons and Complaint. Rather than having proactively sought leave to serve the Summons and Complaint on Ms. Vo's counsel or other available alternatives, Lead Plaintiff only now requests for such a procedural exception—*after* Ms. Vo has already moved to dismiss the Complaint. This tardy effort to remedy a major procedural deficiency is a prime reason as to why a Rule 12(b)(5) exists.

Further, Ms. Vo is not "mistaken about the timeliness of the summons" when Ms. Vo has never been part of the service list in this case and had no knowledge or notice as to if or when Lead Plaintiff made a motion to be appointed as the lead plaintiff and later became appointed as the lead plaintiff. Likewise, Ms. Vo had no idea that Rosen Law was appointed as interim lead counsel because, once again, Ms. Vo was never served with any summons and/or complaint in this matter and, therefore, did not receive filing notifications. Also, if it is indeed true that Lead Plaintiff made "at least four separate attempts to serve Ms. Vo" but failed to serve her, Lead Plaintiff should have proactively sought leave from this Court to obtain an alternative method of service. D.I. 23 ("Opp."). Instead, Lead Plaintiff has failed to take any action since at least July of 2023 and only now asks the Court to disregard Ms. Vo's Motion to Dismiss just because Ms. Vo somehow could not be served. Lead Plaintiff's conduct, in contrast to the assertions in Lead Plaintiff's response to Ms. Vo's Motion to Dismiss, simply does not add up.

Similarly, Lead Plaintiff appears to acknowledge her failure to satisfy Federal Rule of Civil Procedure 8(a) and reliance on deficient group pleading by emphasizing her proposed plan to

amend the Complaint. Lead Plaintiff fails to provide any legal basis as to how she satisfied Rule 8(a), instead relying on generality or common pleading practice to seek excuse for her clear pleading deficiency. *See* Opp. at 7. Based on this representation alone, Ms. Vo's Motion to Dismiss should be granted in its entirety. Thus, Lead Plaintiff's admissions through her response to Ms. Vo's Motion to Dismiss further support Ms. Vo's arguments set forth in her Motion to Dismiss to cause the granting of the Motion to Dismiss.

## ARGUMENT

**I.   LEAD PLAINTIFF HAS NOT PROPERLY SERVED THE SUMMONS AND COMPLAINT ON MS. VO**

Lead Plaintiff does ***not*** deny the simple truth that Ms. Vo has ***never*** been served with any Summons or Complaint in the instant matter. *See* Opp. at 1-3. Rather, Lead Plaintiff seeks permission or exception by this Court to allow service of the Summons and Complaint on Ms. Vo's counsel. The timing of this request, however, is deeply concerning. According to Lead Plaintiff, she was appointed as lead plaintiff of the class and Rosen Law as interim lead counsel back on July 5, 2023. *See* Opp. at 1. It has been more than ***four (4) months*** since the foregoing appointment of Lead Plaintiff and interim lead counsel, and no action had been taken by Lead Plaintiff or her counsel to seek any alternative ways to serve Ms. Vo. Now after more than 4 months and Ms. Vo having already filed her Motion to Dismiss based on Rule 12(b)(5), Lead Plaintiff attempts to simply disregard Ms. Vo's Motion and seek a tardy leave to alternatively serve Ms. Vo. Lead Plaintiff's excessively delayed response is inexcusable and this Court should not tolerate such conduct. In fact, Lead Plaintiff filed her response to Ms. Vo's Motion to Dismiss on November 29, 2023, or 127 days ***after*** Lead Plaintiff herself states to have obtained the Summons for Ms. Vo. Rule 4(c)(1) mandates proper service of a summons and complaint upon a defendant within 120 days of its filing with the court. Fed. R. Civ. P. 4(c)(1). Yet, as of the date of this filing,

neither the Summons nor the Complaint has been served on Ms. Vo. Thus, Ms. Vo's Motion to Dismiss must be granted based under the plain meaning of the rule.

Further, legal authorities primarily relied on by Lead Plaintiff are entirely distinguishable and thereby not applicable to the specific circumstances concerning Ms. Vo. For example, *Marlabs Inc. v. Jakher*, 2010 WL 1644041 (D.N.J. Apr. 22, 2010), *Prediction Co. LLC v. Rajgarhia*, 2010 WL 1050307 (S.D.N.Y. March 22, 2010), and *LG Electronics, Inc. v. ASKO Appliances, Inc.*, 2009 WL 1811098 (D. Del. June 23, 2009) all concern service on **foreign defendants** that are located in foreign countries, such as India and South Korea. *See* Opp. at 3. None of the legal authorities cited by Lead Plaintiff concern service of process on a defendant located in the United States where such defendant is also challenging personal jurisdiction. *Id*. Therefore, Lead Plaintiff fails to provide any substantive legal basis to warrant the Court's consideration of Lead Plaintiff's tardy attempt to seek an alternative method of service on Ms. Vo.

**II.   THIS COURT LACKS PERSONAL JURISDICTION OVER MS. VO AND, THEREFORE, ALL OF LEAD PLAINTIFF'S CLAIMS AGAINST MS. VO SHOULD BE DISMISSED**

Lead Plaintiff cannot rely on *Pfizer Inc. v. Sandoz Inc.*, 2010 WL 256548 (D. Del. Jan 20, 2010) to argue that this Court somehow has personal jurisdiction over Ms. Vo. *See* Opp. at 6. In contrast to Lead Plaintiff's belief, Ms. Vo has made a similar Rule 12(b)(2) defense and arguments through a Motion to Dismiss in the *Dettmering* Action. D.I. 34, 141. Therefore, the *Sandoz Inc.* matter is inapplicable to the issue at hand.

Likewise, *Snowstorm Acquisition Corp. v. Tecumseh Products Co.* is distinguishable and not applicable to the matter at hand because Lead Plaintiff must—but has failed to—"produce 'sworn affidavits or other competent evidence,' since a Rule 12(b)(2) motion 'requires resolution of factual issues outside the pleadings.'" 739 F.Supp.2d 686, 698 (D. Del. Sep. 21, 2010) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.Supp.2d 61, 67, n.9 (3d Cir. 1984)).

Although such evidence is required, Lead Plaintiff fails to provide any competent evidence that shows that Ms. Vo had even "very little" contacts in a corporate capacity. *See Generally* Opp. As stated through the Motion to Dismiss, Ms. Vo has always been a resident of Pennsylvania and never performed any work for VBit or any other Defendant in Delaware during the relevant time period. Thus, Lead Plaintiff fails to show that this Court has personal jurisdiction over Ms. Vo.

### III.  THE COMPLAINT FAILS TO SATISFY FEDERAL RULE OF CIVIL PROCEDURE 8(a)

All that Lead Plaintiff states in response to Ms. Vo's Motion to Dismiss is simply that an Amended Complaint is expected to be filed. For this reason, Lead Plaintiff argues that Ms. Vo's Motion to Dismiss based on group pleading is "premature." *See* Opp. at 7. Once again, Lead Plaintiff fails to provide any viable legal basis or authority that would allow this Court to even consider her contentions. And once again, Lead Plaintiff seeks to evade the legal effects of a Motion to Dismiss, counting on this Court to overlook Lead Plaintiff's continued procedural and substantive pleading deficiencies.

Interestingly, Lead Plaintiff appears to acknowledge that she did, in fact, engage in group pleading but tries to explain that such group pleading is a "sensible way to organize specific allegations against relevant defendants, and is often used in securities class action complaints." *See* Opp. at 7. An admission without fault cannot exist in this case. Given Lead Plaintiff's express acknowledgement of her group pleading, the mere fact that other alleged plaintiffs engaging in similar pleading deficiency cannot justify Lead Plaintiff's failure to comply with Rule 8(a). Without providing sufficient notice of her claims, Ms. Vo cannot legally respond consistent with her fundamental due process rights. Thus, Lead Plaintiff has failed to provide any viable arguments to deny that her Complaint fails to satisfy Rule 8(a). *See Arunachalam v. Int'l Bus. Machines Corp.*, 2021 WL 7209362, at *8 (D. Del. Dec. 29, 2021) (citations omitted) ("[I]n many

instances the Amended Complaint fails to link claims to specific defendants, and constitutes impermissible group pleading.").

### IV. MS. VO RESERVES HER RIGHT TO RAISE OTHER AVAILABLE DEFENSES BASED ON LEAD PLAINTIFF'S DEFICIENT PLEADING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(h)

To further emphasize, Ms. Vo has appeared in this case specifically to challenge this Court's exercise of personal jurisdiction over Ms. Vo and Plaintiff's failure to properly serve the Summons and Complaint on Ms. Vo.  Even so, Ms. Vo expressly reserves her right to assert other available defenses if the Court allows Lead Plaintiff to re-file the Complaint and properly serve the Summons and Complaint on Ms. Vo, at which time Ms. Vo may elect to file another Motion to Dismiss based on other available defenses.  Fed. R. Civ. P. 12(h).

### CONCLUSION

For the foregoing reasons, Ms. Vo respectfully requests that the Court grant Ms. Vo's Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

Dated: December 6, 2023

*/s/ Griffin A. Schoenbaum*
Travis S. Hunter (#5350)
Griffin A. Schoenbaum (#6915)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
hunter@rlf.com
schoenbaum@rlf.com

*Attorneys for Defendant Phuong D Vo a/k/a Katie Vo*