UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER PELHAM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO A/K/A DON VO, PHUONG D VO A/K/A KATIE VO, SEAN TU, JIN GAO, LILLIAN ZHAO, AND JOHN DOE INDIVIDUALS 1-10, AND DOE COMPANIES 1-10,<br><br>Defendants. | C.A. No.: 23-cv-162-JLH-SRF<br><br>CLASS ACTION |

### MOTION OF ALISHA MCKELLAR FOR LEAVE TO FILE THE FIRST AMENDED COMPLAINT

Lead Plaintiff Alisha McKellar a/k/a Alisha Lee ("Plaintiff" or "Ms. McKellar") respectfully moves for leave to file the First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and Local Rule 15.1. A copy of the proposed First Amended Complaint is attached as Exhibit A and a redline version is attached as Exhibit B.

### BACKGROUND

This action was commenced on February 13, 2023 against the Company and certain of its officers and directors, alleging violations of the Securities Act of 1933 (the "Securities Act") and Securities Exchange Act of 1934 (the "Exchange Act").

1

(D.I. 1). On April 17, 2023, class members, including Plaintiff, submitted motions for lead plaintiff appointment. (D.I. 7-12). On July 5, 2023, Ms. McKellar was appointed lead plaintiff, and The Rosen Law Firm, P.A. was appointed lead counsel. (D.I. 16-17). Counsel for defendant Phuong D Vo ("Ms. Vo") made an appearance in this case for the first time on December 7, 2023. (D.I. 26). Counsel for defendant Jin Gao ("Mr. Gao") made an appearance in this case for the first time on February 26, 2024. (D.I. 28). No other defendants have made an appearance in this case.

As a preliminary matter, Ms. McKellar has not yet filed a complaint in this action. She did not file the initial complaint—this amended complaint would be the first complaint she files. Furthermore, no defendants oppose this amendment. Counsel for Ms. Vo has stated that Ms. Vo does not oppose the amendment so long as it did not moot Ms. Vo's motion to dismiss. Plaintiff does not intend for the amended complaint to moot Ms. Vo's motion to dismiss. Counsel for Mr. Gao has stated that Mr. Gao does not take a position on the amendment.

Additionally, although Ms. Vo does not oppose the amendment, counsel for Ms. Vo did not respond when asked to sign a joint stipulation to amend the complaint. As such, Ms. McKellar is filing this motion to amend the complaint.

## **LEGAL STANDARD**

Under Fed. R. Civ. P. 15(a)(2), absent opposing party's written consent,

amending a pleading requires "the court's leave," which "[t]he court should freely give when justice so requires." *See also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("Leave to amend must generally be granted unless equitable considerations render it otherwise unjust."). Equitable considerations to deny leave to amend include "undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). The decision to grant leave to amend is in the discretion of the District Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Third Circuit has "adopted a liberal approach to the amendment of pleadings" and recognizes that "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Arthur*, 434 F.3d at 204 (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)).

## ARGUMENT

The Court should grant Plaintiff's request for leave to amend. Plaintiff has good cause for amendment, and there are no factors for denial.

### 1. Good Cause Exists for Amendment

It is customary in private securities class actions for lead plaintiff to file an amended complaint. *See*, *In re Plug Power Inc. Sec. Litig.*, Case No. 1:23-cv-00409-JLH, D.I. 32, 33 (D. Del.); *Pasquinelli et al. v. Humbl, LLC. et al.*, Case No. 1:23-cv-00743-JLH, D.I. 8, 23 (D. Del.); *see also*, *Crews, Jr. v. Rivian Automotive,*

3

*Inc., et al.*, Case No. 2:22-cv-01524-JLS-E, D.I. 118, 125 (C.D. Cal.); *Chen v. Missfresh Limited, et al.*, Case No. 1:22-cv-09836-JSR, D.I. 34 (S.D.N.Y.). Upon appointment, lead plaintiffs often stipulate with defendants a schedule for amending the complaint and briefing the motion to dismiss. This is often the case because the initial-filed complaints, while adequate, do not always contain the most detailed allegations due to the lead plaintiff appointment process for private securities class actions, which discourages the initial filer from committing too much time and resources into a case they may not lead. As such, upon appointment, lead plaintiffs often undertake a more rigorous and detailed investigation of the case and file an amended complaint afterwards.

In this case, only two individual defendants have made an appearance, and one of them only within the last four months. Numerous defendants, including Advanced Mining Group, have yet to make an appearance. Advanced Mining Group's absence is inexcusable as they have been served at their purported primary place of business. It is impossible to stipulate a schedule without all parties present. As such, and in line with customary practices in private securities class actions, Plaintiff now seeks leave to amend the initial complaint—indeed, the first complaint to be filed by the court-appointed lead plaintiff.

2. **There Is No Delay, Much Less "Undue Delay"**

As set forth above, this case is at a very early stage. Since appointment as lead

plaintiff, Ms. McKellar has worked to serve the defendants, respond to a motion to dismiss, and investigated the facts of the case to bolster the claims on behalf of the class. In light of Plaintiff's continued efforts to litigate the case, there is no delay, let alone undue delay. *See*, *Vaughn v. State of Delaware Department of Insurance*, 2022 WL 2390182, at *4 (D. Del. July 1, 2022) (citing *Arthur*, 434 F.d at 205 (collecting cases)) (holding that delays of nearly a year is not unreasonable).

### 3. There Is No Prejudice to Non-Moving Parties

The case is still in the pleadings phase, no scheduling order has been set, and discovery has not yet begun. Non-moving parties will not be prejudiced by amendment at such an early stage. *Cf.*, *e.g.*, *TQ Delta, LLC v. 2Wire, Inc.*, 2019 WL 1863269, *3-*4 (D. Del. 2019) (denying leave to amend complaint filed "over a year and a half after the scheduling order deadline, after the completion of summary judgment, and just two weeks before the … trial is scheduled to begin[.]").

Counsel for Ms. Vo have stated she does not oppose the motion to amend so long as Ms. Vo's motion to dismiss is not mooted. Plaintiff does not intend for the First Amended Complaint to moot Ms. Vo's motion to dismiss. Ms. Vo's non-opposition to the motion is evidence that there will be no prejudice to Ms. Vo.

Mr. Gao takes no position on filing the amended complaint. Therefore, Mr. Gao will not be prejudiced by the filing of the amended complaint.

### 4. The Request Is Made in Good Faith

The First Amended Complaint will be the first complaint filed by Ms. McKellar in this case. As previously discussed, the initial complaint, filed by Parker Pelham, is adequate, but Ms. McKellar, by and through her counsel, conducted additional research and investigations to strengthen the claims on behalf of the class. Whereas in more customary private securities class actions, Plaintiff would have stipulated a schedule for amendment and briefing the motion to dismiss, the unique circumstances in this case prevented Plaintiff from such a stipulation. As such, Plaintiff now makes this motion in good faith to amend the initial complaint, a practice found in virtually every private securities class action cases.

### 5. Amendment Is Not Futile

The initial complaint has not yet been tested by a motion to dismiss on merits. Furthermore, as previously discussed, this would be Ms. McKellar's first filed complaint, which is customarily agreed upon by the parties in virtually every private securities class action. The First Amended Complaint contains new facts to support the case. Therefore, amendment would not be futile.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the First Amended Complaint.

Dated: July 11, 2024                    Respectfully submitted,

                                                **FARNAN LLP**

/s/ Brian E. Farnan
Brian E. Farnan, Esq. (Bar No. 4089)
Michael J. Farnan, Esq. (Bar No. 5165)
919 North Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*Liaison Counsel for*
*Plaintiff and the Class*

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*Lead Counsel for Plaintiff and the Class*