IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PARKER PELHAM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 23-162-JLH-SRF |
| VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, LILLIAN ZHAO, and JOHN DOE INDIVIDUALS 1-10, and DOE COMPANIES 1-10, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION[1]

Presently before the court in this civil action for violations of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act") are the following motions: (1) a motion to dismiss for lack of personal jurisdiction, insufficient service of process, and failure to state a claim under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6), respectively, which was filed by defendant Phuong D Vo a/k/a Katie Vo ("Vo"), (D.I. 19);[2] and (2) the motion of lead plaintiff Alisha McKellar ("Plaintiff" or "McKellar") for

---

[1] This ruling is styled as a Report and Recommendation because it addresses a dispositive motion to dismiss filed by defendant Phuong D Vo a/k/a Katie Vo. (D.I. 19) Under Rule 72(b), the court's recommendation on the motion to dismiss is subject to *de novo* review. Fed. R. Civ. P. 72(b). However, the pending motion to amend is non-dispositive and may be resolved by the undersigned judicial officer pursuant to Rule 72(a) in a decision subject to the clearly erroneous standard of review. *See Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016) (finding a magistrate judge's denial of a motion for leave to amend was nondispositive). Consequently, the portion of this ruling addressing the motion to amend should be considered as a Memorandum Order.

[2] The briefing and filings associated with Katie Vo's pending motion to dismiss are found at D.I.

leave to file a first amended complaint. (D.I. 31) Plaintiff's motion to amend is GRANTED because it is substantively unopposed. I recommend that the court DENY without prejudice to renew Katie Vo's motion to dismiss and Plaintiff's cross-motion to allow alternative service.

## I. BACKGROUND

This putative class action for violations of federal securities laws was brought on February 13, 2023. (D.I. 1) McKellar was appointed lead plaintiff on July 5, 2023. (D.I. 16; D.I. 17) The original complaint was not filed by McKellar.

Vo and Jin Gao ("Gao") are the only defendants who have entered an appearance in this case. (D.I. 26; D.I. 28; D.I. 29) On November 15, 2023, Vo filed a motion to dismiss the original complaint for lack of personal jurisdiction, insufficiency of service of process, and failure to state a claim upon which relief can be granted. (D.I. 19) Gao has not answered or otherwise responded to the original complaint.

Plaintiff filed the pending motion for leave to amend the complaint on July 11, 2024. (D.I. 31) The proposed amendments add substantive details to the complaint's factual allegations that were revealed in the investigation following the appointment of McKellar as lead plaintiff. (*Id.* at 4; Ex. B) Plaintiff also seeks to add VBit DC Corp. as a defendant. (*Id.*, Ex. B)

Vo and Gao raise no substantive opposition to the pending motion to amend. (*Id.* at 5; D.I. 32) Vo stated she does not oppose the motion to amend so long as her pending motion to dismiss is not mooted. (D.I. 31 at 5) Gao took no position on Plaintiff's proposed amended pleading. (*Id.*) The deadline for any answering brief opposing Plaintiff's motion for leave to amend expired on July 25, 2024, and no opposition was filed. (D.I. 32)

---

20, D.I. 21, D.I. 22, D.I. 23, D.I. 24, and D.I. 25. Contained within Plaintiff's answering brief at D.I. 23 is a cross-motion to allow alternative service, which was not separately briefed.

## II. ANALYSIS

Plaintiff's motion for leave to amend is GRANTED. (D.I. 31) Rule 15(a)(2) provides that the court should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the court. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Vo and Gao have raised no opposition to the substantive amendments in the proposed amended pleading. Because there has been no showing of undue delay, bad faith, dilatory motive, prejudice, or futility, there is no basis to deny Plaintiff's motion for leave to amend.

Having granted the motion for leave to amend the complaint, I recommend that the court DENY without prejudice Vo's motion to dismiss and Plaintiff's cross-motion to allow alternative service. This recommendation is consistent with proper civil procedure, and the termination of Vo's pending motion to dismiss is without prejudice. The motion to dismiss may be renewed in response to service of the amended complaint. *See Davis v. Spicer*, C.A. No. 21-874-SRF, 2022 WL 607481, at *5 (D. Del. Mar. 1, 2022) (citing *Std. Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp. 232, 239-40 (D. Del. 1992)); *see also CoolTVNetwork.com, Inc. v. Facebook, Inc.*, C.A. No. 19-292-LPS-JLH *et al.*, 2020 WL 1164224, at *2 (D. Del. Mar. 11, 2020). Vo may choose to adopt her prior briefing on the motion to dismiss, amend the briefing to address the newly-raised substantive allegations in the amended complaint, or pursue some other chosen course of action, but any renewed motion must be directed to the operative pleading.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend the complaint is GRANTED. (D.I. 31) Plaintiff shall docket the amended complaint on or before July 29, 2024 and shall serve the newly-added defendant with the amended pleading in accordance with the

Federal Rules of Civil Procedure. I recommend that the court DENY Katie Vo's motion to dismiss and Plaintiff's cross-motion to allow alternative service without prejudice to renew. (D.I. 19; D.I. 23)

The court's decision on Plaintiff's motion for leave to amend is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). (D.I. 31) The Report and Recommendation on Katie Vo's motion to dismiss and Plaintiff's cross-motion to allow alternative service is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. (D.I. 19; D.I. 23) The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72. The objections and responses to the objections are limited to four (4) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: July 26, 2024

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE