IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PARKER PELHAM, Individually and on Behalf of All Others Similarly Situated, | : : : : | |
| Plaintiff, | : : : | |
| v. | : : : | C.A. No.: 1:23-cv-00162-JLH-SRF |
| VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D. VO a/k/a KATIE VOE, SEAN TU, JIN GAO, LILLIAN ZHAO, JOHN DOE INDIVIDUALS 1-10, and DOE COMPANIES 1-10, | : : : : : : : : : : : | |
| Defendants. | : : : | |

**DEFENDANT JIN GAO'S MOTION TO DISMISS
FOR LACK OF SERVICE AND PERSONAL JURISDICTION**

Defendant Jin Gao ("Mr. Gao") moves, pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(2), and 12(b)(4), to dismiss the Amended Class Action Complaint (the "Complaint") filed by Plaintiffs.

**I.   INTRODUCTION.**

1. Gao has yet to be served, despite the fact that the Plaintiffs initiated this lawsuit on February 13, 2023—*approximately 1.5 years ago*. (Dkt. 1). Accordingly, under Federal Rule of Civil Procedure 4(m), the Court "**must** dismiss the action without prejudice against [Mr. Gao] or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Because lack of proper service is a threshold issue that warrants dismissal in and of itself, the present Motion is directed primarily to that issue. However, Mr. Gao also includes an argument

based on lack of personal jurisdiction so as to preserve it. Mr. Gao reserves the right to move for dismissal of the Complaint on other grounds in the event he is ever properly served in this action.

## II.     FACTUAL BACKGROUND.

2.     Mr. Gao resides at his home (the "Residence") in Philadelphia, PA. (Ex. 1, Gao Aff. ¶ 12). He maintains a Ring Home Security Doorbell (the "Ring Doorbell") at his Residence that records video footage of the area around the Residence's front door. (*Id.*)

3.     On March 7, 2023, the Ring Doorbell recorded video footage of a process server attempting to serve copies of documents related to this action. (*Id.* at ¶ 13). The footage shows that the process server came to the front door of the Residence, rang the doorbell, and then left documents near the front door before leaving.[1] (*Id.*)

4.     Mr. Gao does not recall for certain whether he was at the residence at the time the process server left the aforementioned documents at the Residence. (*Id.* at ¶ 14). However, Mr. Gao certainly was not aware of the process server's presence at the Residence at the time. (*Id.*)

5.     Indeed, Mr. Gao has no recollection of hearing the process server ring the doorbell. (*Id.*) Regardless, Mr. Gao does not usually answer the door when the doorbell rings unless he is expecting someone. (*Id.* at ¶ 15). This is because he receives package deliveries frequently (*e.g.*, from Amazon), and the delivery persons typically ring the doorbell and leave such packages at the Residence's front door. (*Id.*) Mr. Gao then retrieves those packages at his own leisure. (*Id.*).

6.     Despite the demonstrable fact that the process server merely left certain documents at Mr. Gao's front door—as opposed to personally serving Mr. Gao—the Plaintiffs filed a Return of Service on March 17, 2023 falsely stating that Mr. Gao was allegedly "personally served." (Dkt. 6). However, video evidence from the Ring Doorbell proves this statement is false.

---

[1]     A copy of the video footage is included with the courtesy copies of this filing.

7. On April 5, 2023, almost seventeen (17) months ago, Mr. Gao's counsel informed Plaintiffs' counsel of this deficiency, and provided said counsel with a link to the video footage from the Ring doorbell:

> From: Ratchick, Scott M. <Scott.Ratchick@CHAMBERLAINLAW.COM>
> Sent: Wednesday, April 5, 2023 4:32 PM
> To: joe@christensendougherty.com
> Cc: Sam Hirzel <shirzel@hegh.law>; Kelly Rowe <KRowe@hegh.law>; Guin, John C. <John.Guin@chamberlainlaw.com>
> Subject: Pelham v. VBit, et al. -- Invalid Service of Process on Jin Gao
>
> Joe,
> Thanks for taking a few minutes to speak with me today. As we discussed, we, along with Sam Hirzel and Kelly Rowe of the firm Heyman Enerio Gattuso Hirzel, represent Jin Gao, who has been named as a defendant in the above-referenced action. We recently saw that you filed a Return of Service on which a process server, Timothy Weldon, attested that he personally served Mr. Gao on March 7, 2023. That in fact did not occur. Instead, the process server simply stuck a copy of the complaint in the outside door handle and then left. The following is a link to the Ring video that demonstrates what happened.

(Ex. 2, April 2023 Email Chain Between S. Ratchick and J. Christensen). Plaintiffs' counsel did not respond substantively to this email. (*Id.*) Thus, on May 9, 2023, Mr. Gao's counsel followed up and asked whether Plaintiffs' counsel had "[spoken] with the process service about the purported service of process that we showed on the Ring video"? (*Id.*). Plaintiffs' counsel never responded to this email.

8. Further, despite knowing about the deficiencies with the process server's purported service on Mr. Gao, the Plaintiffs have made no efforts to correct those deficiencies. Indeed, no process server has attempted to serve Mr. Gao in relation to this action since the single, deficient attempt on March 7, 2023—*almost a year and a half ago*.

9. Implicitly recognizing the deficiencies with his first attempt at serving Mr. Gao, the Plaintiffs later filed a second "Proof of Service" as to Mr. Gao on October 25, 2023. (Dkt. 18 at 6). This Proof of Service, however, nonsensically states that the Plaintiffs served Mr. Gao through the managing agent of VBit Technologies Corp., which is patently ineffective because Mr. Gao is not, and never has been, an officer or director of VBit Technologies Corp.

### III. LEGAL ARGUMENT AND SUPPORTING AUTHORITIES.

#### A. The Complaint Should Be Dismissed Against Mr. Gao For Lack Of Service.

10. To serve an individual residing in the United States, the plaintiff must do one of the following:

(A) deliver[] a copy of the summons and of the complaint to the individual personally;

(B) leav[e] a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) deliver[] a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Simply leaving a copy of the summons and complaint at the door to a defendant's residence is *not* proper service under Rule 4(e), unless the defendant has actively evaded service. *See, e.g., Miller v. Four Peaks Logistics LLC*, 2023 WL 7301870, at *4 (D. Ariz. Nov. 6, 2023) ("Generally speaking, leaving documents at the door is insufficient to effect service of process."); *see also World Entm't Inc. v. Brown*, 487 Fed. Appx. 758, 761 (3d Cir. 2012) ("Leaving papers in the defendant's physical proximity is usually sufficient if (1) defendant **actively evades service**, and (2) there is clear evidence that the defendant actually received the papers at issue when allegedly served.") (emphasis added).

11. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—**must** dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Relatedly, a defendant may assert the defense of insufficient service of process through a Rule 12(b) motion. Fed. R. Civ. P. 12(b)(5).

12. To date, the Plaintiffs have failed to serve Mr. Gao using any of the methods authorized by Rule 4(e)—even though *roughly 1.5 years* have elapsed since the initiation of this

4

lawsuit. Rather, Plaintiffs incorrectly claim that they "served" Mr. Gao using the following *impermissible* methods:

(1) By hiring a process server, who improperly left a copy of the Complaint at Mr. Gao's front door on or about March 7, 2023. (Dkt. 6). Plainly, this conduct does *not* qualify as "delivering a copy of the summons and of the complaint **to the individual personally**," as required by Rule 4(e)(A), and there is no evidence or even suggestion that Mr. Gao actively evaded service. *See, e.g., Miller*, 2023 WL 7301870, at *4 ("Generally speaking, leaving documents at the door is insufficient to effect service of process.").

(2) By nonsensically "serving" a copy on the registered agent for VBIT Technologies Corp., which is a separate corporate Defendant and is obviously *not* Mr. Gao. (Dkt. 18 at 6). Rule 4(e) does not allow for service on individuals in this manner. Moreover, Mr. Gao is not, and never has been, an officer or director of VBIT Technologies Corp. subject to 8 *Del. C.* 3114 for proceedings enumerated in the director and officer consent statute.

13. As demonstrated by Rule 4(e) and the above-cited legal authorities, neither of these methods are permissible forms of service. Accordingly, under Rule 4(m), the Court "**must** dismiss the action without prejudice against [Mr. Gao] or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

### B. The Complaint Should Be Dismissed Against Mr. Gao For Lack Of Personal Jurisdiction.

14. "Once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Truinject Corp. v. Nestle Skin Health, S.A.*, No. CV 19-592-LPS-JLH, 2019 WL 6828984, at *7 (D. Del. Dec. 13,

2019) (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)). "To meet this burden, [the plaintiff] must adduce facts which establish with reasonable particularity that jurisdiction over [the defendant] exists." *Aladdin Knowledge Sys. Ltd. v. Feitian Techs. Co.*, 2006 WL 8432749, at *3 (D. Del. Feb. 24, 2006) (internal quotation marks and citations omitted). "A determination of whether personal jurisdiction exists over a party may be accomplished either after a preliminary hearing or based solely on submitted affidavits and other sworn documents or testimony." *Newspan, Inc. v. Hearthstone Funding Corp.*, 1994 WL 198721, at *3 (Del. Ch. May 10, 1994).

15. To demonstrate personal jurisdiction, "plaintiffs must show facts sufficient to satisfy not only Delaware's long arm statute, but also constitutional due process." *Newspan, Inc. v. Hearthstone Funding Corp.*, 1994 WL 198721, at *4 (Del. Ch. May 10, 1994). "The determination of personal jurisdiction thus mandates that the court follow a two part test: [1] the defendants' alleged activities must fall into those enumerated in Delaware's long arm statute, 10 *Del. C.* § 3104 . . . and [2] the exercise of jurisdiction over the defendants must comport with traditional notions of fair play and substantial justice as required by the Due Process Clause of the Fourteenth Amendment." *Id.*

16. The second part of this test focuses on whether the Defendant has sufficient "minimum contacts" with the forum state. *Newspan, Inc. v. Hearthstone Funding Corp.*, 1994 WL 198721, at *4 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Minimum contacts" requires "that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws." *Newspan*, 1994 WL 198721, at *5 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

17. The Plaintiffs, however, do not allege that Mr. Gao took any act in, or directed towards, Delaware. *Indeed, the Complaint hardly mentions Mr. Gao at all*. Moreover, the Complaint's central specific allegation directed towards Mr. Gao is that Mr. Gao is a "co-founder of VBit and held himself out as the Vice Chairman of Advanced Mining and previously held the position of Vice President of VBit." (Compl. ¶ 33). The first part of this statement is simply not true: Mr. Gao did *not* "co-found VBIT." (Ex. 1, Gao Aff. ¶¶ 3-6). Rather, he was recruited to join VBIT's marketing/sales team by Defendant Don Vo, who is VBIT's actual founder. (*Id.* at ¶ 5).

18. Although Mr. Gao did have the "Vice Chairman" title with Advanced Mining—an "Asian-based company" (*i.e.*, not a Delaware corporation)—that was merely a marketing title awarded based on sales numbers—it was not an officer title. (*Id.* at ¶ 3); (Dkt. 34 at ¶ 10). Similarly, Mr. Gao's former title of "vice president of marketing" was merely a marketing title that "reflected on the level" of Mr. Gao's sales. (Ex. 1, Gao Aff. ¶ 4). In other words, both of these titles were marketing titles given to high-performing salespersons; they were not corporate officer titles. (*Id.* at ¶¶ 3–6).

19. To be clear: Mr. Gao is not a director, officer, member, manager, or owner of VBIT Technologies Corp., VBIT Mining LLC, or Advanced Mining Group. (*Id.* at ¶ 6). Rather, he was a salesperson with the marketing title of "Vice Chairman." (*Id.* at ¶¶ 3–6). Although Plaintiffs also allege Mr. Gao was a part-owner of VBit DC Corp. ("DC Corp."), the Plaintiffs also admit that entity was merely a landlord, and offer no explanation for how it was involved in any of the alleged torts at issue (ostensibly because the Plaintiffs *know* DC Corp was not involved, given their own admission that it was merely a landlord). (Dkt. 34 at ¶ 28).

20. Moreover, Mr. Gao was not involved in any way with VBIT Technologies Corp., VBIT Mining LLC, or Advanced Mining Group's decision to "freeze" anyone's "virtual wallets."

7

(*Id.* at ¶ 8). In fact, Mr. Gao himself was frozen out of his own "virtual wallet" controlled by Advanced Mining Group. (*Id.*). In that respect, Mr. Gao is more similarly situated to the Plaintiffs than the company defendants.

21.  Regardless, Delaware law is clear that a person's mere company title at a Delaware entity, in and of itself, is insufficient to confer personal jurisdiction without the existence of sufficient "minimum contacts." *BAM Int'l, LLC v. MSBA Grp. Inc.*, 2021 WL 5905878, at *2 (Del. Ch. Dec. 14, 2021) (holding that personal jurisdiction did not exist over two individual defendants because they lacked sufficient minimum contacts with Delaware—even though those two individuals were the CEO and CFO of the defendant Delaware corporation). Accordingly, the Plaintiffs' claims against Mr. Gao are due to be dismissed for lack of personal jurisdiction since Mr. Gao lacks sufficient "minimum contacts" with Delaware.

## CONCLUSION

WHEREFORE, Defendant Mr. Gao respectfully requests that the Court dismiss the Complaint against him under Federal Rules of Civil Procedure 4(m), 12(b)(2), and 12(b)(4).  Mr. Gao also reserves the right to further move to dismiss or otherwise respond to Plaintiff's Complaint if required and as appropriate in the future.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Emily A. Letcher*
Samuel T. Hirzel, II (# 4415)
Emily A. Letcher (# 6560)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7302
shirzel@hegh.law
eletcher@hegh.law
*Attorneys for Defendant Jin Gao*

OF COUNSEL:

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY
Scott M. Ratchick
John C. Guin
191 Peachtree Street, NE, 46th Floor
Atlanta, GA 30303
(404) 659-1410
scott.ratchick@chamberlainlaw.com
john.guin@chamberlainlaw.com

Dated: August 29, 2024