# EXHIBIT 1

## TO DEFENDANT JIN GAO'S MOTION TO DISMISS
## FOR LACK OF SERVICE AND PERSONAL JURISDICTION

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER PELHAM, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Case No.: 23-cv-162-JLH-SRF |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VBIT TECHNOLOGIES CORP., VBIT MINING LLC, VBIT DC CORP., ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, and LILLIAN ZHAO, ) ) ) ) ) ) ) ) ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF JIN GAO

I, Jin Gao, being first duly sworn under oath and of sound mind and legal age, state as follows:

1.     I declare under penalty of perjury that all of the statements set forth in this affidavit are true and based upon my personal knowledge.

2.     I am currently and for the past approximately 40 years have been a resident continuously of Philadelphia County, Pennsylvania and Delaware County,

1

Pennsylvania. I do not currently, and never have in the past, lived anywhere in the State of Delaware.

3.    Beginning in approximately August 2018, I began working as an independent contractor for VBIT Technologies Corp. ("VBIT Technologies"). In that capacity, I worked as a sales and marketing person to promote and sell the products and services of VBIT Technologies. Over time, based upon level of sales I and my team achieved, I rose to the position of "vice chairman" of VBIT Technologies. However, this title reflected only the level of my and my team's sales. It did not relate in any way to any position I held as an officer or director of VBIT Technologies. I am not and never have been an officer or director of VBIT Technologies.

4.    Before achieving the "vice chairman" designation, I previously rose to the level of "vice president of marketing" at VBIT Technologies. Like "vice chairman," this title also reflected on the level of my and my team's sales. It does not relate in any way to any position as an officer or director of VBIT Technologies. The "vice president of marketing" title was part of an older series of marketing titles VBIT Technologies used before it switched to a new series of marketing titles that includes "vice chairman."

5.    I am not the founder or co-founder of VBIT Technologies. I was recruited to work for VBIT Technologies by Don Vo, who I understand to be the

founder of the company and its owner and chief officer at the time. I have also never

owned any stock or other ownership interest in the company.

6.      Similarly, I was an independent contractor working for VBIT Mining,

LLC ("VBIT Mining") which I understood to be a subsidiary of VBIT Technologies,

and for Advanced Mining Group ("Advanced Mining") after it purchased VBIT

Technologies. I held the similar position of "vice chairman" at VBIT Mining and

Advanced Mining, which was again related to my position as a sales and marketing

person for those companies. I was never an officer, manager or director of either of

these companies. I was never a shareholder or member of either of these companies

nor did I ever own stock or any other ownership interest in either of these companies.

7.      While working for VBIT Technologies, VBIT Mining and Advanced

Mining, I worked primarily from my office located in Philadelphia, Pennsylvania. I

did not work in or maintain any office in Delaware.

8.      My work for each of these companies was limited to sales activity. I

had no involvement with nor play any role in the operations of any of these

companies. I certainly was not involved with or play any role in Advanced Mining's

decision to freeze anyone's virtual wallet maintained at Advanced Mining (or at

VBIT Technologies or VBIT Mining). To the contrary, I was also a customer of

these companies, whom I paid for the services provided, and my virtual wallet that

I maintained at Advanced Mining was also frozen by the company (at or about the

3

same time as Plaintiff's account) without my knowledge or consent and while I still had cryptocurrency funds on account.

9.     I was never involved in nor consulted about any decisions whether to register or issue stock or ownership interests in any of the companies. Such decisions, and the decision-making process involved with those decisions, were outside the scope of the work I did for these companies.

10.     I have never met, spoken with or otherwise communicated with the plaintiff, Parker Pelham. I do not know him.

11.     I own no property or assets in Delaware whatsoever. Further, I have never lived in Delaware, nor maintained any residence or bank account there.

12.     I currently reside at 3213 Riseview Walk, Unit #101, Philadelphia, PA 19125 (the "Residence"). I maintain a Ring Home Security Doorbell (the "Ring Doorbell") at the front of this residence that records video footage of the area around the residence's front door.

13.     On March 7, 2023, the Ring Doorbell recorded video footage of a process server attempting to serve copies of documents related to this action. The footage shows that the process server came to the front door of the Residence, rang the doorbell, and then left the aforementioned documents near the front door before leaving.

4

14.    I do not recall for certain whether I was at the Residence at the time the process server rang the doorbell. However, regardless of whether I was at the Residence at the time, I have no recollection of hearing the process server ring the doorbell. Certainly, I was not aware of the process server's presence at my Residence and we made no contact of any type.

15.    I usually do not answer the door when the doorbell rings unless I am expecting someone. This is because I receive package deliveries frequently (*e.g.*, from Amazon), and the delivery persons typically just ring the doorbell and leave the packages at the Residence's front door. I retrieve those packages at my own leisure.

16.    To the best of my knowledge, no process server has come to the Residence in relation to this action since March 7, 2023.

17.    I declare under penalty of perjury that the foregoing statements are all true to the best of my knowledge.

**FURTHER AFFIANT SAYETH NOT.**

Sworn to and subscribed before me
this _77ᵗʰ_ day of _August_, 2024:

AFFIANT:

_____

Notary Public

_____

Jin Gao

My Commission Expires

[Notary Seal]

> Commonwealth of Pennsylvania - Notary Seal
> Melissa A. Anderson, Notary Public
> Philadelphia County
> My Commission Expires July 9, 2027
> Commission Number 1192390