# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER PELHAM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, VBIT DC CORP., ADVANCED MINING GROUP, DANH CONG VO A/K/A DON VO, PHUONG D VO A/K/A KATIE VO, SEAN TU, JIN GAO, LILLIAN ZHAO, AND JOHN DOE INDIVIDUALS 1-10, AND DOE COMPANIES 1-10,<br><br>Defendants. | C.A. No. 23-cv-162-JLH-SRF<br><br>CLASS ACTION |

**DECLARATION OF BRIAN E. FARNAN**

I, Brian E. Farnan, being duly sworn, depose and state as follows:

1. I am an attorney at Farnan LLP, Liaison Counsel in this action. I have personal knowledge of the facts and matters set forth herein and, if called to testify, I could and would testify competently thereto.

2. Alisha McKellar ("Ms. McKellar") first became involved in the action by filing her lead plaintiff motion on April 17, 2023. D.I. 7-9.

3. Prior to Ms. McKellar's appointment as lead plaintiff, I have never spoken with, or been notified by, counsel for Jin Gao ("Mr. Gao") concerning any alleged deficiency in service.

4. My firm has never represented Parker Pelham in this action.

1

5. On July 5, 2023, Ms. McKellar was appointed lead plaintiff, and her choice of liaison and lead counsel were approved.

6. On or about July 25, 2023, lead counsel The Rosen Law Firm, P.A. ("Rosen Law") sent out summonses for all the defendants, including Mr. Gao.

7. Here, Mr. Gao was served via VBit Tech's registered agent, Legalinc Corporate Services, Inc.

8. On or about June 6, 2024, I reached out to counsel for Mr. Gao to ask if they would oppose amending the complaint. Counsel for Mr. Gao asked if Mr. Gao had been served, then asked to see proof. In response, I sent both affidavits of service (D.I. 6, 18 at 5-6).

9. After almost a week of no response, on June 12, 2024, I reached out again to counsel for Mr. Gao, asking them to confirm whether Mr. Gao would oppose Plaintiffs amending the complaint. It was then that Mr. Gao's counsel alerted Plaintiffs to Mr. Gao's position that service was ineffective, as he was not properly served at his home and that he was never a director or officer of VBit Tech.

10. On August 29, 2024, Mr. Gao filed a motion to dismiss the amended complaint for, *inter alia*, insufficient service of process. D.I. 44. Attached to the motion to dismiss was the affidavit of Jin Gao, wherein Mr. Gao admitted that he had been, and will continue to, dodge service. "I usually do not answer the door when the doorbell rings unless I am expecting someone." D.I. 44-1, ¶15.

11. As discussed in Plaintiffs' opposition to Mr. Gao's motion to dismiss, alternate service is permissible under Fed.R.Civ.P. Rule 4(e)(1). An individual in the United States may be served by "following state law for serving a summons [. . .] where service is made."

12. Pennsylvania rules allow for service by order of court when service cannot be made under applicable rules. 231 Pa. Code Rule 430 (a) ("If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.")

13. Because of Mr. Gao's admission that he has been and will continue to dodge service, serving Mr. Gao at his home is effectively impossible. Therefore, Plaintiffs request that alternate service be allowed via Mr. Gao's attorneys.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

/s/ Brian E. Farnan
Brian E. Farnan