## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER PELHAM, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| vs. | C.A. No. 23-cv-162-JLH-SRF |
| VBIT TECHNOLOGIES CORP., VBIT MINING LLC, VBIT DC CORP., ADVANCED MINING GROUP, DANH CONG VO A/K/A DON VO, PHUONG D VO A/K/A KATIE VO, SEAN TU, JIN GAO, LILLIAN ZHAO, AND JOHN DOE INDIVIDUALS 1-10, AND DOE COMPANIES 1-10, | CLASS ACTION |
| Defendants. | |

## OPPOSITION TO PHUONG D VO'S MOTION TO DISMISS

Dated: September 30, 2024

**FARNAN LLP**

Brian E. Farnan, Esq. (Bar No. 4089)
Michael J. Farnan, Esq. (Bar No. 5165)
919 North Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*Liaison Counsel for*
*Plaintiffs and the Class*

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim, Esq.
Ha Sung (Scott) Kim, Esq. (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
          skim@rosenlegal.com

*Lead Counsel for*
*Plaintiffs and the Class*

## <u>TABLE OF CONTENTS</u>

I.    NATURE AND STAGE OF PROCEEDINGS.................................................................. 1

II.    STATEMENT OF FACTS.............................................................................................. 3

III.   SUMMARY OF ARGUMENTS.................................................................................... 4

IV.   THE MOTION TO DISMISS SHOULD BE DENIED .............................................. 5

   A.    Ms. Vo Was an Officer, Director, or Managing Agent of VBit Tech............................ 5

   B.    This Court Has Personal Jurisdiction Over Ms. Vo.......................................................... 6

      1.    The Exchange Act Allows for Nationwide Service......................................................... 6

      2.    Alternatively, Ms. Vo Is Subject to Personal Jurisdiction of This Court ................. 7

   C.    Ms. Vo's Employment Status with VBit Mining Is Minimally Relevant.................. 10

   D.    The Complaint Satisfies Rule 8(a) ................................................................................ 10

   E.    The Complaint Contains Well-Pled Claims ................................................................. 12

      1.    Count I: Plaintiffs Sufficiently Pled Securities Act §§ 5 and 12(a)(1) Violations... 12

      2.    Count III: Plaintiffs Have Sufficiently Pled Exchange Act 10(b) and Rule 10b-5 Violations ...................................................................................................................... 13

      3.    Counts II and IV: Plaintiffs Have Sufficiently Pled Securities Act §15 and Exchange Act §20(a) Violations.................................................................................... 17

      4.    Count V: Plaintiffs Have Sufficiently Alleged Unjust Enrichment......................... 18

V.    CONCLUSION ............................................................................................................. 19

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................... 5

*Belmont v. MB Inv. Partners, Inc.*,
   2010 WL 2348703 (E.D. Pa. June 10, 2010) ........................................................... 18

*Belmont v. MB Inv. Partners, Inc.*,
   708 F.3d 470 (3d Cir. 2013) .................................................................................... 18

*Black v. Montgomery Cnty.*,
   835 F.3d 358 (3d Cir. 2016) ...................................................................................... 5

*Bos. Sci. Corp. v. Micro-Tech Endoscopy USA Inc.*,
   2020 WL 229993 (D. Del. Jan. 15, 2020) ................................................................ 6

*Custis v. Graves*,
   2023 WL 7128660 (D. Del. Oct. 30, 2023) ............................................................ 12

*Dan Dee International, LLC v. Global New Ventures Group LC*,
   2024 WL 3043430 (D. Del. June 18, 2024) .............................................................. 8

*Deloitte Consulting LLP v. Sagitec Sols. LLC*,
   692 F. Supp. 3d 421 (D. Del. 2023) ......................................................................... 9

*Dettmering v. VBit Technologies Corp.*,
   2024 WL 3617604 (D. Del. Aug. 1, 2024) ....................................................... 10, 11

*Dudley v. Haub*,
   2013 WL 1845519 (D.N.J. Apr. 30, 2013) ............................................................ 18

*Duncan v. Vantage Corporation*,
   2019 WL 1349497 (D. Del. Mar. 26, 2019) ........................................................... 17

*Dutton v. Harris Stratex Networks, Inc.*,
   270 F.R.D. 171 (D. Del. 2010) ............................................................................... 18

*ECB USA, Inc. v. Savencia, S.A.*,
   2020 WL 11762200 (D. Del. July 10, 2020) .......................................................... 12

*FS Photo, Inc. v. PictureVision, Inc.*,
    48 F. Supp. 2d 442 (D. Del. 1999) ........................................................ 6

*Gambone v. Lite-Rock Drywall Corp.*,
    124 F. App'x 78 (3d Cir. 2005) ............................................................ 6

*Garrett v. Wexford Health*,
    938 F.3d 69 (3d Cir. 2019) ................................................................... 10

*H2O Plus, LLC v. Arch Pers. Care Products, L.P.*,
    2011 WL 2038775 (D.N.J. May 22, 2011) ............................................ 12

*Howard v. Arconic Inc.*,
    2021 WL 2561895 (W.D. Pa. June 23, 2021) ........................................ 14

*In re Chemours Co. Sec. Litig.*,
    587 F. Supp. 3d 143 (D. Del. 2022) ...................................................... 15

*In re Craftmatic Sec. Litig.*,
    890 F.2d 628 (3d Cir. 1989) ............................................................ 12, 13

*In re Kane*,
    628 F.3d 631 (3d Cir. 2010) ................................................................. 13

*In re Fisker Automotive Holdings, Inc. Shareholder Litigation*,
    2015 WL 6039690 (D. Del. Oct. 15, 2015) ........................................... 13

*In re Reliance Sec. Litig.*,
    91 F. Supp. 2d 706 (D. Del. 2000) ........................................................ 17

*Janus Capital Group, Inc. v. First Derivative Traders*,
    564 U.S. 135 (2011) .............................................................................. 15

*Jordan v. Bellinger*,
    2000 WL 1239956 (D. Del. Aug 28, 2000) ........................................... 14

*Kabbaj v. Simpson*,
    547 F. App'x 84 (3d Cir. 2013) .............................................................. 8

*Local 731 LB. of T. Excavators & Pavers Pension Tr. Fund v. Swanson*,
    2011 WL 2444675 (D. Del. June 14, 2011) .......................................... 16

*Lord Abbett Affiliated Fund, Inc. v. Navient Corp.*,
    363 F. Supp. 3d 476 (D. Del. 2019) ...................................................... 17

*Maio v. Aetna, Inc.*,
  221 F.3d 472 (3d Cir.2000) ................................................................................ 5

*McCabe v. Ernst & Young, LLP.*,
  494 F.3d 418 (3d Cir. 2007) ............................................................................. 16

*McCary v. Cunningham*,
  2022 WL 2802385 (D. Del. July 18, 2024) ...................................................... 10

*Millington v. GEICO*,
  2015 WL 5138266 (D. Del. Sep. 1, 2015) .......................................................... 5

*Nash v. Qualtrics International Inc.*,
  2024 WL 231870 (D. Del. Jan. 1, 2024) ........................................................... 14

*Newspan, Inc. v. Hearthstone Funding Corp.*,
  1994 WL 198721 (Del. Ch. May 10, 1994) ......................................................... 8

*O'Shaughnessy v. Palazzo*,
  2020 WL 6581482 (E.D. Pa. Nov. 10, 2020) ................................................... 13

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*,
  998 F.2d 1192 (3d Cir. 1993) .............................................................................. 5

*Pietrangelo v. NUI Corp.*,
  2005 WL 1703200 (D.N.J. July 18, 2005) ........................................................ 12

*Pinter v. Dahl*,
  486 U.S. 622 (1988) .......................................................................................... 12

*PT China LLC v. PT Korea LLC*,
  2010 WL 761145 fn.44 (Del. Ch. Mar. 31, 2011)............................................. 10

*Rockwell Automation, Inc. v. EU Automation, Inc.*,
  2022 WL 1978726 (D. Del. June 6, 2022) .......................................................... 9

*Sierra v. Trafigura Trading LLC*,
  2024 WL 3823018 (D. Del. Aug. 14, 2024) ................................................. 4, 6, 7

*Snowstorm Acquisition Corp. v. Tecumseh Prod. Co.*,
  739 F. Supp. 2d 686 (D. Del. 2010) .................................................................... 6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) .......................................................................................... 15

*Tenneco Oil Co. v. Dep't of Energy*,
   475 F. Supp. 299 (D. Del. 1979) ........................................................................... 14

*Tigo Energy Inc. v. SMA Solar Technology America LLS*,
   2023 WL 6990896 (D. Del. Oct. 23, 2023) ............................................................ 6

*Toys "R" Us, Inc. v. Step Two, S.A.*,
   318 F.3d 446 (3d Cir. 2003) .................................................................................. 9

*Wolfe v. Intermeccanica International, Inc.*,
   2024 WL 1300198 (D. Del. Mar. 27, 2024) ......................................................... 10

**<u>Statutes</u>**

10 Del. C. § 3104 ........................................................................................................ 8

15 U.S.C. § 78aa ........................................................................................................ 6

**<u>Rules</u>**

Fed. R. Civ. P. 8 ......................................................................................... 1, 10, 11, 12

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 4, 12

**<u>Other Authorities</u>**

D. Del. L.R. 7 ............................................................................................................ 14

Lead Plaintiff Alisha McKellar ("Lead Plaintiff" or "Ms. McKellar") and named plaintiffs Jin Hyuk Ho ("Mr. Ho"), Terence Brown ("Mr. Brown"), David Veney ("Mr. Veney"), and Jake Washburn ("Mr. Washburn" and, collectively with Ms. McKellar, Mr. Ho, Mr. Brown, and Mr. Veney, "Plaintiffs") respectfully submit this memorandum of law in opposition (the "Opposition") to Defendant Phuong D Vo a/k/a Katie Vo's Motion to Dismiss (the "Vo MTD") (D.I. 41)[1].

## I.    NATURE AND STAGE OF PROCEEDINGS

This matter arises out of Defendants' violations of §§5, 12(a)(1), and 15 of the Securities Act of 1933 ("Securities Act") and §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") in connection with the sale of unregistered securities. The amended complaint (the "Complaint") (D.I. 34) alleges that defendants VBit Technologies Corp. ("VBit Tech"), Vbit Mining LLC ("VBit Mining"), VBit DC Corp. ("VBit DC"), Advanced Mining Group ("Advanced Mining"), Danh Cong Vo a/k/a Don Vo ("Mr. Vo"), Phuong D Vo a/k/a Katie Vo ("Ms. Vo"), Sean Tu ("Mr. Tu"), Jin Gao ("Mr. Gao"), and Lillian Zhao ("Ms. Zhao") sold unregistered investment contracts that allegedly allowed investors to own and operate their own Bitcoin mining rig. In truth, investors did not actually receive individualized mining rigs, but were instead engaged in cloud mining. The Complaint further alleges that customer funds were used to perpetuate a Ponzi scheme rather than purchasing and operating mining rigs—and when the scheme could not be perpetuated further, Defendants shut off clients' access to their Bitcoin wallet and fabricated a "sale" of the Company to Advanced Mining.

An initial complaint was filed on February 13, 2023 by plaintiff Parker Pelham ("Mr. Pelham") (D.I. 1). On March 17, 2023, Mr. Pelham filed a return of service attesting that Mr. Gao had been served with a summons and complaint (D.I. 6).

---

[1] The Vo MTD does not expressly state all the bases for Ms. Vo's motion to dismiss, but it appears that Ms. Vo raises defenses pursuant to Fed. R. Civ. P. 8(a), 12(b)(2), and 12(b)(6).

On April 17, 2023, Ms. McKellar filed a lead plaintiff motion seeking appointment as lead plaintiff for the putative class. (D.I. 7). One other class member filed a competing lead plaintiff motion (D.I. 10), but did not oppose Ms. McKellar recognizing Ms. McKellar had the larger financial interest (D.I. 13). On July 5, 2023, this Court granted Ms. McKellar's motion and appointed her lead plaintiff for the putative class and approved her selection for The Rosen Law Firm, P.A. as lead counsel. (D.I. 17).

Upon appointment as lead plaintiff, Ms. McKellar promptly took action to serve all defendants. By July 27, 2023, Ms. McKellar had served most of the defendants, including Mr. Gao. By October 23, 2023, the final defendant – Advanced Mining – had been served, and Ms. McKellar filed the proofs of service with the Court. (D.I. 18).

Ms. Vo filed a motion to dismiss for insufficiency of service on November 15, 2023 (D.I. 19). Plaintiffs filed an opposition to Ms. Vo's first motion to dismiss and a cross motion to allow alternative service on November 29, 2023 (D.I. 23). Ms. Vo filed a reply brief to her first motion to dismiss on December 6, 2023 (D.I. 25). Plaintiffs filed a reply to their cross motion to allow alternative service on December 13, 2023 (D.I. 27).

On July 11, 2024, after months of back-and-forth with counsel for Ms. Vo and Mr. Gao, Plaintiffs filed an unopposed motion to amend the initial complaint. (D.I. 31). On July 26, 2024, this Court granted Plaintiffs' motion and, pursuant to the report and recommendation (D.I. 33), the Plaintiffs filed the Complaint on July 29, 2024 (D.I. 34).

On August 12, 2024, Ms. Vo filed a stipulation to extend her time to respond to the Complaint (D.I. 39). On August 26, 2024, Ms. Vo filed the Vo MTD (D.I. 41). On August 29, 2024, Mr. Gao filed his motion to dismiss (D.I. 44). On September 17, 2024, Plaintiffs filed a

stipulation to extend their time to respond to Mr. Gao's motion to dismiss (D.I. 47). On September 19, 2024, Plaintiffs filed a stipulation to extend their time to respond to the Vo MTD (D.I. 48).

## II.     STATEMENT OF FACTS

VBit Tech purportedly sold products and services for mining Bitcoin through its Mining Contracts[2], ¶¶1, 7. These Mining Contracts were unregistered securities, ¶¶94, 103, 114-130. Defendants promised their clients – victims, in truth – that they would each receive an individualized mining rig, ¶¶7-8, 13, 45-48. These were purportedly discrete machines, rather than a pooling of computing power dubbed "cloud mining". Indeed, VBit Tech's, and now Advanced Mining's, website specifically stated that their services did not rely on "cloud mining" and said each contract was for an individual machine, ¶¶7-8, 13, 45-48, 63. In reality, VBit Tech was engaged in a Ponzi scheme, wherein VBit Tech purportedly paid out the promised Bitcoin only as new Class members and victims bought in, ¶¶1, 100. VBit Tech may have engaged in some Bitcoin mining, but Defendants primarily used victims' money to engage in risky and speculative cryptocurrency trading, ¶100. In late January 2022, VBit Tech was allegedly acquired by an "Asian-based company primarily focused on bitcoin mining" called Advanced Mining, ¶10, 75-76. Advanced Mining is not registered to do business in any jurisdiction in the U.S., ¶82. Plaintiffs allege that Advanced Mining, and its CEO Lillian Zhou, do not exist, and that the sale of VBit Tech to Advanced Mining was a sham transaction, and that Mr. Vo assumed the identity of Lillian Zhou to perpetuate the fraud, ¶¶10, 88-89.

Ms. Vo was touted as integral to VBit Tech's formation and development, ¶31. At VBit Tech's 2019 gala, Ms. Vo gave a speech in which she referred to VBit Tech as her "child" and provided detailed information about the company's increasing, if fraudulent, sales and the types

---

[2] Capitalized terms not defined herein will have the same meaning as used in the Complaint. D.I. 34. All references to ¶__ refer to the corresponding paragraph in the Complaint.

of packages that victims were purchasing, showing a deep and detailed understanding of the operation of the company, ¶54. Furthermore, Ms. Vo held herself out as playing a role that's comparable to Mr. Vo, the CEO. In the same speech at the 2019 VBit Tech gala, Ms. Vo stated, in part, that VBit Tech "is not something that can be done with Katie or Don alone." *Id.* Ms. Vo was the "Operations Director," whose responsibilities included training and overseeing the administrative support team that was responsible for responding to customer support requests, ¶31. Ms. Vo operated the main interface between VBit Tech and customers and was responsible for misrepresentations made to customers by the VBit Tech support team to maintain the fraudulent scheme, ¶55. Additionally, around the same time as the sham Advanced Mining transaction, Mr. Vo paid Ms. Vo significant sums in cryptocurrency from the account that Mr. Vo used to manage VBit's cryptocurrency assets, ¶56. After the sham Advanced Mining transaction, Ms. Vo continued in her role as Operations Director with Advanced Mining, ¶55.

## III.    SUMMARY OF ARGUMENTS

Ms. Vo was an officer, director, or managing agent of VBit Tech. Ms. Vo is subject to personal jurisdiction in this court, as the Exchange Act allows for nationwide service. The Complaint does not rely on group pleading. And Plaintiffs have properly pled all claims in the Complaint as against Ms. Vo.

When considering a 12(b)(2) motion to dismiss, the court "must construe all disputed facts in the plaintiff's favor." *Sierra v. Trafigura Trading LLC*, 2024 WL 3823018, at *3 (D. Del. Aug. 14, 2024). And a court may grant a 12(b)(6) motion to dismiss[3] "only if, after accepting all well-

---

[3] In the Declaration submitted in support of Ms. Vo's first motion to dismiss (D.I. 21), Ms. Vo admits that she was a full-time employee of VBit Tech from January 1, 2019 to April 29, 2022, holding the title of Operations Director. *Id.* ¶¶ 1, 4. Her responsibilities included training members of the admin support team, leading the admin team, answering customer support tickets, and developing training manuals for new hires. *Id.* ¶ 5. Although Ms. Vo's declaration and appended employment contract is not properly before the Court as to her Rule 12(b)(6) motion (except to the

pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Millington v. GEICO*, 2015 WL 5138266, at *1 (D. Del. Sep. 1, 2015) (citing *Maio v. Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir.2000)) (internal quotation marks omitted); *see also*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.    THE MOTION TO DISMISS SHOULD BE DENIED

### A.    Ms. Vo Was an Officer, Director, or Managing Agent of VBit Tech

The Complaint contains well-pled factual allegations sufficient to establish that Ms. Vo was a director, officer, or managing agent of VBit Tech. Ms. Vo was responsible for training and overseeing the administrative support team responsible for responding to customer support requests, ¶31. Ms. Vo operated the main interface between VBit Tech and customers and was responsible for misrepresentations made to customers by the VBit Tech administrative support team, ¶55. At VBit Tech's 2019 gala, Ms. Vo gave a speech in which she referred to VBit Tech as her "child" and provided detailed information about the company's increasing, if fraudulent, sales and the types of packages that victims were purchasing, showing a deep and detailed understanding of the operation of the company, ¶54. Furthermore, Ms. Vo held herself out as playing a role that's comparable to Mr. Vo, the CEO. In the same speech at the 2019 VBit Tech gala, Ms. Vo stated, in part, that VBit Tech "is not something that can be done with Katie or Don alone." *Id.* Around the same time as the sham Advanced Mining transaction, Mr. Vo paid Ms. Vo significant sums in cryptocurrency from the account that Mr. Vo used to manage VBit's cryptocurrency assets, ¶56.

---

extent it may need to be considered as to any determination regarding whether amendment of the Complaint would be salutary), *see Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Black v. Montgomery Cnty.*, 835 F.3d 358, 364 (3d Cir. 2016), as amended (Sept. 16, 2016), the declaration actually supports the plausibility of Plaintiffs' allegations, insofar as it includes those significant admissions concerning Ms. Vo's involvement with VBit Tech's operations.

The Vo MTD contains conclusory statements of fact that Ms. Vo was not an officer or director. Ms. Vo's sole support for these statements is her purported employment contract. D.I. 21-1. When considering a 12(b)(2) motion to dismiss, "the Court may consider the pleadings, affidavits, declarations and exhibits, and must construe all disputed facts in the plaintiff's favor." *Sierra*, 2024 WL 3823018, at *3; *Tigo Energy Inc. v. SMA Solar Technology America LLS*, 2023 WL 6990896, at *3 (D. Del. Oct. 23, 2023) (" 'In reviewing a motion to dismiss for lack of personal jurisdiction, the Court may consider the pleadings, affidavits, declarations and exhibits;' however, the Court 'must construe all disputed facts in the plaintiff's favor.'") (quoting *Bos. Sci. Corp. v. Micro-Tech Endoscopy USA Inc.*, 2020 WL 229993, at *3 (D. Del. Jan. 15, 2020)). Here, when construing all disputed facts in the Plaintiffs' favor, the Court must find Ms. Vo was as an officer, director, or managing agent of VBit Tech.

### B.    This Court Has Personal Jurisdiction Over Ms. Vo

#### 1.    The Exchange Act Allows for Nationwide Service

Plaintiffs' claims in this case arise, in part, due to Defendants' violations of the Securities Act and Exchange Act. Both the Securities Act and Exchange Act allow for nationwide service.[4] *Gambone v. Lite-Rock Drywall Corp.*, 124 F. App'x 78, 80 (3d Cir. 2005) (recognizing that the Securities Act provides for nationwide service of process); *Snowstorm Acquisition Corp. v. Tecumseh Products Co.*, 739 F.Supp.2d 686, 699 (D. Del. 2010) ("Jurisdiction over alleged violations of the [Exchange] Act is governed by § 27 of the Act. See 15 U.S.C. § 78aa. [. . .] As stated above, § 78aa provides for nationwide service of process. The Third Circuit has held that a "national contacts analysis" is appropriate "when appraising personal jurisdiction in a case arising under a federal statute that contains a nationwide service of process provision.""); *FS Photo, Inc.*

---

[4] Delaware's long-arm statute is not invoked in federal question actions. *Snowstorm Acquisition Corp. v. Tecumseh Prod. Co.*, 739 F. Supp. 2d 686, 700 (D. Del. 2010).

*v. PictureVision, Inc.*, 48 F. Supp. 2d 442, 445 (D. Del. 1999) ("The due process requirement of *International Shoe v. Washington*, that a defendant have "minimum contacts" with a particular district or state for purposes of personal jurisdiction, is not a limitation imposed on the federal courts under Section 27 in a federal question case. Due process concerns under the Fifth Amendment are satisfied if a federal statute provides for nationwide service of process in federal court for federal question cases.") (cleaned up). In the related RICO case *Dettmering et al. v. VBit Technologies Corp. et al.*, 1:22-cv-01482-JLH-SRF ("*Dettmering* Action"), Ms. Vo admitted that the Mining Contracts VBit Tech sold were unregistered securities. *Dettmering et al. v. VBit Technologies Corp. et al.*, 1:22-cv-01482-JLH-SRF, D.I. 140, at 15-16. This admission, combined with the factual allegations in the Complaint establishing Ms. Vo's central role in VBit Tech, shows that this court has personal jurisdiction over Ms. Vo.

Furthermore, if there has been no evidentiary hearing on the motion to dismiss for lack of personal jurisdiction, plaintiff need only make a *prima facie* showing of jurisdictional facts. *Sierra*, 2024 WL 3823018, at *3 ("where no evidentiary hearing has been held, the plaintiff must only make a *prima facie* showing that personal jurisdiction exists."). When construing any disputed facts in the Complaint in Plaintiffs' favor, Plaintiffs have made a *prima facie* showing that she is subject to personal jurisdiction of this court.

      **2.**      **Alternatively, Ms. Vo Is Subject to Personal Jurisdiction of This Court**

Out of an abundance of caution, Plaintiffs address the question of whether Delaware's long-arm statute grants jurisdiction. Even if the court should determine that Ms. Vo was not an officer or director of VBit, she is still subject to personal jurisdiction of this court. VBit Tech solicited business from investors all across the country, including citizens of the state of Delaware. Indeed, when Plaintiffs notified potential class members of the action against Defendants,

numerous clients from Delaware submitted PSLRA certifications attesting they were victims of Defendants.

Ms. Vo played an important role in furthering VBit Tech's securities fraud. She was the Operations Director responsible for training and overseeing the administrative support team, ¶31. Ms. Vo was able to train her administrative support team and instruct them to make misrepresentations to customers so that VBit Tech could maintain its fraudulent scheme, ¶¶31, 55. Furthermore, Ms. Vo gave a speech at VBit Tech's 2019 gala, where she referred to VBit Tech as her "child" and provided detailed information about the company's increasing, if fraudulent, sales and the types of packages that victims were purchasing, showing a deep and detailed understanding of the operation of the company and represented that she played a role comparable to the CEO in importance, ¶54. In other words, Ms. Vo, at the very least, played an important managerial role for VBit Tech.

"The determination of personal jurisdiction thus mandates that the court follow a two-part test: [1] the defendants' alleged activities must fall into those enumerated in Delaware's long arm statute, 10 Del. C. § 3104 . . . and [2] the exercise of jurisdiction over the defendants must comport with traditional notions of fair play and substantial justice as required by the Due Process Clause of the Fourteenth Amendment." *Newspan, Inc. v. Hearthstone Funding Corp.*, 1994 WL 198721, at *4 (Del. Ch. May 10, 1994) "The Delaware long-arm statute, 10 Del. C. § 3104(c), is to be broadly construed to confer jurisdiction to the maximum extent possible under the Due Process Clause." *Dan Dee International, LLC v. Global New Ventures Group LC*, 2024 WL 3043430, at *2 (D. Del. June 18, 2024) (citing *Kabbaj v. Simpson*, 547 F. App'x 84, 86 n.6 (3d Cir. 2013)).

10 Del. C. § 3104(c) states, in pertinent part: "[A] court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent: (1) Transacts

*any business* or performs *any character of work or service* in the State; (2) *Contracts to supply services* or things in this State[.]" Additionally, "[m]any courts have held that the solicitation of business from residents of a particular state, even if that solicitation occurs over the internet or the telephone, is sufficient to support the exercise of jurisdiction." *Deloitte Consulting LLP v. Sagitec Sols. LLC*, 692 F. Supp. 3d 421, 429 (D. Del. 2023); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003) (If a web site operator "knowingly conducts business with forum state residents via the site, then the 'purposeful availment' requirement is satisfied."); *Rockwell Automation, Inc. v. EU Automation, Inc.*, 2022 WL 1978726, at *7 (D. Del. June 6, 2022), *report and recommendation adopted*, 2022 WL 3576231 (D. Del. Aug. 19, 2022) (holding that the court had jurisdiction over the defendants who "operated a website accessible in Delaware" and "received orders and payments from Delaware customers" via the website, even though the defendants had "no offices, telephone listings, employees, bank accounts, advertising, personal or real property in Delaware, or any ongoing contracts with any Delaware customers").

VBit Tech maintained a website which was accessible to anyone, including residents of Delaware, that marketed and sold Mining Contracts. Ms. Vo, directly or indirectly, aided in operating and maintaining the website by virtue of her key role for VBit Tech. Ms. Vo transacted business in Delaware not only by virtue of maintaining a website through which Delaware residents purchased Mining Contracts, but also by managing, training, and instructing her administrative support team to make misrepresentations to customers, including citizens of Delaware.

"The court must then determine whether the exercise of personal jurisdiction comports with due process by analyzing whether the plaintiff has demonstrated that the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State so that it should

reasonably anticipate being haled into court there." *Wolfe v. Intermeccanica International, Inc.*, 2024 WL 1300198, at *2 (D. Del. Mar. 27, 2024). And where someone accepts a management position in a Delaware corporation, he has "submitted himself to the jurisdiction of the Delaware courts in suits pertaining to his rights, duties, and obligations as a manager." *PT China LLC v. PT Korea LLC*, 2010 WL 761145, at *8 fn.44 (Del. Ch. Mar. 31, 2011). Ms. Vo played a key role for VBit Tech, a Delaware corporation, by managing and training the administrative support team, operating the main interface between VBit Tech and customers, and was responsible for misrepresentations made to customers by the VBit Tech support team to maintain the fraudulent scheme. As such, the Court should find that Ms. Vo has submitted herself to this court's jurisdiction.

### C.    Ms. Vo's Employment Status with VBit Mining Is Minimally Relevant

Ms. Vo's employment status with VBit Mining is of little relevance. The Complaint contains well-pled factual allegations that allege Ms. Vo was an officer or director of VBit Tech.

### D.    The Complaint Satisfies Rule 8(a)

The Complaint satisfies Rule 8(a). "Rule 8 of the Federal Rules of Civil Procedure places minimal burdens on the plaintiff at the pleading stage." *McCary v. Cunningham*, 2022 WL 2802385, at *3 (D. Del. July 18, 2024) (citing *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019)) (internal quotation marks omitted). Additionally, the Rule 8 pleading standard applies only as to non-fraud claims – *i.e.*, claims other than violations of 10(b) and 20(a) of the Exchange Act.

As this court recognized in the related *Dettmering* Action, a complaint can "satisfy Rule 8(a)" by "specif[ying] the causes of action brought against [Ms.] Vo[.]" *Dettmering v. VBit Technologies Corp.*, 2024 WL 3617604, at *3 (D. Del. Aug. 1, 2024). Here, like in the *Dettmering* Action, the Complaint specifies five causes of action against Ms. Vo: unregistered offer and sale

10

of securities in violation of §§5 and 12(a)(1) of the Securities Act (Count I); control person liability under §15 of the Securities Act and §20(a) of the Exchange Act (Counts II and IV); manipulation and/or deception in connection with purchases/sales of securities in violation of §10(b) of the Exchange Act (Count III); and unjust enrichment (Count V).

Furthermore, similar to the pleading in the *Dettmering* Action, the Complaint here "pleads specific factual allegations describing [Ms. Vo's] role[] in the conduct at issue." *Id.* Specifically, the Complaint states that: Ms. Vo was integral to VBit Tech's formation by inspiring Mr. Vo to launch VBit Tech, ¶31; during VBit Tech's 2019 gala, Ms. Vo provided detailed information about the company's increasing, if fraudulent, sales and the types of packages that victims were purchasing, showing a deep and detailed understanding of the operation of the company, and held herself out as playing a role comparable to the CEO, ¶54; in her role as "Operations Director", Ms. Vo trained, oversaw, and led the administrative support team that was responsible for responding to customer support requests, ¶31, Vo MTD, at 6; in her role, Ms. Vo operated the main interface between VBit Tech and customers and was responsible for misrepresentations made to customers by the VBit Tech support team, ¶55; and around the time of the fraudulent sale of VBit Tech to Advanced Mining, Ms. Vo was paid significant sums in cryptocurrency from the account used to manage VBit Tech's cryptocurrency assets, ¶56. "These allegations are sufficient to put [Ms.] Vo on notice of the specific conduct in which she is alleged to have participated." *Dettmering*, 2024 WL 3617604, at *3 (report and recommendation finding that facts as alleged in the first amended complaint – which are nearly identical to the facts alleged in the Complaint – are sufficient to satisfy Rule 8).

Additionally, complaints are generally only dismissed under Rule 8 where they fail to give any notice of an individual's role in the alleged misconduct or identify what counts are alleged

against each defendant. *See e.g. Pietrangelo v. NUI Corp.*, 2005 WL 1703200, at *9-11 (D.N.J. July 18, 2005) (dismissing complaint based on Rule 8 where it did not ever mention certain individual defendants and defendants could not identify what claims were alleged against each); *but see ECB USA, Inc. v. Savencia, S.A.*, 2020 WL 11762200, at *22 (D. Del. July 10, 2020) (D. Del. July 10, 2020) (dismissing claims based on improper lumping where no allegations in the complaint distinguished between the two "Savencia Defendants"). In contrast to those cases, the Complaint clearly identifies in the heading of each count which claim is against which defendant and identifies each defendant's role. *See H2O Plus, LLC v. Arch Pers. Care Products, L.P.*, 2011 WL 2038775, at *3 (D.N.J. May 22, 2011).

### E.    The Complaint Contains Well-Pled Claims

"In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff." *Custis v. Graves*, 2023 WL 7128660, at *1 (D. Del. Oct. 30, 2023).

### 1.    Count I: Plaintiffs Sufficiently Pled Securities Act §§ 5 and 12(a)(1) Violations

Section 12(a)(1) of the Securities Act creates a private right of action against any person who "offers or sells a security in violation of" Section 5.  Section 5 of the Securities Act, in turn, prohibits the offer or sale of unregistered securities. Due to the innumerable ways in which investors are likely to be harmed absent the protections of the federal securities laws, Sections 5 and 12(a)(1) of the Securities Act provide for strict liability against any person who offers or sells an unregistered security.  *See Pinter v. Dahl*, 486 U.S. 622, 638 (1988).

Furthermore, the Third Circuit adopted the Supreme Court's *Pinter* analysis in *In re Craftmatic Sec. Litig.*, 890 F.2d 628 (3d Cir. 1989). "In evaluating whether participation falls within such scope, the language of § 12 focuses the inquiry on the relationship between the purchaser and the participant, rather than on the latter's degree of involvement in the transaction."

*In re Fisker Automotive Holdings, Inc. Shareholder Litigation*, 2015 WL 6039690, at *10 (D. Del. Oct. 15, 2015) (citing *In re Craftmatic Sec. Litig.*, 890 F.2d 636) (internal quotation marks omitted).

First, Ms. Vo does not contest that the Mining Contracts were unregistered securities. Indeed, Ms. Vo argued admitted in the *Dettmering* Action that the Mining Contracts were unregistered securities. *Dettmering et al. v. VBit Technologies Corp. et al.*, 1:22-cv-01482-JLH-SRF, D.I. 140, at 15-16. Therefore, she is judicially estopped from arguing to the contrary here. *In re Kane*, 628 F.3d 631, 638 (3d Cir. 2010).

Second, accepting all factual allegations in the Complaint as true, Ms. Vo was an officer or director of VBit Tech. In her role as the Operations Director, Ms. Vo trained and directed the administrative support team to make misrepresentations to customers to maintain VBit Tech's fraudulent scheme. Ms. Vo, directly or indirectly, solicited Plaintiffs to purchase the Mining Contracts by, *inter alia*, disseminating false and misleading information via VBit Tech's website and through her administrative support team. Therefore, under the *Pinter* analysis, when considering Ms. Vo's relationship to the purchaser, Ms. Vo was responsible, directly or indirectly, for enticing victims into purchasing unregistered securities by making material misstatements related to VBit Tech and its operations. *O'Shaughnessy v. Palazzo*, 2020 WL 6581482, at *2 (E.D. Pa. Nov. 10, 2020) (question of whether defendant was statutory seller not answerable until after discovery, and therefore cannot be resolved at the motion to dismiss stage).

### 2. Count III: Plaintiffs Have Sufficiently Pled Exchange Act 10(b) and Rule 10b-5 Violations

"To state a claim for violation of Section 10(b) of the Exchange Act and Rule 10b-5(b), a plaintiff must plead (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4)

reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Nash v. Qualtrics International Inc.*, 2024 WL 231870, at *3 (D. Del. Jan. 1, 2024), *report and recommendation adopted*, 2024 WL 2505911 (D. Del. May 24, 2024). Additionally, the PSLRA and Rule 9(b) impose heightened pleading requirements on 10(b) claims. "Under Rule 9(b), a plaintiff alleging securities fraud must state with particularity the circumstances constituting fraud or mistake, including the 'who, what, when, where and how' of the events at issue." *Id.*, at *2 (citing Rule 9(b)) (internal quotation marks omitted).

The Vo MTD challenges whether the Complaint adequately alleged 3 elements: (1) material misrepresentation, (2) scienter, and (6) loss causation[5]. The Vo MTD also argues that the Complaint failed to meet the heightened pleading requirement imposed by the PSLRA and Rule 9(b). For the foregoing reasons, all of Ms. Vo's arguments fail.

First, Ms. Vo blatantly disregards the allegations in the Complaint that detail her wrongful conduct. Ms. Vo was the Operations Director, who trained and led the administrative support team to make misrepresentations to investors concerning VBit Tech's business. To that end, VBit Tech's website[6] contained numerous misstatements, including but not limited to: misrepresenting to

---

[5] While Ms. Vo challenges the first and second element of the 10(b) claims in the relevant section, Ms. Vo raises her loss causation defense in the section where she challenges unjust enrichment. Vo MTD, at 16-18. Additionally, by not challenging (3) a connection between the misrepresentation and the purchase or sale, (4) reliance, and (5) economic loss, Ms. Vo has conceded those points. *Tenneco Oil Co. v. Dep't of Energy*, 475 F. Supp. 299, 307 (D. Del. 1979) n .11 (D. Del. 1979) (issues not raised in motion to dismiss must be deemed waived); *see also*, *Jordan v. Bellinger*, 2000 WL 1239956, at *5 n. 7 (D. Del. Aug. 28, 2000) ("[U] nder the Local Rules, '[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief.' *See* D. Del. L.R. 7.1.3(c)(2) (1995). Therefore, the court will not consider this argument at this time.")

[6] *Howard v. Arconic Inc.*, 2021 WL 2561895, at *13-14 (W.D. Pa. June 23, 2021) (holding that statements on company's website meet Rule 10b-5's "in connection with" requirement because statements on the website were part of the "total mix" of information relied upon by investors). Here, because Defendants were selling unregistered securities, VBit Tech's website was one of the only places where investors could get information concerning their investment.

clients that they would receive personalized mining machines, ¶48; that VBit Tech "operate[s] some of the largest and most efficient mining facilities in the world, with unprecedented access to clean, cheap power and expert staff," ¶47; and that the investors' personal mining machines would be hosted in these mining facilities, ¶48. These statements are attributable to Ms. Vo, as in her role she was responsible for the primary interface between VBit Tech and customers, and made material misstatements to perpetuate the fraud. *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011). ("For purposes of Rule 10b–5, the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it.") Additionally, at the 2019 VBit Tech gala, Ms. Vo gave a speech during which provided detailed information about the company's increasing, if fraudulent, sales and the types of packages that victims were purchasing, showing a deep and detailed understanding of the operation of the company, ¶54. These facts, as alleged in the Complaint, are also sufficient to meet the heightened pleading requirements of Rule 9(b).

Secondly, there is a strong inference of scienter. The inquiry is "whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007). And although the court "must consider plausible, nonculpable explanations for the defendant's conduct [. . .] [t]he inference that the defendant acted with scienter need not be irrefutable, *i.e.,* of the smoking-gun genre, or even the most plausible of competing inferences[.]" *Id.* at 324. The inference of scienter only needs to be "cogent and at least as compelling as any opposing inference one could draw from the facts alleged."

A strong inference of scienter can be found by alleging facts that allow the plausible inference that defendant acted with "a knowing or reckless state of mind."  *In re Chemours Co.*

*Sec. Litig.*, 587 F. Supp. 3d 143, 167 (D. Del. 2022). First, Plaintiffs alleged that Ms. Vo had a deep and detailed understanding of the operations of VBit Tech, ¶54. Second, Plaintiffs alleged that, given her role and duties, Ms. Vo was a director or officer of VBit Tech, ¶¶31, 54, 55, 56, and that Ms. Vo held herself out as comparable to the CEO in importance, ¶54. Therefore, Ms. Vo had access to – and sometimes accessed – information concerning VBit Tech's operations. Yet, Ms. Vo knowingly or recklessly disregarded the information at her fingertips and developed training materials for the administrative support team and made false and misleading representations via, *inter alia*, VBit Tech's website and at VBit Tech's 2019 gala. Accepting the foregoing allegations as true, it is at least as cogent as competing inferences that Ms. Vo knowingly or recklessly made misstatements concerning VBit Tech's operations, including in her 2019 VBit gala speech, as well as through her administrative support team and their customer support duties, to perpetuate VBit Tech's fraud.[7]

"In order to satisfy the loss causation requirement in both typical and non-typical § 10(b) actions, the plaintiff must show that the defendant misrepresented or omitted the very facts that were a substantial factor in causing the plaintiff's economic loss. [. . .] The loss causation inquiry asks whether the misrepresentation or omission proximately caused the economic loss." *McCabe v. Ernst & Young, LLP.*, 494 F.3d 418, 426 (3d Cir. 2007). Here, Plaintiffs have sufficiently pled loss causation. Ms. Vo, directly or indirectly, made material misstatements concerning VBit Tech's business, including that investors would receive personal mining machines, which would then mine for the cryptocurrency of the investor's choice, which the investor could then withdraw at any point at their convenience. These material misrepresentations were key to VBit Tech's

---

[7] *Local 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Swanson*, 2011 WL 2444675, at *12 (D. Del. June 14, 2011) (scienter adequately alleged where "Defendants had access to sales data and internal reports, and had meetings and calls with company insiders about the performance of the business")

business, as these elements were the primary selling point for representing to investors that "retail investors the ability to participate in the infrastructure of the cryptocurrency industry[.]" Plaintiffs have alleged, and the court must accept as true, that they suffered losses as a result of their purchasing the Mining Contracts. Therefore, Plaintiffs have sufficiently pled loss causation.

### 3.    Counts II and IV: Plaintiffs Have Sufficiently Pled Securities Act §15 and Exchange Act §20(a) Violations

"Section 15 of the Securities Act provides for joint and several liability on any individual who controls a violator of Sections 11 or 12." *Lord Abbett Affiliated Fund, Inc. v. Navient Corp.*, 363 F. Supp. 3d 476, 485 n.4 (D. Del. 2019). "Section 20(a) of the Exchange Act imposes joint and several liability on any individual who exercises control over a person, including a corporation, who has committed a Section 10(b) violation." *Id.*

In both instances, Plaintiffs must allege a primary violation, control of the primary violator, and culpable participation in the primary violation. *Duncan v. Vantage Corporation*, 2019 WL 1349497, at *5 (D. Del. Mar. 26, 2019) (establishing the elements for Securities Act Section 15 claims); *In re Reliance Sec. Litig.*, 91 F. Supp. 2d 706, 731 (D. Del. 2000) (same, but for Exchange Act Section 20(a) claims). The Plaintiffs have done so here.

As discussed above, Plaintiffs have sufficiently alleged that there was a primary violation of both Section 12 of the Securities Act and 10(b) of the Exchange Act. Ms. Vo does not contest that the Mining Contracts were unregistered securities. Furthermore, the Complaint contains factual allegations showing, when taken as true, that VBit Tech made misleading statements in violation of Section 10(b) of the Exchange Act.

Plaintiffs allege, and the courts must accept as true, that through her role, Ms. Vo controlled the main interface through which VBit Tech interacted with its customers, ¶55. Ms. Vo, in her role as Operations Director, trained and oversaw the administrative support team, and caused the false

and misleading statements to be disseminated via the VBit Tech website. Therefore, Ms. Vo controlled, directly or indirectly, VBit Tech by causing it to make false and misleading statements on its website.

Lastly, as to culpable participation, Ms. Vo argues that Plaintiffs have not sufficiently alleged Section 15 or Section 20(a) claims because Plaintiffs have failed to allege Ms. Vo's culpable participation. As the Third Circuit has noted, district courts in this circuit have split over whether the plaintiff must plead culpable participation in order to defeat a motion to dismiss. *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 484 n.20 (3d Cir. 2013). The "overwhelming trend" is that failure to plead culpable participation is not a proper ground for granting a motion to dismiss because "the facts relevant to culpable participation are usually within the control of the defendant, and thus, discovery is warranted on the issue." *Dutton v. Harris Stratex Networks, Inc.*, 270 F.R.D. 171, 181-82 (D. Del. 2010) (citations omitted); *Dudley v. Haub*, 2013 WL 1845519, at *20 n.5 (D.N.J. Apr. 30, 2013); *Belmont v. MB Inv. Partners, Inc.*, 2010 WL 2348703, at *10 (E.D. Pa. June 10, 2010) *aff'd*, 708 F.3d 470 (3d Cir. 2013).

Taking the factual allegations in the Complaint as true, Plaintiffs have successfully pled control person liability as to Ms. Vo.

### 4.    Count V: Plaintiffs Have Sufficiently Alleged Unjust Enrichment

Ms. Vo challenges Plaintiffs' unjust enrichment claims on two grounds[8]: that Plaintiffs failed to allege an underlying primary violation, and that Plaintiffs failed to plead enrichment and that none exists. She is wrong on both counts.

As discussed above, taking the factual allegations in the Complaint as true, Plaintiffs have sufficiently pled the underlying primary violations. Furthermore, the Complaint alleges that,

---

[8] As discussed previously, this section also included an argument that challenged loss causation as it pertains to Plaintiffs' 10(b) claims.

around the time of the alleged sale of VBit Tech to Advanced Mining, Ms. Vo received a large amount of cryptocurrency from the account Mr. Vo used to manage VBit Tech's cryptocurrency assets, ¶56. Therefore, Ms. Vo is mistaken that Plaintiffs have failed to plead the underlying securities violations, and Ms. Vo is further mistaken that Plaintiffs have not pled unjust enrichment.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court should deny Ms. Vo's Motion to Dismiss. If, however, the Court finds Plaintiffs' allegations to be insufficient to state a claim for relief, Plaintiffs respectfully request leave to amend their allegations to cure any identified deficiencies.

Dated: September 30, 2024              Respectfully submitted,

**FARNAN LLP**

/s/ Brian E. Farnan
Brian E. Farnan, Esq. (Bar No. 4089)
Michael J. Farnan, Esq. (Bar No. 5165)
919 North Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*Liaison Counsel for Plaintiffs and the Class*

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim, Esq.
Ha Sung (Scott) Kim (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
*Lead Counsel for Plaintiff and the Class*