IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PARKER PELHAM, Individually and on Behalf of All Others Similarly Situated, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | C.A. No.: 1:23-cv-00162-JLH-SRF |
| VBIT TECHNOLOGIES CORP., VBIT MINING LLC, VBIT DC CORP., ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D. VO a/k/a KATIE VO, SEAN TU, JIN GAO, LILLIAN ZHAO, JOHN DOE INDIVIDUALS 1-10, and DOE COMPANIES 1-10, | : : : : : : : : : : : | |
| Defendants. | : : : | |

**DEFENDANT JIN GAO'S REPLY IN SUPPORT OF MOTION TO
<u>DISMISS FOR LACK OF SERVICE AND PERSONAL JURISDICTION</u>**

> HEYMAN ENERIO
> GATTUSO & HIRZEL LLP
> Samuel T. Hirzel, II (# 4415)
> Emily A. Letcher (# 6560)
> 300 Delaware Avenue, Suite 200
> Wilmington, DE 19801
> (302) 472-7300
> shirzel@hegh.law
> eletcher@hegh.law
> *Attorneys for Defendant Jin Gao*

OF COUNSEL:

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY
Scott M. Ratchick
John C. Guin
191 Peachtree Street, NE, 46th Floor
Atlanta, GA 30303
(404) 659-1410
scott.ratchick@chamberlainlaw.com
john.guin@chamberlainlaw.com

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

RELEVANT FACTUAL BACKGROUND AND ARGUMENTS .............................................. 1

    I.      MR. GAO HAS NEVER BEEN PERSONALLY SERVED. ................................ 1

    II.     PLAINTIFFS SERVICE UPON VBIT TECH'S REGISTERED AGENT IS NOT EFFECTIVE SERVICE ON MR. GAO .......................................................... 4

    III.    THE COMPLAINT SHOULD BE DISMISSED AGAINST MR. GAO FOR LACK OF PERSONAL JURISDICTION. ..................................................... 6

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Aladdin Knowledge Sys. Ltd. v. Feitian Techs. Co.*,
   2006 WL 8432749 (D. Del. Feb. 24, 2006) ....................................................................... 6

*BAM Int'l, LLC v. MSBA Grp. Inc.*,
   2021 WL 5905878 (Del. Ch. Dec. 14, 2021) ..................................................................... 8

*Dayhoff Inc. v. H.J. Heinz Co.*,
   86 F.3d 1287 (3d Cir. 1996) ........................................................................................... 6, 7

*Hazout v. Tsang Mun Ting*,
   134 A.3d 274 (Del. 2016) .................................................................................................. 8

*Miller v. Four Peaks Logistics LLC*,
   2023 WL 7301870 (D. Ariz. Nov. 6, 2023) ....................................................................... 3

*Newspan, Inc. v. Hearthstone Funding Corp.*,
   1994 WL 198721 (Del. Ch. May 10, 1994) ....................................................................... 6

*Snowstorm Acquisition Corp. v. Tecumseh Products Co.*,
   739 F. Supp. 2d 686 (D. Del. 2010) ................................................................................... 1

*Truinject Corp. v. Nestle Skin Health, S.A.*,
   2019 WL 6828984 (D. Del. Dec. 13, 2019) ....................................................................... 6

*World Entm't Inc. v. Brown*,
   487 Fed. Appx. 758 (3d Cir. 2012) .................................................................................... 3

**Statutes**

U.S. Const. Amend. XIV ......................................................................................................... 6

15 U.S.C. § 77v .................................................................................................................... 1, 6

15 U.S.C. § 78aa ................................................................................................................... 1, 6

10 *Del. C.* § 3104 .................................................................................................................... 6

10 *Del. C.* § 3114 ................................................................................................................. 5, 8

**Rules**

Fed. R. Civ. P. 4 ....................................................................................................................... 5

Fed. R. Civ. P. 4(e) .................................................................................................................. 3

Fed. R. .Civ. P. 4(m) ................................................................................................... 1, 4, 5, 9

Fed. R. .Civ. P. 12(b)(2) .......................................................................................................... 9

Fed. R. .Civ. P. 12(b)(4).................................................................................................................... 9

Defendant Jin Gao ("Mr. Gao") respectfully submits this Reply to the Opposition brief filed by Plaintiffs (D.I. 51) in response to Mr. Gao's Motion to Dismiss ("Gao's MTD") (D.I. 44).

## INTRODUCTION

The issues presented by Gao's MTD are simple and straightforward. First, Mr. Gao has never been served since this case was filed more than 1.5 years ago. Therefore, under Federal Rule of Civil Procedure 4(m), the Court "**must** dismiss the action without prejudice against [Mr. Gao] or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Second, while Mr. Gao recognizes that nationwide service of process exists as to *viable* claims under the Securities Act and the Securities Exchange Act, Mr. Gao maintains that any such claims in this case are not viable as to him, in which case personal jurisdiction is lacking. Accordingly, Gao's MTD properly preserves his defense.[1] Further, in the event such claims are not viable, Mr. Gao does not have sufficient contacts with this district to support personal jurisdiction, and Plaintiff's Opposition, which is laden with information wholly unrelated to the subject matter of Gao's MTD, does nothing to demonstrate to the contrary.

## RELEVANT FACTUAL BACKGROUND AND ARGUMENTS

### I.   MR. GAO HAS NEVER BEEN PERSONALLY SERVED.

Plaintiffs have presented absolutely zero evidence to support that Mr. Gao has been personally served with process in this case. As recited in Gao's MTD, Mr. Gao resides at his home (the "Residence") in Philadelphia, PA. (Ex. 1, Gao Aff. ¶ 12 filed with the Gao MTD). He maintains a Ring Home Security Doorbell (the "Ring Doorbell") at his Residence that records video footage of the area around the Residence's front door. (*Id.*) On March 7, 2023, the Ring Doorbell recorded video footage of a process server attempting to serve copies of documents

---

[1]   *Snowstorm Acquisition Corp. v. Tecumseh Products Co.*, 739 F. Supp. 2d 686 (D. Del. 2010)

1

related to this action. (*Id.* at ¶ 13). The footage shows that the process server came to the front door of the Residence, rang the doorbell, and then left documents near the front door before leaving.[2] (*Id.*) Mr. Gao stated in his affidavit offered in support of Gao's MTD that he does not recall whether he was even at the residence at the time the process server left the aforementioned documents at the Residence. (*Id.* at ¶ 14). However, Mr. Gao testified that he certainly was not aware of the process server's presence at the Residence at the time (*Id.*), and further that he has no recollection of hearing the process server ring the doorbell. (*Id.*) No papers were given to him at that time, and Plaintiffs do not argue to the contrary.

In response to these undisputed facts, Plaintiffs do not present any evidence whatsoever. Instead, Plaintiffs offer only speculative narratives from counsel (not from any witness) suggesting what counsel interprets *he* sees in the Ring video (i.e. the process server "holds up the papers and says 'here' to someone off camera" and "a light source coming from or through a part of the door"). *Opposition*, p. 6. None of this is *evidence;* rather, it is pure speculation by counsel that is contradicted by Mr. Gao's sworn affidavit. By contrast, what is evidenced by the Ring video is that the process server merely left certain documents at Mr. Gao's front door, as opposed to personally serving Mr. Gao. In that regard alone, the Plaintiffs Return of Service, filed on March 17, 2023, falsely stated that Mr. Gao was allegedly "**personally** served." (D.I. 6). There is no mention in the Return of Service that the documents were left at the door or that Mr. Gao evaded service. (*Id.*)

Moreover, while Plaintiffs argue, falsely and without any factual support whatsoever, that "Mr. Gao admits he was dodging service" (*Opposition*, p. 4), it was Plaintiffs who dodged the issue of service for almost seventeen (17) months after being informed of the failed service attempt at Mr. Gao's Residence. On April 5, 2023, Mr. Gao's counsel affirmatively reached out

---

[2]   A copy of the video footage was included with the courtesy copies of Gao's MTD filing.

and informed Plaintiffs' counsel of the failed attempt to serve Mr. Gao at his Residence, and provided counsel with a link to the video footage from the Ring doorbell. (Ex. 2 to Gao's MTD). Rather than address the defective attempt at service, Plaintiffs' counsel did not bother to respond to this email. (*Id.*) Thus, on May 9, 2023, Mr. Gao's counsel followed up and asked whether Plaintiffs' counsel had "[spoken] with the process service about the purported service of process that we showed on the Ring video"? (*Id.*) Plaintiffs' counsel again never responded to this email. Despite knowing about the deficiencies with the process server's purported service on Mr. Gao, the Plaintiffs have made no efforts to correct those deficiencies. Indeed, no process server has attempted to serve Mr. Gao in relation to this action since the single, deficient attempt on March 7, 2023—more than a year and a half ago.

The law is very clear on this issue; in order to serve an individual residing in the United States, the plaintiff must do one of the following:

(A) deliver[] a copy of the summons and of the complaint to the individual personally;

(B) leav[e] a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) deliver[] a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Simply leaving a copy of the summons and complaint at the door to a defendant's residence, as was done in this case, is *not* proper service under Rule 4(e), unless the defendant has actively evaded service. *See, e.g., Miller v. Four Peaks Logistics LLC*, 2023 WL 7301870, at *4 (D. Ariz. Nov. 6, 2023) ("Generally speaking, leaving documents at the door is insufficient to effect service of process."); *see also World Entm't Inc. v. Brown*, 487 Fed. Appx. 758, 761 (3d Cir. 2012) ("Leaving papers in the defendant's physical proximity is usually sufficient if (1) defendant **actively evades service**, and (2) there is clear evidence that the

3

defendant actually received the papers at issue when allegedly served.") (emphasis added). In this case, there was no evading of service. To the contrary, following the defective attempt at service, this issue was presented to Plaintiffs' attorneys, at least twice. It was Plaintiffs, at least through their counsel, who evaded the issue of service. Mr. Gao cannot be penalized for that.

"If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—**must** dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Based upon Plaintiffs' failure to timely serve Mr. Gao, and given the extended period of time without service being made, this Court should dismiss the case against Mr. Gao.

## II. PLAINTIFFS SERVICE UPON VBIT TECH'S REGISTERED AGENT IS NOT EFFECTIVE SERVICE ON MR. GAO

Rather than address the failure of personal service and the emails to counsel regarding the issue, on July 27, 2023, Plaintiffs made service upon VBit Tech's registered agent, Legaline Corporate Services, Inc. (*Opposition*, p. 7; D.I. 18) This service was not specific as to Mr. Gao, but rather was purportedly to be for service upon "Danh Cong Vo a/k/a Don Vo c/o Vbit Technologies Corp.", Sean Tu c/o VBit Technologies Corp.", Lillian Zhao c/o VBit Technologies Corp.", VBit Technologies Corp. itself, as well as upon "Jin Gao c/o VBit Technologies Corp." (D.I. 18) On that same date, Plaintiffs apparently served Phuong D Vo a/k/a Katie Vo by service upon her counsel, Richards, Layton & Finder, and served VBit Mining LLC through its registered agent (also Legalinc Corporate Services, Inc.). (*Id.*) Plaintiffs did not file the proofs of service for the aforementioned supposed services until October 25, 2023. (*Id.*)

This later "Proof of Service" as to Mr. Gao was a clear recognition by Plaintiffs that the earlier attempted personal service was not effective.[3] Moreover, however, it was not specifically

---

[3] Plaintiffs try to explain this away by arguing that when lead counsel was appointed, she

4

intended to effect valid service upon Mr. Gao but rather to simply try to lump him in with other defendants not similarly situated with him.

Neither Fed. R. Civ. P. 4 nor 10 *Del. C.* § 3114 allows for service upon Mr. Gao via VBit Technologies' registered agent. Mr. Gao is not, and never has been, an officer, director, trustee or member of the governing body of VBit Technologies Corp. Plaintiffs have presented absolutely no evidence to the contrary, as none exists. Rather, Plaintiffs simply conclusively state that Mr. Gao was "an officer, director, or managing agent of VBit Tech" but without any evidentiary support whatsoever. (*Opposition*, p. 8) By contrast, Mr. Gao has provided a sworn affidavit in this case in which he has testified as follows:

> Beginning in approximately August 2018, I began working as an independent contractor for VBIT Technologies Corp. ("VBIT Technologies"). In that capacity, I worked as a sales and marketing person to promote and sell the products and services of VBit Technologies. Over time, based upon level of sales I and my team achieved, I rose to the position of "vice chairman" of VBIT Technologies. However, this title reflected only the level of my and my team's sales. It did not relate in any way to any position I held as an officer or director of VBIT Technologies. I am not and never have been an officer or director of VBIT Technologies.

(D.I. 44-1 at ¶ 3).

This is the only evidence in the case addressing the capacity of Mr. Gao's affiliation with VBit Tech. Plaintiff has failed to meet its burden to establish that Mr. Gao was an officer, director, managing agent, trustee or member of the governing body of VBit Tech. Accordingly, the attempted service upon Mr. Gao by service upon VBit Tech's registered agent is ineffective. Further, as noted above, under Fed. R. Civ. P. 4(m), the Court "**must** dismiss the action without prejudice against [Mr. Gao] or order that service be made within a specified time." (Emphasis

---

allegedly "relied upon the affidavit of service filed by Parker Pelham (D.I. 6). But seeing that Mr. Gao still had not appeared in this case but had appeared in the related RICO case *Dettmering et al v. VBit Technologies Corp. et al….*, Ms. McKellar served Mr. Gao again out of an abundance of caution." (Opposition, p. 7)

5

added).

### III. THE COMPLAINT SHOULD BE DISMISSED AGAINST MR. GAO FOR LACK OF PERSONAL JURISDICTION.[4]

Having raised a jurisdictional defense, the Plaintiffs bear the burden of proving by **affidavits or other competent evidence** that jurisdiction is proper. *Truinject Corp. v. Nestle Skin Health, S.A.*, 2019 WL 6828984, at *7 (D. Del. Dec. 13, 2019) (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)). "To meet this burden, [the plaintiff] must adduce facts which establish with reasonable particularity that jurisdiction over [the defendant] exists." *Aladdin Knowledge Sys. Ltd. v. Feitian Techs. Co.*, 2006 WL 8432749, at *3 (D. Del. Feb. 24, 2006) (internal quotation marks and citations omitted). "A determination of whether personal jurisdiction exists over a party may be accomplished either after a preliminary hearing or based solely on submitted affidavits and other sworn documents or testimony." *Newspan, Inc. v. Hearthstone Funding Corp.*, 1994 WL 198721, at *3 (Del. Ch. May 10, 1994).

The Plaintiffs have offered absolutely no evidence of Mr. Gao's contacts with this jurisdiction as required to satisfy both Delaware's long arm statute and constitutional due process and to comport with traditional notions of fair play and substantial justice as required by the Due Process Clause of the Fourteenth Amendment. *Newspan, Inc. v. Hearthstone Funding Corp.*, 1994 WL 198721, at *4 (Del. Ch. May 10, 1994); 10 *Del. C.* § 3104. Rather than making a *prima facie* showing that Mr. Gao is subject to the personal jurisdiction of this Court, Plaintiffs have only averred as follows:

> Mr. Gao played an important role in furthering VBit Tech's securities fraud. Mr. Gao admits he and his team brought on so many new victims that Mr. Gao was

---

[4] As noted above, Mr. Gao recognizes that nationwide service of process exists as to viable claims under the Securities Act and the Securities Exchange Act. However, Mr. Gao maintains that any such claims in this case are not viable as to him, in which case personal jurisdiction is otherwise lacking for the reasons set forth in Gao's MTD and herein below. Accordingly, Gao's MTD properly preserves his defense.

> awarded the title of Vice President. Gao MTD, ¶18. Additionally, Mr. Gao hosted a training livestream, which was later uploaded to VBit Tech's official YouTube channel, in which he trained victims how to utilize VBit Tech's services and held himself out as the "face of the company" and stated he gets mistaken for VBit Tech's CEO, ¶33. He owned the Philadelphia office that VBit Tech (and later Advanced Mining) operated out of, id., and he had a 17% ownership stake in VBit DC, which raised funds for and owned the mining facility in Montana used by VBit Tech, ¶53.

(Opposition, pp. 10-11) Not a single one of these alleged facts, even if true (which they generally are not), addresses the jurisdiction of this Court or evidences conduct occurring within the jurisdiction of this Court. The Plaintiffs do not allege at all that Mr. Gao took any act in, or directed towards, Delaware. Further, as noted in Gao's MTD, <u>*the Complaint hardly mentions Mr. Gao at all*</u>.

Mr. Gao set forth the following facts in Gao's MTD, none of which Plaintiffs have refuted or even attempted to refute in their Opposition:

- Mr. Gao did <u>*not*</u> "co-found VBIT." (Ex. 1 to Gao's MTD, Gao Aff. ¶¶ 3-6). Rather, he was recruited to join VBIT's marketing/sales team by Defendant Don Vo, who is VBIT's actual founder. (*Id.* at ¶ 5).

- Although Mr. Gao did have the "Vice Chairman" title with Advanced Mining—an "Asian-based company" (*i.e.*, not a Delaware corporation)—that was merely a marketing title awarded based on sales numbers—it was not an officer title. (*Id.* at ¶ 3); (Dkt. 34 at ¶ 10). Similarly, Mr. Gao's former title of "vice president of marketing" was merely a marketing title that "reflected on the level" of Mr. Gao's sales. (Ex. 1, Gao Aff. ¶ 4). In other words, both of these titles were marketing titles given to high-performing salespersons; they were not corporate officer titles. (*Id.* at ¶¶ 3–6).

- Although Plaintiffs also allege Mr. Gao was a part-owner of VBit DC Corp. ("DC Corp."), the Plaintiffs also admit that entity was merely a landlord, and offer no explanation for how it was involved in any of the alleged torts at issue (ostensibly because the Plaintiffs *know* DC Corp was not involved, given their own admission that it was merely a landlord). (Dkt. 34 at ¶ 28).

- Mr. Gao was not involved in any way with VBIT Technologies Corp., VBIT Mining LLC, or Advanced Mining Group's decision to "freeze" anyone's "virtual wallets." (*Id.* at ¶ 8). In fact, Mr. Gao himself was frozen out of his own "virtual wallet" controlled by Advanced Mining Group.

7

>(*Id.*). In that respect, Mr. Gao is more similarly situated to the Plaintiffs than the company defendants.

Further, while all true and factually important, none of the foregoing establishes any connections to Delaware and the jurisdiction of this Court.  Further still, Delaware law is clear that a person's mere company title at a Delaware entity, in and of itself, is insufficient to confer personal jurisdiction. *BAM Int'l, LLC v. MSBA Grp. Inc.*, 2021 WL 5905878, at *2 (Del. Ch. Dec. 14, 2021) (holding that personal jurisdiction did not exist over two individual defendants because they lacked sufficient minimum contacts with Delaware—even though those two individuals were the CEO and CFO of the defendant Delaware corporation).  Rather, Delaware's officer and director consent statute 10 *Del. C.* § 3114—which is not applicable to Mr. Gao because he was not an officer or director—only confers jurisdiction (a) in actions alleging breach of their duty to the corporation and its stockholders, or (b) where litigation is brought in Delaware involving the corporation, to which the officer is a necessary or proper party.  Neither provision is satisfied here as to Mr. Gao who, as noted above, is hardly mentioned in the Complaint and is not personally alleged to have engaged in any of the conduct that caused the alleged damages, much less through an official capacity.  These statutory limitations are necessary for the statute to comply with the "minimum contacts" requirements of "constitutional due process." *Id.* at 1, 7-8 (citing *Hazout v. Tsang Mun Ting*, 134 A.3d 274, 287 (Del. 2016)).

The Plaintiffs' claims against Mr. Gao are insufficient to establish that Mr. Gao has sufficient minimum contacts with Delaware and that this Court has personal jurisdiction over Mr. Gao.  Accordingly, this case should be dismissed for lack of personal jurisdiction.

## CONCLUSION

WHEREFORE, Mr. Gao respectfully requests that the Court dismiss the Complaint against him under Federal Rules of Civil Procedure 4(m), 12(b)(2), and 12(b)(4).  Mr. Gao also reserves the right to further move to dismiss or otherwise respond to Plaintiff's Complaint if required and as appropriate in the future.

                HEYMAN ENERIO
                GATTUSO & HIRZEL LLP

                */s/ Samuel T. Hirzel, II*
                Samuel T. Hirzel, II (# 4415)
                Emily A. Letcher (# 6560)
                300 Delaware Avenue, Suite 200
                Wilmington, DE 19801
                (302) 472-7300
                shirzel@hegh.law
                eletcher@hegh.law
                *Attorneys for Defendant Jin Gao*

OF COUNSEL:

CHAMBERLAIN, HRDLICKA,
WHITE, WILLIAMS & AUGHTRY
Scott M. Ratchick
John C. Guin
191 Peachtree Street, NE, 46th Floor
Atlanta, GA 30303
(404) 659-1410
Scott.ratchick@chamberlainlaw.com
John.guin@chamberlainlaw.com

Dated:  October 21, 2024

9