# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

PARKER PELHAM, Individually and on Behalf of All Other Similarly Situated, )
)
)
Plaintiff, )        C.A. No. 23-162-JLH-SRF
)
v. )
)
VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, LILLIAN ZHAO, and JOHN DOE INDIVIDUALS 1-10, and DOE COMPANIES 1-10, )
)
)
)
)
)
)
Defendants. )

## REPLY BRIEF IN SUPPORT OF DEFENDANT PHUONG D. VO A/K/A KATIE VO'S MOTION TO DISMISS

OF COUNSEL:

Mitchell S. Kim
BUCHALTER
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017
(213) 891-0700
mkim@buchalter.com

Travis S. Hunter (#5350)
Jessica E. Blau (#7163)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
hunter@rlf.com
blau@rlf.com

*Attorneys for Defendant Phuong D Vo a/k/a Katie Vo*

Dated: October 24, 2024

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ...............................................................................................................1

ARGUMENT .......................................................................................................................2

I. PLAINTIFFS' DENIAL OF MS. VO'S ROLE AT VBIT TECH DOES NOT CHANGE THE FACT THAT SHE WAS AN ADMIN. EMPLOYEE ......................................................................................................2

II. THIS COURT LACKS PERSONAL JURISDICTION OVER MS. VO AND THEREFORE ALL OF PLAINTIFF'S CLAIMS AGAINST MS. VO SHOULD BE DISMISSED ..................................................................4

III. THE COMPLAINT FAILS TO SATISFY FEDERAL RULE OF CIVIL PROCEDURE 8(A) ..........................................................................5

IV. COUNT I: PLAINTIFFS STILL FAIL TO PLEAD SUFFICIENT FACTS TO SUPPORT SECURITIES ACT §§ 5 AND 12(A)(1) VIOLATIONS .........................................................................................6

V. COUNT III: PLAINTIFFS STILL FAIL TO PLEAD SUFFICIENT FACTS TO SUPPORT EXCHANGE ACT 10(B) AND RULE 10B-5 VIOLATIONS .........................................................................................9

VI. COUNT II AND IV: PLAINTIFFS STILL FAIL TO PLEAD SUFFICIENT FACTS TO SUPPORT SECURITIES ACT §15 & EXCHANGE ACT §20(A) VIOLATIONS ...............................................12

VII. COUNT V: PLAINTIFFS STILL FAIL TO PLEAD SUFFICIENT FACTS TO SUPPORT UNJUST ENRICHMENT .......................................13

CONCLUSION .................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*In re Chemours Co Securities Litigation,*
   587 F. Supp. 3d 143 (D. Del. 2022) ............................................................... 11, 12

*In re Digital Island Sec. Litig.,*
   223 F.Supp.2d 546 (D. Del. 2002) ....................................................................... 12

*In re Fisker Auto Holdings, Inc. v. S'holder Litig.,*
   No. CV 13-2100-SLR, 2015 WL 6039690 (D. Del. Oct. 15, 2015) ................. 6, 7

*Gottlieb v. Sandia Am. Corp.,*
   452 F.2d 510 (3d Cir. 1971) ................................................................................... 3

*H2O Plus, LLC v. Arch Pers. Care Products, L.P*
   CIV. 10-3089 WJM MF, 2011 WL 2038775 (D.N.J. May 22, 2011) ............. 5, 6

*Jordan v. Bellinger,*
   No. CIV.A. 98-230-GMS, 2000 WL 1239956 (D. Del. Aug. 28, 2000),
   *amended*, No. CIV. A. 98-230-GMS, 2000 WL 1456297 (D. Del. Sept. 21,
   2000) ....................................................................................................................... 10

*Obasi Inv. LTD v. Tibet Pharms., Inc.,*
   931 F.3d 179 (3d Cir. 2019) ..................................................................................... 2

*PT China LLC v. PT Korea LLC,*
   2010 WL 761145 Del. Ch. Feb. 26, 2010) ......................................................... 4, 5

*Tellabs, Inc. v. Makor Issues & Rights., Ltd.,*
   551 U.S. 308 (2007) ............................................................................................... 11

*Tenneco Oil Co. v. Department of Energy,*
   475 F. Supp. 299 (D. Del. 1979) ...................................................................... 9, 10

*Zazzali v. Alexander Partners, LLC,*
   No. CV 12-828-GMS, 2013 WL 5416871 (D. Del. Sept. 25, 2013) .................. 12

**STATUTES & RULES**

Fed. R. Civ. P. 8(a) ...........................................................................................................1

Fed. R. Civ. P. 9(b) ...........................................................................................................1

17 CFR § 240.10b5-1 ..................................................................................................9, 11

## INTRODUCTION

Plaintiffs Alisha McKellar, Jin Hyuk Ho, Terence Brown, David Veney, and Jake Washburn's (collectively referred to as "Plaintiffs"), response to Defendant Phuong D. Vo a/k/a Katie Vo's ("Ms. Vo") Motion to Dismiss falls short in overcoming the arguments and deficiencies set forth in Ms. Vo's Motion to Dismiss. Plaintiffs' continued reliance on generalized and conclusory facts simply are not enough to plead substantive claims specifically against Ms. Vo. In contrast to Plaintiffs' errant belief, the generalized facts that may apply to other named Defendants cannot automatically apply to Ms. Vo just because she was an employee of Defendant VBit Technologies Corp. ("VBit Tech").

Similarly, Plaintiffs appear to acknowledge their failure to satisfy Federal Rules of Civil Procedure, Rule 8(a) and relying on deficient group pleading by failing to dispel the specific examples illustrated by Ms. Vo in her Motion to Dismiss. In fact, Plaintiffs fail to provide any legal basis as to how they satisfied Fed. R. Civ. P. Rule 8(a) and instead rely on generality or common pleading practice to seek excuse for their clear pleading deficiency. *See* Opp. at 10-12. When Rule 8(a) pleading deficiencies are combined with Plaintiffs' failure to meet the heightened pleading standard set forth in Rule 9(b), there cannot be sufficient notice that can be provided to Ms. Vo by law. Thus, Plaintiffs' pleadings deficiencies further emphasized through their response to Ms. Vo's Motion to Dismiss provide

sufficient basis for this Court to grant Ms. Vo's Motion to Dismiss in its entirety with prejudice.

# ARGUMENT

I.  **PLAINTIFFS' DENIAL OF MS. VO'S ROLE AT VBIT TECH DOES NOT CHANGE THE FACT THAT SHE WAS AN ADMIN. EMPLOYEE**

No matter how many times Plaintiffs attempt to deny the truth, it simply does not change the fact that Ms. Vo worked as an administrative employee of VBit Tech. Even worse, Plaintiffs fail to provide any specific duties in which Ms. Vo allegedly performed that somehow qualifies her as one of the executives at VBit Tech. *See* Opp. at 5. The duties that Plaintiffs mention such as "training and overseeing the administrative support team" and allegedly "operat[ing] the main interface between VBit Tech and customers" are precisely what administrative employees with more experience than other administrative employees do. *Id.* In fact, the Third Circuit defines a "director" under the Securities Act as "a member of a board appointed to direct or manage the affairs of a commercial corporation or company." *Obasi Inv. LTD v. Tibet Pharms., Inc*, 931 F.3d 179, 184 (3d Cir. 2019) (interpreting "director" based on the "dictionary definitions from the time Congress enacted the statute). Although Ms. Vo's employment title states "director," Ms. Vo was the *Operations* Director—an administrative role—and not a director who sits on a corporation's board. Nor was Ms. Vo ever appointed to be a director. Under the express terms of

2

her employment contract, Ms. Vo was contractually obligated "to be subject to the general supervision of and act pursuant to the orders, advice and direction of [VBit Tech.]" D.I. 21.

Likewise, Ms. Vo was not a "managing agent." A "managing agent" is one who "typically . . . perform[s] duties which are 'sufficiently necessary' to the corporation's operations." *Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 513 (3d Cir. 1971). A "managing agent" should be "a responsible party in charge of any substantial phase" of a corporation's activity and should have "broad executive responsibilities." *Id.* Again, based on Ms. Vo's employment contract with VBit, her job duties were limited to purely administrative work. Her duties, such as answering customer support tickets or training admin support staff, hardly amount to duties which are "sufficiently necessary" to VBit's operations. *Id.* Without any supporting facts, Plaintiffs blindly continue to rely on their conclusory statement that Ms. Vo was an officer, director, or managing agent of VBit Tech. *See* Opp. at 5-6. Plaintiffs' repetition of the same incorrect assertions now through an Opposition brief do not suddenly morph them into correct assertions. Accordingly, Plaintiffs' errant description of Ms. Vo's role at VBit Tech should be disregarded in its entirety.

3

**II.   THIS COURT LACKS PERSONAL JURISDICTION OVER MS. VO AND THEREFORE ALL OF PLAINTIFF'S CLAIMS AGAINST MS. VO SHOULD BE DISMISSED**

As Plaintiffs conceded in their Opposition, their claims as against Ms. Vo are only "in part" based on alleged violations of the Securities and Exchange Act. *See* Opp. at 6. In fact, Plaintiffs concede that the Exchange Act does not extend to State law claims such as Count 5, as alleged against Ms. Vo and thereby lacking personal jurisdiction. Further, Plaintiffs' Opposition cites a footnote in *PT* China *LLC v. PT Korea LLC* for the proposition that "where someone accepts a management position in a Delaware corporation, he has 'submitted himself to the jurisdiction of the Delaware courts in suits pertaining to his rights, duties, and obligations as a manager." 2010 WL 761145, at *8, n. 44(Del. Ch. Feb. 26, 2010); *see* Opp. at 10. Plaintiffs, however, omit the introductory adverbial clause preceding their quote: "[b]y accepting a *key* management position." *Id.* In contrast, Ms. Vo was never in a position of *key* management based on the express terms of her employment contract. D.I. 21. Additionally, *PT China* is a case regarding a shareholder derivative suit by the plaintiff corporation against its *sole member and manager*. 2010 WL 761145, at *8 (emphasis added) The *PT China* court found personal jurisdiction because it was analyzing personal jurisdiction based on service of process under Delaware's Limited Liability Company (LLC) Act. *Id.* Further, the *PT China* court defined "manager" identically as under Delaware's LLC Act and as "a person who

4

'participates materially in the management of the limited liability company." *Id.* at *5. Here, Ms. Vo was not a "manager" because she was a low-level, administrative employee who contractually could not participate materially in VBit Tech's management. Ms. Vo's management of support staff reasonably cannot amount to the material management contemplated by the *PT China* court. Therefore, *PT China* does not support Plaintiffs' proposition that by merely accepting a management position in a Delaware corporation, one becomes subject to Delaware jurisdiction. At minimum, there cannot be any personal jurisdiction over Ms. Vo as to Plaintiffs' state law based claims, i.e., Count 5.

### III. THE COMPLAINT FAILS TO SATISFY FEDERAL RULE OF CIVIL PROCEDURE 8(A)

The clear deficiencies and Plaintiffs' reliance on group pleading in their Complaint cannot somehow be remedied through their Opposition to Ms. Vo's Motion to Dismiss. In their Opposition, Plaintiffs unknowingly appear to agree with Ms. Vo's position that Plaintiffs did in fact rely on group pleading by referencing *H2O Plus, LLC v. Arch Pers. Care Products, L.P.* as their supporting authority. No. CIV. 10-3089 WJM MF, 2011 WL 2038775, at *3 (D.N.J. May 22, 2011);s*See* Opp. at 11-12. *H2O Plus* dealt with a plaintiff corporation's suit against two similarly named companies: Arch Personal Care Products, L.P. and Arch Chemicals. *H2O Plus, LLC*, 2011 WL 2038775, at *3. In the complaint, the plaintiff specified under each count either a cause of action against a specific defendant (e.g., "Breach of

5

Contract against Arch Personal Care Products), or both defendants (e.g., "Fraud against both Arch Defendants."). *Id.* at *1. This is an example of properly specifying causes of action against specific defendants.

In Plaintiffs' Complaint, however, each of their claims (except for Count 4) state, "Against all Defendants" and lumps *all* Defendants together. Unfortunately for Plaintiffs, their own Complaint goes against the very case they rely on to somehow support their contention that their Complaint does not consist of group pleading. As their own Complaint and *H2O Plus* convey, Plaintiffs have improperly relied on group pleading and have lumped all Defendants into a single ambiguous group hoping notice would be given to specific Defendants implicitly. This very pleading practice engaged by Plaintiffs is in direct violation of Rule 8(a) and its requirements. Thus, Plaintiffs have failed to provide sufficient notice, specifically to Ms. Vo, regarding any purported wrongdoing, if any, and therefore, Plaintiffs have failed to meet the clear pleading standards set forth in Rule 8(a).

### IV. COUNT I: PLAINTIFFS STILL FAIL TO PLEAD SUFFICIENT FACTS TO SUPPORT SECURITIES ACT §§ 5 AND 12(a)(1) VIOLATIONS

Plaintiffs' deficient facts alleged specifically against Ms. Vo in the Complaint still remain regardless of their attempt to provide more context through the Opposition. Despite relying on *In re Fisker Auto Holdings, Inc. Shareholder*

6

*Litigation.*[1] in an effort to overcome their factual deficiencies, *Fisker* actually supports Ms. Vo's arguments asserted in the Motion to Dismiss. More specifically, Plaintiffs conveniently leave out the sentences that follow the quote used in their Opposition, which states, "[m]ore specifically, liability should not be imposed 'on persons whose actions were merely a 'substantial factor' in causing the purchase," instead "[t]he purchaser must demonstrate direct and active participation in the solicitation of the immediate sale to hold the issuer liable as a § 12(2) seller." *In re Fisker Auto Holdings, Inc. S'holder Litig.*, No. CV 13-2100-SLR, 2015 WL 6039690, at *10 (D. Del. Oct. 15, 2015). In *Fisker*, the plaintiffs sued the defendant corporation's Founder, Co-Founder, Chief Operating Officer, Chief Financial Officer, Chairman of the Board of Directors, and related directors under Section 12(a)(2). *Id*. In analyzing whether some defendants were liable, the court examined each relevant defendant's conduct. *Id*. at *10-11. One of the directors was involved in investor solicitation, as evidenced by his participation in a capital call. *Id*. A private memorandum used to solicit investors also described the director as having an economic interest in the corporation's success. *Id*. Meanwhile, the Co-Founders and COO actively participated as speakers on multiple investor and analyst conference calls intended to solicit investments, some of which were recorded for

---

[1] The court in *Fisker* analyzed a claim under §12(a)(2), not §12(a)(1), which is what Plaintiffs have claimed against Ms. Vo. Therefore, *Fisker* is inapplicable to the proposition Plaintiffs are seeking to convey.

7

future distribution to potential investors. *Id.* Lastly, the court found that the Chairman of the corporation's board of directors and role as a managing partner of a major investor in the corporation sufficiently alleged solicitation at the motion to dismiss stage. *Id.*

In contrast, however, there are no facts to suggest that Ms. Vo actively or directly solicited sales when her job duties have been narrowly limited to that of an administrative employee as detailed in her employment contract. D.I. 21. Plaintiffs fail to allege any facts that somehow show that Ms. Vo performed duties that are well outside of the ones detailed in her employment contract and breached her own contract. Even when Plaintiffs assert that Ms. Vo "trained and directed the administrative support team to make misrepresentations to customers to maintain VBit Tech's fraudulent scheme," Plaintiffs fail to provide any threshold facts to show that Ms. Vo indeed had any knowledge of VBit Tech's fraudulent scheme, where she obtained such knowledge, what it is that she actually trained and directed other administrative employees on, what misrepresentations have been made specifically by Ms. Vo, and how she trained and directed other administrative employees. Further, there are no facts alleged by Plaintiffs that explain how Ms. Vo even had access to VBit Tech's website when such duty is not listed anywhere in her employment contract. D.I. 21. Plaintiffs continue to make factual presumptions without any supporting facts or the necessary details. Without the foregoing

8

necessary factual details, Plaintiffs simply cannot assert a sufficient claim against Ms. Vo as to Count 1.

## V. COUNT III: PLAINTIFFS STILL FAIL TO PLEAD SUFFICIENT FACTS TO SUPPORT EXCHANGE ACT 10(b) AND RULE 10b-5 VIOLATIONS

Plaintiffs' Opposition continues to engage in factual fabrication and distort the truth. Once again, Plaintiffs assert that Ms. Vo "trained and led the administrative support team *to make misrepresentations to* investors *concerning VBit Tech's business.*" *See* Opp. at 14. This is incorrect. As Ms. Vo's employment contract states—in its entirety—that Ms. Vo's duty was to "train members of the admin support team," nothing more. D.I. 21. Plaintiffs are therefore speculating without basis, attempting to twist routine administrative training into an accusation that Ms. Vo somehow instructed her team to deceive customers. If the distortion of the plain meaning of the words stated in Ms. Vo's employment contract was not enough, Plaintiffs then curiously seek to argue that Ms. Vo conceded on elements (3)-(5) of Plaintiffs' 10b-5 claim. *See* Opp. at 14 n. 5. This entire argument is misplaced given the clear context of the arguments raised by Ms. Vo in the Motion to Dismiss wherein the first two threshold elements of Plaintiffs' 10b-5 fail and such is the reason that Plaintiffs' entire 10b-5 claim must be dismissed in its *entirety*.

Plaintiffs cite a footnote in *Tenneco Oil Co. v. Department of Energy* for the proposition that issues not raised in motion to dismiss 'must be deemed waived."

9

475 F. Supp. 299, 307 & n.11 (D. Del. 1979). Plaintiffs misinterpret *Tenneco*'s holding. *Tenneco* was a case that discussed a corporation's suit for judicial review of an administrative agency's decision. Notably, the *Tenneco* court assessed the defendant administrative agency's motion to dismiss under a *partial summary judgment* standard because the defendant's motion referenced portions of the administrative record of proceedings below, thus requiring the court to consider matters outside the pleadings. *Id*. More importantly, however, *Tenneco* is inapposite because *Tenneco*'s holding is that issues not raised in *administrative proceedings* are waived on appeal. *Id. Tenneco* does not stand for Plaintiffs' proposition that it applies to non-administrative civil cases. *Id.* Therefore, Plaintiffs misconstrue and overstate *Tenneco*'s holding.

Plaintiffs similarly misunderstand *Jordan v. Bellinger*. No. CIV.A. 98-230-GMS, 2000 WL 1239956 (D. Del. Aug. 28, 2000), *amended*, No. CIV. A. 98-230-GMS, 2000 WL 1456297 (D. Del. Sept. 21, 2000). *Jordan* involves a pro se prisoner's civil suit against his prison guards for various tort violations. *Id.* The defendants filed a motion to dismiss based solely on immunity under Delaware's Tort Claims Act. *Id.* The defendants then raised a new argument in their reply brief, claiming that they acted according to prison policy. *Id.* It is at this point that the *Jordan* court dismissed the defendants' new argument for failure to raise it in their opening brief pursuant to Delaware court local rules. *Id.* Again, Ms. Vo is <u>not</u>

10

conceding the undiscussed elements. Unlike *Jordan*, Ms. Vo is not raising new arguments in her reply brief. Moreover, Ms. Vo's opening brief simply argues that Plaintiffs fail to adequately plead *all* elements of their claim and therefore, have failed to state the *entirety* of the 10b-5 claim. *See* Opening Brief ("OB") at 17.

Further, Plaintiffs cannot satisfy the scienter element, so they attempt to sidestep it with a cheap substitute: a "strong inference" rather than the specific, well-pleaded facts required. *See* Opp. at 15. Interestingly, Plaintiffs cherry-pick quotes from *Tellabs, Inc. v. Makor Issues & Rights., Ltd.* to craft a lower standard. 551 U.S. 308 (2007); *see* Opp. at 15. What the Supreme Court stated in *Tellabs* was that "the inference of scienter must be more than merely 'reasonable' or 'permissible'—it must be cogent and compelling, *thus strong in light of other explanations*. A complaint will survive, we hold, only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* at 324 (emphasis added). Plaintiffs then graft yet another out-of-context quotation from *In re Chemours Co Securities Litigation* in a further attempt to lower their pleading burden. 587 F. Supp. 3d 143 (D. Del. 2022). *Chemours*, when read in full context, held that "[i]n order to plead a securities fraud claim, a plaintiff must 'state *with particularity* facts giving rise to a *strong* inference that the defendant acted with the required state of mind. To plead that required state of mind—i.e., scienter—the plaintiff must allege facts from which it

11

can be plausibly inferred that the defendant acted with an "*intent to deceive, manipulate, or defraud*" with "a knowing or reckless state of mind." *Id.* at 167 (emphasis added, internal quotations omitted). Here, the arguments set forth in Ms. Vo's Motion to Dismiss still remain untouched given Plaintiffs' continued reliance on factual distortion and unavailing attempt to stretch their deficient facts as they pertain specifically to Ms. Vo and Ms. Vo only.

## VI. COUNT II and IV: PLAINTIFFS STILL FAIL TO PLEAD SUFFICIENT FACTS TO SUPPORT SECURITIES ACT §15 & EXCHANGE ACT §20(a) VIOLATIONS

The district courts in the Third Circuit have ruled that plaintiffs must plead culpable participation in order to survive a motion to dismiss. *See, e.g.*, *Zazzali v. Alexander Partners, LLC*, No. CV 12-828-GMS, 2013 WL 5416871, at *11 (D. Del. Sept. 25, 2013) ("[T]he court continues to believe that allegations of such culpable conduct are necessary, *see In re Digital Island Sec. Litig.*, 223 F.Supp.2d 546, 560, 562 (D. Del. 2002) ("[T]he heightened standard of the PSLRA requires that a claim under Section 20(a) state with particularity the circumstances of both the defendants' control of the primary violator, as well as of the defendants' culpability as controlling persons."). Despite failing to provide any specific facts in the Complaint to suggest that Ms. Vo had some form of executive authority, control, or power within VBit Tech, Plaintiffs continue to misconstrue and exaggerate the bare minimum facts related to a speech she made at a conference and the term "director" used in Ms.

12

Vo's employment contract. It is no exception here and Plaintiffs fail to point to any allegation in the Complaint that shows Ms. Vo's alleged culpable conduct or participation. Plaintiffs build their distorted claim that Ms. Vo held herself out as comparable to a Chief Executive Officer in importance to conclude that Ms. Vo "had access to – and sometimes accessed – information concerning VBit Tech's operations." Yet, Plaintiffs fail to cite any allegation in their Complaint showing that Ms. Vo had or accessed such information. Plaintiffs' conclusion fails to logically follow their premise, as they present no credible allegation of Ms. Vo having this level of access. As expressly detailed in her employment contract, Ms. Vo was far removed from the macro-level operations of VBit Tech, with her scope of employment and duties confined to an expressly limited scope. Thus, Plaintiffs' Count II and IV still fail, as alleged against Ms. Vo.

### VII. COUNT V: PLAINTIFFS STILL FAIL TO PLEAD SUFFICIENT FACTS TO SUPPORT UNJUST ENRICHMENT

Plaintiffs' Opposition cannot change what has already been deficiently pled in their Complaint regarding all of their claims against Ms. Vo, including the claim for unjust enrichment. Plaintiffs' futile attempt to somehow correlate Ms. Vo's alleged cryptocurrency payments received from VBit Tech in exchange for her employment at VBit Tech specifically fails to satisfy the "absence of justification" element. Even when construing Plaintiffs' allegations as true, Plaintiffs provide no facts in their Complaint as to when Ms. Vo may have been paid, with what specific

cryptocurrency the alleged payment(s) was/were made, how many time(s) the alleged payment(s) was/were made, how much of it was actually paid to Ms. Vo, and in what context such payment(s) may have been made. In fact, Plaintiffs fail to describe or provide facts in the Complaint that detail whether Ms. Vo was paid excessively more than what she earned as wages or bonuses in exchange for her employment services at VBit Tech. Such alleged payments, moreover, cannot create a relation between "an enrichment" and "an impoverishment" given the alleged payments reasonably serve as consideration for employment. Thus, Plaintiffs' Opposition cannot change the pleading deficiencies Plaintiffs have already made in their Complaint.

## **CONCLUSION**

For the foregoing reasons, Ms. Vo respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice.

|  |  |
|---|---|
| Dated: October 24, 2024 | /s/ Travis S. Hunter<br>Travis S. Hunter (#5350)<br>Jessica E. Blau (#7163)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>hunter@rlf.com<br>blau@rlf.com<br><br>*Attorneys for Defendant Phuong D Vo a/k/a Katie Vo* |

15