# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER PELHAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, VBIT DC CORP., ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, and LILLIAN ZHOU,<br><br>Defendants. | C.A. No.: 23-cv-162-JLH-SRF |



FILED
NOV 22 2024
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MOTION TO DISMISS OR QUASH FOR IMPROPER SERVICE

TO THE HONORABLE COURT:

Defendant, Mr. Sean Tu ("Mr. Tu," "Defendant"), appearing Pro Se, respectfully submits this Motion to the Court, seeking to set aside the default judgment entered against him on November 7, 2024, due to failure to properly serve him with process, in violation of procedural rules pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. As the Court is aware, Mr. Tu was never properly served with the summons and complaint in this case in accordance with Rule 4 of the Federal Rules of Civil Procedure. Plaintiff attempted to serve Mr. Tu by U.S. mail, which is insufficient under Rule 4 and does not comply with the required methods of service. Furthermore, the Court denied Plaintiff's request for alternative service on August 13, 2024. As such, the entry of the default judgment is improper

1

and should be set aside. Mr. Tu also requests that this case be dismissed in its entirety due to Plaintiff's failure to effectuate proper service, or, alternatively, that Plaintiff be required to effectuate proper service in accordance with Rule 4.

In support of this motion, Defendant states as follows:

## I. FACTUAL BACKGROUND

1. On July 29, 2024, Plaintiff filed the First Amended Complaint in this action, as shown in Court Docket #34.

2. On July 31, 2024, Plaintiff attempted to serve Defendant by U.S. mail, as noted in Court Docket #37. This method of service does not comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure.

3. Defendant was not properly served with a summons and complaint in accordance with Rule 4, nor did Plaintiff obtain a court order authorizing alternative service by U.S. Mail.

4. Plaintiff improperly served all other defendants, further demonstrating a pattern of inadequate service.

5. On August 13, 2024, Plaintiff's request for alternative service was denied by the Court, as reflected in Court Docket #40.

6. On October 24, 2024, Plaintiff filed a request with the Clerk of Court to enter default against Defendant, citing in Court Docket #59 that "on July 27, 2023, Lead Plaintiff effectuated service on Defendant Sean Tu ("Mr. Tu")" and stating

2

that the deadline for Mr. Tu to respond to the complaint was August 17, 2023, despite the fact that Mr. Tu never received the summons and complaint and was unaware of the case.

7. On November 18, 2024, Defendant received an unmarked letter from Parcel Services containing the default entry, as recorded in Docket #59. This was the first time Defendant became aware of the civil case.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) permits a party to move to dismiss an action for insufficient service of process. Service of process must be performed in strict compliance with Rule 4, and failure to do so results in the Court lacking jurisdiction over the defendant.

## III. ARGUMENT

**1. Default Judgment Should Be Set Aside for Failure to Properly Serve Defendant.**

Under Rule 55 of the Federal Rules of Civil Procedure, a default judgment may be set aside if the defendant was not properly served in accordance with the applicable rules. In this case, Plaintiff attempted to serve Mr. Tu via U.S. mail on July 31, 2024. However, Rule 4 specifically outlines the methods of service, and U.S. mail alone is not sufficient for service of process unless authorized by the Court. As noted in the Court's docket, Plaintiff's request for alternative service was denied on August 13, 2024. Without a court order allowing for such service, the

default judgment entered on November 7, 2024, should be dismissed due to Plaintiff's failure to properly serve Mr. Tu.

### 2. The Case Should Be Dismissed for Failure to Serve.

In addition to the improper entry of default, Mr. Tu respectfully requests that this case be dismissed entirely due to the failure of Plaintiff to serve him properly. Under Rule 12(b)(5), a defendant may move to dismiss a case for insufficient service of process. In this case, because Plaintiff failed to comply with Rule 4 and the Court's order regarding service, this case must be dismissed. There has been no proper service, and therefore, the Court lacks personal jurisdiction over Mr. Tu.

### 3. Lack of Jurisdiction Due to Improper Service.

Since service of process is a necessary condition for the Court's jurisdiction, the Court lacks jurisdiction over Defendant unless and until Plaintiff effectuates proper service.

### 4. Alternative Request: Deny Plaintiff's Proof of Service and Require Proper Service.

Should the Court determine that dismissal is not appropriate at this time, Mr. Tu respectfully requests that the Court deny Plaintiff's proof of service and compel Plaintiff to effectuate proper service as required by Rule 4. Mr. Tu has not waived his right to proper service, and it is essential that due process be observed at all stages of this case.

### IV. Consideration of Related Case (1:22-cv-01482)

4

In further support of his motion, Mr. Tu draws the Court's attention to the related case, 1:22-cv-01482, where the same judge ruled that the claims made by the Plaintiff were not related to securities. In that case, the Court concluded that the allegations of fraud did not constitute securities fraud, as the activities described did not meet the legal definition of a "security." Given that the claims in this case are similar, Mr. Tu requests that the Court consider the ruling in 1:22-cv-01482 as an additional basis for dismissing this case. Since this case involves the same fundamental allegations, which the Court has already determined do not amount to securities fraud, it would be inappropriate for this case to proceed under similar circumstances.

## V. CONCLUSION

For the reasons outlined above, Defendant respectfully requests that the Court:

1. Set aside the default judgment entered on November 7, 2024, due to improper service;

2. Dismiss this case due to Plaintiff's failure to properly serve Mr. Tu with the summons and complaint;

3. Alternatively, deny Plaintiff's proof of service and require Plaintiff to serve Mr. Tu properly in accordance with Rule 4; and

4. Consider the ruling in related case 1:22-cv-01482, which found that the same type of fraudulent scheme does not involve securities fraud.

Mr. Tu also requests that the Court grant such further relief as it deems just and proper.

Dated: November 20, 2024

Respectfully submitted,

Sean Tu
*Pro Se*
1390 Braun Ct, Eagan, MN 55123
(612) 888-0068
saj.tu@outlook.com
