# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER PELHAM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, VBIT DC CORP., ADVANCED MINING GROUP, DANH CONG VO A/K/A DON VO, PHUONG D VO A/K/A KATIE VO, SEAN TU, JIN GAO, LILLIAN ZHOU, AND JOHN DOE INDIVIDUALS 1-10, AND DOE COMPANIES 1-10,<br><br>Defendants. | C.A. No.: 23-162-JLH-SRF<br><br>CLASS ACTION |

## OPPOSITION TO SEAN TU'S MOTION TO DISMISS

Dated: December 5, 2024

**FARNAN LLP**

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*Liaison Counsel for*
*Plaintiffs and the Class*

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim, Esq.
Ha Sung (Scott) Kim, Esq. (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
       skim@rosenlegal.com

*Lead Counsel for*
*Plaintiffs and the Class*

# **TABLE OF CONTENTS**

I.    NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

II.   STATEMENT OF FACTS ................................................................................................ 2

III.  SUMMARY OF ARGUMENTS ....................................................................................... 3

IV.   THE MOTION TO DISMISS SHOULD BE DENIED ..................................................... 4

  A.  Mr. Tu Was Properly Served Via VBit Tech's Registered Agent ................................ 4

  B.  Plaintiffs Sufficiently Allege the Mining Contracts Were Securities ........................... 5

V.    CONCLUSION .................................................................................................................. 5

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................. 5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................. 5

*Dettmering v. VBit Technologies Corp.*,
   2024 WL 3617604 (D. Del. Aug. 1, 2024) .......................................................................... 5

*Maio v. Aetna, Inc.*,
   221 F.3d 472 (3d Cir. 2000) ................................................................................................. 5

*Millington v. GEICO*,
   2015 WL 5138266 (D. Del. Sep. 1, 2015) ........................................................................... 5

**Statutes**

Securities Act of 1933, §§ 5, 12(a)(1), and 15……………………………………………………1

Securities Exchange Act of 1934, §§ 10(b) and 20(a) ……………………………………………1

10 Del. C. § 3114 ............................................................................................................................. 4

**Rules**

Fed. R. Civ. P. 4 ............................................................................................................................... 4

Fed. R. Civ. P. 5 ........................................................................................................................... 2, 4

Fed. R. Civ. P. 12(b)(6)……………………………………………………………………………5

Lead Plaintiff Alisha McKellar ("Lead Plaintiff" or "Ms. McKellar") and named plaintiffs Jin Hyuk Ho ("Mr. Ho"), Terence Brown ("Mr. Brown"), David Veney ("Mr. Veney"), and Jake Washburn ("Mr. Washburn" and, collectively with Ms. McKellar, Mr. Ho, Mr. Brown, and Mr. Veney, "Plaintiffs") respectfully submit this memorandum of law in opposition (the "Opposition") to Defendant Sean Tu's Motion to Dismiss (the "Tu MTD") (D.I. 66).

## I.   NATURE AND STAGE OF PROCEEDINGS

This matter arises out of Defendants' violations of §§5, 12(a)(1), and 15 of the Securities Act of 1933 ("Securities Act") and §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") in connection with the sale of unregistered securities. The Amended Complaint (D.I. 34) alleges that defendants VBit Technologies Corp. ("VBit Tech"), Vbit Mining LLC ("VBit Mining"), VBit DC Corp. ("VBit DC"), Advanced Mining Group ("Advanced Mining"), Danh Cong Vo a/k/a Don Vo ("Mr. Vo"), Phuong D Vo a/k/a Katie Vo ("Ms. Vo"), Sean Tu ("Mr. Tu"), Jin Gao ("Mr. Gao"), and Lillian Zhou ("Ms. Zhou") sold unregistered investment contracts that allegedly allowed investors to own and operate their own Bitcoin mining rig. In truth, investors did not actually receive individualized mining rigs, but were instead engaged in cloud mining. The Amended Complaint further alleges that customer funds were used to perpetuate a Ponzi scheme rather than purchasing and operating mining rigs—and when the scheme could not be perpetuated further, Defendants shut off clients' access to their Bitcoin wallet and fabricated a "sale" of the Company to Advanced Mining.

The original complaint was filed on February 13, 2023 by plaintiff Parker Pelham ("Mr. Pelham") (D.I. 1).

On April 17, 2023, Ms. McKellar filed a lead plaintiff motion seeking appointment as lead plaintiff for the putative class. (D.I. 7). One other class member filed a competing lead plaintiff motion (D.I. 10), but did not oppose Ms. McKellar recognizing Ms. McKellar had the larger

1

financial interest (D.I. 13). On July 5, 2023, this Court granted Ms. McKellar's motion and appointed her lead plaintiff for the putative class and approved her selection of The Rosen Law Firm, P.A. as lead counsel.

Upon appointment as lead plaintiff, Ms. McKellar promptly took action to serve all defendants. By July 27, 2023, Ms. McKellar had served most of the defendants, including Mr. Tu. By October 23, 2023, the final defendant – Advanced Mining – had been served, and Ms. McKellar filed the proofs of service with the Court. (D.I. 18). Mr. Tu was served via VBit Tech's registered agent.

On July 11, 2024, Plaintiffs filed a motion to amend the complaint. (D.I. 31). The motion was granted on July 26, 2024. (D.I. 33). Plaintiffs filed the Amended Complaint on July 29, 2024. (D.I. 34). On July 30, 2024, the Amended Complaint was served on all defendants, including Mr. Tu, via U.S. mail pursuant to Fed. R. Civ. P. 5(a)(1)(B) and 5(b)(2)(C). On July 31, 2024, Plaintiffs filed notice of service of the Amended Complaint. (D.I. 37).

On October 24, 2024, Plaintiffs filed a request for default against Advanced Mining, VBit Tech, VBit Mining, VBit DC, Mr. Vo, Mr. Tu, and Ms. Zhou. (D.I. 59-60). The request for default was denied without prejudice due to a clerical error. (D.I. 61). After correction, Plaintiffs re-filed the request for default on November 5, 2024. (D.I. 62-63). The Court Clerk granted the request for default against all named parties on November 7, 2024. (D.I. 64).

## II.   STATEMENT OF FACTS

VBit Tech purportedly sold products and services for mining Bitcoin through its Mining Contracts[1], ¶¶1, 7. These Mining Contracts were unregistered securities, ¶¶94, 103, 114-130. Defendants promised their clients – victims, in truth – that they would each receive an

---

[1] Capitalized terms not defined herein will have the same meaning as used in the Complaint. D.I. 34. All references to ¶__ refer to the corresponding paragraph in the Complaint.

2

individualized mining rig, ¶¶7-8, 13, 45-48. These were purportedly discrete machines, rather than a pooling of computing power dubbed "cloud mining". Indeed, VBit Tech's, and now Advanced Mining's, website specifically stated that their services did not rely on "cloud mining" and said each contract was for an individual machine, ¶¶7-8, 13, 45-48, 63. In reality, VBit Tech was engaged in a Ponzi scheme, wherein VBit Tech purportedly paid out the promised Bitcoin only as new Class members and victims bought in, ¶¶1, 100. VBit Tech may have engaged in some Bitcoin mining, but Defendants primarily used victims' money to engage in risky and speculative cryptocurrency trading, ¶100. In late January 2022, VBit Tech was allegedly acquired by an "Asian-based company primarily focused on bitcoin mining" called Advanced Mining, ¶10, 75-76. Advanced Mining is not registered to do business in any jurisdiction in the U.S., ¶82. Plaintiffs allege that Advanced Mining, and its CEO Lillian Zhou, do not exist, and that the sale of VBit Tech to Advanced Mining was a sham transaction, and that Mr. Vo assumed the identity of Lillian Zhou to perpetuate the fraud, ¶¶10, 88-89.

Mr. Tu was the former Chief Technology Officer of VBit Tech and VBit Mining, and the present Chief Operating Officer of Advanced Mining. ¶32. (*See also*, D.I. 1, at ¶21).

### III.   SUMMARY OF ARGUMENTS

Mr. Tu was an officer, director, or managing agent of VBit Tech and Advanced Mining. As such, serving Mr. Tu via VBit Tech's registered agent with the original complaint was sufficient. Because the original complaint was sufficiently served on the registered agent, the Amended Complaint was sufficiently served on Mr. Tu by mail. Moreover, the Amended Complaint contains well-pled factual allegations that the Mining Contracts were securities. Therefore, all of Mr. Tu's arguments must fail, and the Tu MTD should be dismissed in its entirety.

3

## IV. THE MOTION TO DISMISS SHOULD BE DENIED

### A. Mr. Tu Was Properly Served Via VBit Tech's Registered Agent and by Mail under Rule 5

The Amended Complaint and the original complaint both allege that Mr. Tu was the Chief Technology Officer of VBit Tech and VBit Mining, and that he is the Chief Operating Officer of Advanced Mining. ¶32. (*See also*, D.I. 1, at ¶21). Mr. Tu does not contest these factual allegations in his motion to dismiss. *See generally*, Tu MTD.

Pursuant to Fed. R. Civ. P. 4(e)(1), an individual defendant in the United States may be properly served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located[.]" 10 Del. C. § 3114 provides that nonresidents of Delaware who served as officers of a Delaware corporation are "deemed thereby to have consented to the appointment of the registered agent of such corporation (or, if there is none, the Secretary of State) as an agent upon whom service of process may be made[.]" Mr. Tu has conceded that he served, and continues to serve, as an officer of VBit Tech and/or Advanced Mining. And as stated in the Amended Complaint and original complaint, Advanced Mining is a sham entity and the alter ego and/or instrumentality of VBit Tech, ¶82. (*See also*, D.I. 1, ¶93). Therefore, service of the original complaint via VBit Tech's registered agent was proper.

Notably, Mr. Tu does not contest that service of the original complaint was proper. Instead, he argues that serving the Amended Complaint by mail was improper. However, service by mail of the Amended Complaint was proper under Fed. R. Civ. P. 5(a) and (b), which allows "a pleading after the original complaint" to be served by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(a)(1)(B) and 5(b)(2)(C). Accordingly, default judgment should not be set aside and the motion to dismiss should be denied, because service of the original and Amended Complaint was proper.

### B. Plaintiffs Sufficiently Allege the Mining Contracts Were Securities

The Tu MTD alleges that the Mining Contracts were found to not be securities in *Dettmering et al. v. VBit Technologies Corp. et al.*, 1:22-cv-01482 (D. Del.) (the "*Dettmering* Case"). This is a misreading of the Court's report and recommendation on the motions to dismiss the first amended complaint in the *Dettmering* Case. *Dettmering v. VBit Technologies Corp.*, 2024 WL 3617604 (D. Del. Aug. 1, 2024). In that report and recommendation, the Court made no factual finding as to whether the Mining Contracts are securities or not. Rather, the Court merely found that the plaintiffs' alleged facts and claims "do not rely upon conduct that would have been actionable as fraud in the purchase or sale of securities." *Id.* at *4.

In alleging that the Mining Contracts are not securities, the Tu MTD essentially raises a Rule 12(b)(6) defense. A court may grant a 12(b)(6) motion to dismiss "only if, after accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Millington v. GEICO*, 2015 WL 5138266, at *1 (D. Del. Sep. 1, 2015) (citing *Maio v. Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir. 2000)) (internal quotation marks omitted); *see also*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Plaintiffs have alleged facts showing that the Mining Contracts are securities. ¶¶114-130. Tellingly, Mr. Tu's co-defendants Ms. Vo and Mr. Gao have argued that the Mining Contracts are securities in the *Dettmering* Case.

For the foregoing reasons, Mr. Tu's argument that the Mining Contracts are not securities must fail, and the Court should deny the Tu MTD in its entirety.

### V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court should deny Mr. Tu's Motion to Dismiss in its entirety. To the extent the Court finds service of the original and/or

5

Amended Complaint was deficient, Plaintiff respectfully requests an opportunity to serve Mr. Tu personally at his residence.

Dated: December 5, 2024          Respectfully submitted,

**FARNAN LLP**

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*Liaison Counsel for Plaintiffs and the Class*

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*Lead Counsel for Plaintiff and the Class*