## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER PELHAM, Individually and on Behalf of All Others Similarly Situated, | *C.A. No.: 23-cv-162-JLH-SRF* |
| Plaintiffs, | |
| v. | |
| VBIT TECHNOLOGIES CORP., VBIT MINING LLC, VBIT DC CORP., ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, and LILLIAN ZHOU, |  |
| Defendants. | |

# DEFENDANT SEAN TU'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

TO THE HONORABLE COURT:

Defendant Sean Tu ("Defendant" or "Mr. Tu"), appearing pro se, respectfully submits this reply to Plaintiffs' opposition to Defendant's motion to dismiss. Plaintiffs' opposition relies on misstatements of fact and law and fails to address the core procedural and substantive issues raised in Defendant's motion. Defendant reiterates that service was improper under Rule 4 and highlights the unreasonable and prejudicial burden created by the contradictory legal theories in this case **23-cv-162-JLH-SRF** ("Pelham") and the related case, **22-1482-CFC-SRF** ("Dettmering").

Defendant expressly reserves the right to contest any factual or legal assertions made by Plaintiffs in their opposition or other filings. Defendant's silence or lack of specific objection to any particular assertion shall not be construed as a concession, admission, or waiver of any argument or defense.

## I. Response to Plaintiffs' Misrepresentations

### 1. Improper Service of Original Complaint

Plaintiffs argue that Defendant was properly served via VBit Technologies DBA Advance Mining's ("VBit") registered agent. This assertion is factually and legally flawed:

- **Termination of Employment**: Mr. Tu's employment with VBit ended in January 2023, five months before Plaintiffs attempted to serve him via the company's registered agent in July 2023. Since Mr. Tu was no longer an employee or officer at the time of service, service through the registered agent was invalid under both Rule 4(e) of the Federal Rules of Civil Procedure and 10 Del. C. § 3114.

- **Failure to Notify**: Plaintiffs do not address the fact that VBit's registered agent failed to notify or forward the service to Mr. Tu, which violates principles of due process under federal and state law. As a result, Mr. Tu was unaware of the complaint and could not contest it earlier.

- **Mischaracterization of Concession**: Plaintiffs claim that Mr. Tu conceded proper service by not contesting the original complaint. This is incorrect. Mr. Tu's did not contest the original service was based on a mistaken

2

understanding that the amended complaint required new service, rendering the original service moot. Mr. Tu has never conceded proper service and contests the original service now, as Plaintiffs raised this issue in their opposition.

- **Pattern of Misrepresentations in Service**: Plaintiffs have made similar misrepresentations of proper service against other defendants in this case, including Ms. Vo and Mr. Gao. These repeated assertions of compliance with Rule 4, despite clear deficiencies, demonstrate a pattern of improper service and procedural shortcuts that undermine the integrity of the proceedings.

## 2. Contradictions in Plaintiffs' Assertions About Employment

Plaintiffs incorrectly claim that Mr. Tu was an officer of multiple entities:

- Mr. Tu was employed by VBit Technologies DBA Advance Mining, not by VBit Mining.

- Mr. Tu's employment with VBit Technologies DBA Advance Mining ended in January 2023.

- VBit Mining is a separate legal entity. Mr. Tu was never employed by VBit Mining.

- For sake of clarification VBit Technologies DBA Advance Mining is a separate entity from Advance Mining Group, which is a separate foreign entity named as a defendant in this case.

These misstatements not only mischaracterize Mr. Tu's employment history but also underscore the procedural improprieties surrounding the alleged service.

## II. Unreasonable Burden Created by Contradictory Legal Theories

The Pelham and Dettmering cases involve identical facts, identical defendants, and identical contracts, but advance opposing legal theories regarding the nature of the mining contracts:

- In Pelham, Plaintiffs allege that the contracts are unregistered securities, forming the basis for securities fraud claims.

- In Dettmering, the plaintiffs argue that the same contracts are not securities to avoid dismissal under the PSLRA's RICO bar.

This inconsistency creates an unreasonable and prejudicial burden for the defendants, particularly for a pro se defendant like Mr. Tu:

1. **Impossibility of Simultaneous Defense:**

- Mr. Tu is forced to simultaneously defend one case where the contracts are alleged to be securities and another where they are alleged to be non-securities. The crux of his defense depends on whether the contracts are securities or not.

- A pro se defendant with limited resources cannot reasonably defend under two conflicting legal frameworks for the same set of facts. Preparing a defense in one case undermines his position in the other.

**2.    Weaponization of Arguments:**

- Plaintiffs in Pelham cite arguments made by defendants in Dettmering to claim that the contracts are securities, creating a no-win scenario for the defendants.

- This inconsistency not only creates a no-win scenario for Mr. Tu but also underscores the systemic risk of prejudice against all defendants. Plaintiffs' ability to assert contradictory theories in overlapping cases erodes the integrity of the proceedings and unfairly burdens the defendants.

- For example, Plaintiffs state in their opposition under section IV-B: "*Tellingly, Mr. Tu's co-defendants Ms. Vo and Mr. Gao have argued that the Mining Contracts are securities in the Dettmering Case.*"

- This demonstrates how contradictory legal theories are weaponized, forcing defendants to defend themselves in one case at the expense of another.

**3.    Judicial Inefficiency:**

Allowing both cases to proceed under opposing legal theories risks contradictory rulings and imposes an undue burden on defendants, especially a pro se defendant like Mr. Tu. These cases involve the same products, contracts, and customers, differing only in the plaintiffs' chosen legal frameworks.

## III. Legal Basis for Relief

1.    **Improper Service Requires Dismissal**

Under Rule 4(e) and 10 Del. C. § 3114, service on a registered agent is proper only if the defendant is an officer or agent of the entity at the time of service. Mr. Tu was no longer employed by VBit Technologies when Plaintiffs attempted service, and VBit's agent did not notify Mr. Tu of the complaint.

Service of process is a fundamental prerequisite for personal jurisdiction. Failure to effectuate proper service deprives the Court of jurisdiction over the defendant, warranting dismissal under Rule 12(b)(5).

2.    **Consolidation or Clarification**

Under Federal Rule of Civil Procedure 42(a), the Court may consolidate actions involving common questions of law or fact. The Pelham and Dettmering cases share identical factual allegations but proceed under opposing legal theories. Consolidation or clarification is necessary to ensure consistent rulings and prevent undue prejudice to the defendants.

3.    **Consistency in Legal Theories**

The Court must clarify whether the mining contracts are securities for the purposes of both cases. If the contracts are not securities in Dettmering, they cannot be securities in Pelham, and vice-versa. Allowing these cases to proceed under opposing legal theories not only undermines fairness but creates unnecessary complexity, placing defendants in an impossible position of defending one case at the expense of the other.

## IV. Relief Requested

For these reasons, Defendant respectfully requests that the Court:

1.    **Dismiss this case under Rule 12(b)(5)** due to improper service;

2.    **Consolidate this case with the Dettmering case, 22-1482-CFC-SRF**, under Rule 42(a) to ensure judicial efficiency and eliminate prejudice;

3.    If the case is not dismissed under Rule 12(b)(5) or consolidated under Rule 42(a), **compel Plaintiff to restart service and properly serve Mr. Tu** in accordance with Rule 4.

4.    **Clarify whether the mining contracts are securities** to ensure consistent legal treatment across both cases; and

5.    **Alternatively, stay the proceedings in this case until the Dettmering case is resolved.** If the Court in Dettmering finalizes the issue of whether the contracts are securities, that decision can and should apply to this case to eliminate inconsistencies and prejudice. Staying this case would reduce duplicative efforts, promote judicial efficiency, and prevent unfair prejudice to the defendants, particularly a pro se defendant like Mr. Tu.

6.    **Grant such other relief as the Court deems just and proper.**

Dated: December 10, 2024

Respectfully submitted,

Sean Tu
*Pro Se*
1390 Braun Ct, Eagan, MN 55123
(612) 888-0068
saj.tu@outlook.com