IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER PELHAM, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, VBIT DC CORP., ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, and LILLIAN ZHOU,<br><br>  Defendants. | C.A. No.: 23-cv-162-JLH-SRF |



FILED
APR 01 2025
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

TO THE HONORABLE COURT:

Defendant, Mr. Sean Tu ("Defendant"), appearing Pro Se, respectfully submits this Objection to the Magistrate Judge's Recommendation regarding the sufficiency of service and the entry of default in appearance against him. Defendant believes that statutory service requirements under Delaware law (10 Del. C. § 3114) were inadvertently not fulfilled, which unintentionally violated his constitutional right to due process and denied him the opportunity to timely respond to this lawsuit. Defendant respectfully requests the Court set aside the entry of default and permit him a fair opportunity to properly answer the First Amended Complaint ("FAC").

1

In support of this motion, Defendant states as follows:

# I. SERVICE WAS INCOMPLETE AND DEFENDANT WAS UNABLE TO TIMELY RESPOND

1. Statutory Non-Compliance under 10 Del. C. § 3114(c)

Delaware law explicitly requires two steps for service upon nonresident former officers of Delaware corporations (10 Del. C. § 3114(c)):

1. Service upon the registered agent.
2. Within seven days thereafter, the Prothonotary or Register in Chancery must send via registered mail copies of the process directly to Defendant's residential address.

In this case, while docket entries confirm service upon the corporate registered agent (D.I. 18), they do not reflect that the Court carried out the statutory requirement of mailing a copy of the summons directly to Defendant's residential address via registered mail, as explicitly required by 10 Del. C. § 3114(c).

Defendant respectfully emphasizes that he never received this required statutory mailing from the Court. Consequently, Defendant was unaware of the existence of this action until November 18, 2024, when he received notification regarding the Clerk's entry of default. Defendant respectfully submits that this procedural oversight inadvertently deprived him of a timely and meaningful opportunity to respond.

2. Defendant Received No Actual Notice from the Registered Agent

The Magistrate Judge cites Thompson v. Target Stores, 501 F. Supp. 2d 601 (D. Del. 2007), noting generally that serving a registered agent may constitute sufficient service. However, Defendant respectfully clarifies that Thompson did not address the mandatory statutory mailing requirement specifically outlined under § 3114(c). Additionally, the Supreme Court has clarified in Jones v. Flowers, 547 U.S. 220 (2006), that due process requires notice reasonably calculated to provide actual notice.

Defendant's employment with VBit Technologies ended in January 2023, after which he lost all access to the company's communications, including notifications from the registered agent. Defendant respectfully states he received no communication regarding this lawsuit through the registered agent or from VBit Technologies itself.

Defendant reiterates that he did not become aware of this lawsuit until he independently discovered the Clerk's entry of default in November 2024.

## II. CLARIFICATION REGARDING SERVICE OF THE FAC

Defendant respectfully seeks to clarify an unintentional misunderstanding within the Magistrate Judge's Recommendation. The Recommendation states:

> "Tu argues that service is defective because he received the FAC by mail at his residence in Eagan, Minnesota."

Defendant respectfully clarifies that he has never claimed or acknowledged receiving the FAC by mail. Defendant first became aware of the FAC solely through his independent review of docket entries via the PACER system after discovering

3

the Clerk's entry of default. Docket entry (D.I. 37) indeed shows Plaintiffs' attempt to mail the FAC, but Defendant respectfully affirms he did not physically receive this mailing.

Defendant provides this clarification solely to ensure accuracy of the record, recognizing and appreciating the Court's diligent efforts to manage and accurately interpret the case.

## III. REQUEST FOR RELIEF

Given the circumstances outlined, Defendant respectfully requests the Court grant relief as follows:

1. Set Aside Entry of Default

Defendant respectfully requests the Court set aside the Clerk's entry of default dated November 7, 2024, pursuant to Fed. R. Civ. P. 55(c), so that Defendant may have a fair and just opportunity to defend against the allegations made against him.

2. Extension of Time to Respond to FAC

Should the Court determine that service was nonetheless sufficient, Defendant respectfully requests additional time to thoroughly review and properly respond to the FAC.

3. Order Proper Re-Service

4

Alternatively, Defendant respectfully requests that the Court order Plaintiffs to properly re-serve Defendant at his current residential address, ensuring complete statutory compliance and fair notice.

## IV. CONCLUSION

Defendant respectfully asserts that unintentional procedural oversights have inadvertently resulted in insufficient notice and impaired Defendant's right to due process under 10 Del. C. § 3114(c) and constitutional law. Defendant therefore respectfully requests the Court consider the relief requested above to ensure fairness and procedural justice.

Dated: March 28 20, 2025

Respectfully submitted,

Sean Tu
*Pro Se*
1390 Braun Ct, Eagan, MN 55123
(612) 888-0068
saj.tu@outlook.com

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER PELHAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, VBIT DC CORP., ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, and LILLIAN ZHOU,<br><br>Defendants. | C.A. No.: 23-cv-162-JLH-SRF |

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2025, I caused a true and correct copy of the foregoing OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION to be served upon the following parties by as indicated:

<u>Via U.S. Mail</u>

**CHRISTENSEN LAW LLC.**

Joseph Christensen

1201 North Market Street

Suite 1404

Wilmington, DE 19801

joe@christensenlawde.com

<u>Via U.S. Mail</u>

**FARNAN LLP**

Brian E. Farnan

Michael J. Farnan

Ha Sung Kim

919 North Market St., 12th Floor

Wilmington, DE 19801

bfarnan@farnanlaw.com

mfarnan@farnanlaw.com

skim@rosenlegal.com

Dated: March 28, 2025

                                                                  Respectfully submitted,

                                                                  Sean Tu
*Pro Se*
1390 Braun Ct, Eagan, MN 55123
(612) 888-0068
saj.tu@outlook.com