IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER PELHAM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, LILLIAN ZHOU, and JOHN DOE INDIVIDUALS 1-10, and DOE COMPANIES 1-10,<br><br>Defendants. | C.A. No. 23-162-JLH-SRF |

## ORDER

At Wilmington this 2nd day of May, 2025;

WHEREAS, Magistrate Judge Fallon issued a Report & Recommendation on March 28, 2025 (D.I. 70, the "R&R"), recommending that the Court deny the following motions: Defendant Phuong D. Vo a/k/ Katie Vo's Motion to Dismiss (D.I. 41), Defendant Jin Gao's Motion to Dismiss for Lack of Service and Personal Jurisdiction (D.I. 44), Plaintiffs' Cross Motion to Authorize Additional Time to Serve Jin Gao (D.I. 51), and *pro se* Defendant Sean Tu's Motion to Dismiss or Quash for Improper Service (D.I. 66);

WHEREAS, on April 4, 2025, *pro se* Defendant Sean Tu filed an Objection to the R&R (D.I. 73);

WHEREAS, on April 16, 2025, Plaintiffs responded (D.I. 77);

WHEREAS, the Court reviews the Objection *de novo*, *see* 28 U.S.C. § 636(b)(1)(C);

WHEREAS, Defendant Tu contends that service was not properly effectuated under 10 *Del. C.* § 3114 and that he did not receive actual notice from the registered agent (D.I. 73 at 2–3);[1]

WHEREAS, Judge Fallon concluded that service upon Defendant Tu was properly effectuated under § 3114 (D.I. 70, R&R at 15–18);

WHEREAS, having reviewed the issues *de novo*, the Court concludes that service was properly effectuated upon Defendant Tu under § 3114;[2]

WHEREAS, to the extent that Defendant Tu seeks additional relief beyond that which was requested in his Motion to Dismiss or Quash for Improper Service (D.I. 66), he must do so via

---

[1] Plaintiff contends that Defendant Tu did not present those arguments to the Magistrate Judge. (D.I. 77 at 2–3.) Although Defendant Tu may not have raised before the Magistrate Judge the precise arguments he raises in his Objection, Defendant Tu did generally argue that he was not properly served under Delaware law and that he did not receive notice of the proceeding. In light of Defendant Tu's *pro se* status, the Court liberally construes his arguments and declines to hold that Tu waived or forfeited his arguments by failing to present them to the Magistrate Judge.

[2] Defendant Tu contends that service was ineffective because (1) a copy of the summons was not directly mailed to his residential address via registered mail and (2) his employment with VBit Technologies ended in January 2023. (D.I. 73 at 2–3.) The statute's plain language expressly rejects both arguments. 10 *Del. C.* §§ 3114(b) ("Every nonresident of this State who . . . accepts election or appointment as an officer of a corporation organized under the laws of this State, or who . . . serves in such capacity . . . shall, by acceptance or by such service, be deemed thereby to have consented to the appointment of the registered agent of such corporation . . . as an agent upon whom service of process may be made in all civil actions or proceedings brought in this State, . . . *whether or not the person continues to serve as such officer at the time suit is commenced*." (emphasis added)), 3114(c) ("*Service of process shall be effected by serving the registered agent* . . . with 1 copy of such process in the manner provided by law for service of writs of summons. *In addition*, the prothonotary or the Register in Chancery of the court in which the civil action or proceeding is pending shall, within 7 days of *such service*, deposit in the United States mails, by registered mail, postage prepaid, true and attested copies of the process . . . ." (emphasis added)); *see also Actrade Fin. Techs. Ltd. v. Aharoni*, No. 20168, 2003 WL 22389891, at *5 (Del. Ch. Oct. 17, 2003) (confirming that service under § 3114(c) is effectuated upon serving the registered agent).

separate motion, not in his Reply Brief or in his Objections to the R&R, D. Del. LR 7.1.2 ("Unless otherwise ordered, all requests for relief shall be presented to the Court by motion.");[3]

WHEREAS, no party filed objections to the remainder of the Report and Recommendation pursuant to 72(b)(2) of the Federal Rules of Civil Procedure in the prescribed period, and the Court finding no clear error on the face of the record;

NOW, THEREFORE, IT IS HEREBY ORDERED that

1. Defendant Sean Tu's Objection (D.I. 73) is OVERRULED.

2. Judge Fallon's March 28, 2025 Report and Recommendation (D.I. 70) is ADOPTED.

3. Defendant Phuong D. Vo a/k/ Katie Vo's Motion to Dismiss (D.I. 41) is DENIED.

4. Defendant Jin Gao's Motion to Dismiss for Lack of Service and Personal Jurisdiction (D.I. 44) is DENIED.

5. Plaintiffs' Cross Motion to Authorize Additional Time to Serve Jin Gao (D.I. 51) is DENIED.

6. Defendant Sean Tu's Motion to Dismiss or Quash for Improper Service (D.I. 66) is DENIED.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

[3] The Court acknowledges Defendant Tu's contention that the allegations in this case are irreconcilable with the allegations in another case in which Mr. Tu is a Defendant, No. 22-1482-JLH-SRF. But the motion to dismiss stage, where the Court must accept the complaint's well-pled allegations as true and construe them in the light most favorable to the plaintiff, is not the appropriate procedural posture in which to resolve that contention.