IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARKER PELHAM, Individually and on Behalf of All Other Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, VBIT DC CORP., ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, and LILLIAN ZHOU,<br><br>Defendants. | C.A. No. 23-162-JLH-SRF |

**MEMORANDUM OPINION**[1]

Presently before the court in this civil action for violations of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act") is the motion of *pro se* Defendant, Sean Tu, ("Defendant") to set aside the clerk's entry of default in appearance under Federal Rule of Civil Procedure 55(c)[2]. (D.I 90)  For the following reasons, the court **GRANTS** Defendant Tu's request and vacates the entry of default pursuant to Rule 55(c).

---

[1] A Motion to set aside an entry of default is treated as a non-dispositive application within the pretrial powers of a Magistrate Judge on referral. *See, Landron v. Pina*, No. 23-23231, 2024 WL 1585119, at *1 (D.N.J. Apr. 11, 2024) ) (holding "[a] Magistrate Judge has the authority to set aside an entry of default, as it is not dispositive").

[2] The briefing associated with the pending motion is found at D.I. 90, D.I. 96, D.I. 97

1

## I.     BACKGROUND

On February 13, 2023, Parker Pelham filed the initial complaint in this putative class action against Defendants VBit Technologies Corp., VBit Mining LLC, Advanced Mining Group, (corporate defendants collectively, "VBit") and Danh Cong Vo a/k/a Don Vo, Vo, Tu, Gao, and Lillian Zhou, alleging violations of the Exchange Act, and the Securities Act. (D.I. 1; D.I. 16; D.I. 17)  On July 5, 2023, Plaintiff Alisha McKellar ("McKellar") was appointed lead plaintiff. (D.I. 16)  The first amended complaint ("FAC") was docketed on July 29, 2024, adding Defendant VBIT DC Corp. (D.I. 34)

On November 7, 2024, defaults in appearance were entered against the following Defendants: Advanced Mining, VBit Technology Corp., VBit Mining, VBit DC, Tu, Don Vo, and Lillian Zhou. (D.I. 64)  Thereafter, on November 22, 2024, Defendant Tu filed a motion to dismiss or quash for improper service pursuant to Rule 12(b)(5). (D.I. 66)  On March 28, 2025, the court issued a Report and Recommendation denying Defendant Tu's motion on the basis that Defendant Tu was properly served under 10 Del. C. § 3114 (which governs service of process of non-resident officers of Delaware corporations). The court determined that service upon Defendant Tu was properly effectuated pursuant to § 3114, because he is deemed to have consented to the appointment of VBit's registered agent as his agent for service of process. (D.I. 70 at 17)  On April 2, 2025, Defendant Tu filed an objection to the Report and Recommendation contending that service of process had not been properly effectuated under 10 Del. C. § 3114 and that he did not receive notice of the suit following service upon VBit's registered agent. (D.I. 73 at 3)  The District Judge overruled Tu's objection and adopted the Report and Recommendation. Nonetheless, the court liberally construed Tu's arguments because of his *pro se* status and permitted him leave to "seek additional relief…via separate motion[.]" (D.I. 85 at 2-3)  On May

2

5, 2025, Defendant Tu filed the instant to set aside the default in appearance on May 5, 2025. (D.I. 90)

## II.   LEGAL STANDARD

This court may set aside an entry of default for "good cause shown." Rule 55(c). The decision to vacate the entry of the default is left to a court's sound discretion. *Mayhan v. Sunoco, Inc.*, No. CV 18-355-RGA, 2019 WL 2994548, at *1 (D. Del. July 9, 2019). Courts within the Third Circuit generally disfavor defaults because "in a close case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits." *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).

It is well settled within the Third Circuit that the court's decision to vacate a default depends upon: (1) whether the plaintiff will be prejudiced if the court sets aside the default; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985) (citations omitted). Defaults are generally disfavored and, therefore, in close cases, courts must construe doubts in favor of resolving cases on the merits. *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987).

## III.  DISCUSSION

In the instant case, the court concludes that all factors weigh in favor of vacating the default.

### A. Plaintiff Will Not be Prejudiced if the Default is Vacated

On November 22, 2024, promptly upon receipt of the notice of the clerk's entry of default entered on November 7, 2024, Defendant Tu, appearing *pro se*, filed a motion to dismiss based upon improper service. (D.I. 66) On April 4, 2025, he filed an Answer to the Amended Complaint (D.I. 76) and on May 5, 2025, he served his Initial Disclosures. (D.I. 89) Defendant

3

Tu continues to actively participate in discovery. (D.I. 102; D.I. 114) Moreover, trial is not scheduled until March of 2027. (D.I. 79) In short, Defendant Tu, appearing *pro se*, has been participating in the litigation despite his default in appearance following service of the original complaint, and Plaintiff can articulate no prejudice caused by his delayed entry into the case.

Plaintiff has not attempted to address any of the relevant factors for setting aside the entry of default. Instead, Plaintiff rests on the argument that Defendant Tu has already had two opportunities to seek such relief. (D.I. 96 at 3) The court is unpersuaded by the Plaintiffs' sole argument that Defendant Tu has exhausted his opportunities to set aside the default. *Id.* Judge Hall expressly stated that Defendant Tu's court filings should be liberally construed and he is not foreclosed from seeking additional relief in a separate motion. (D.I. 85 at 2-3) Regardless of whether the relief requested overlaps with that requested in his earlier motion, Defendant Tu now moves on a separate basis to vacate the default for good cause under Rule 55(c).

Accordingly, the court finds the first factor weighs in favor of vacating the default.

### B. Defendant Has a Meritorious Defense

As previously noted, Defendant Tu has filed an Answer to the Amended Complaint. (D.I. 76.) In his pleading, he denies the allegations in the Amended Complaint paragraph by paragraph and raises thirty-nine affirmative defenses. *Id* at 43-49. In addition, Plaintiff has served Defendant Tu with written discovery requests to which he has timely responded. (D.I. 102; D.I. 111; D.I. 114) In the responsive brief, Plaintiff does not address whether Defendant Tu lacks a meritorious defense so it remains unrebutted for purposes of this motion. (D.I. 96.)

Accordingly, this factor weighs in favor of vacating the entry of default.

### C. Defendant Did Not Engage in Culpable Conduct

The Court cannot conclude that Defendant Tu's failure to appear constitutes culpable conduct. "In this context culpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123–24 (3d Cir. 1983) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). Here, the record does not support a finding that Defendant acted with such intent. Upon receiving notice of the Clerk's entry of default, Defendant promptly responded by filing a motion to dismiss. (D.I. 66) Defendant Tu's timely effort to participate in the litigation process weighs against any inference of deliberate disregard or bad faith.

Accordingly, the last factor weights in favor of vacating the entry of default.

### V.   CONCLUSION

For the foregoing reasons, the court **GRANTS** Defendant Tu's motion and **VACATES** the November 7, 2024, entry of default. (D.I. 64)

An appropriate order will be entered.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: November 10, 2025

Sherry R. Fallon
United States Magistrate Judge