**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

PARKER PELHAM, Individually and On ) 
Behalf of All Others Similarly Situated, )
                                    )
       Plaintiff, )
                                    )
     v.                          )     Civil Action No. 23-162-JLH-SRF
                                    )
VBIT TECHNOLOGIES CORP., VBIT )
MINING LLC, ADVANCED MINING )
GROUP, DANH CONG VO a/k/a DON )
VO, PHUONG D VO a/k/a KATIE VO, )
SEAN TU, JIN GAO, LILLIAN ZHAO, )
and JOHN DOE INDIVIDUALS 1-10, and )
ABC COMPANIES 1-10, )
                                    )
       Defendants. )

**MEMORANDUM ORDER**

At Wilmington this **1st** day of **April, 2026**, the court having considered Defendant Sean Tu's Motion to compel responses to interrogatories and the briefing and related filings associated with the pending motion (D.I. 143, D.I. 145, D.I. 147), IT IS ORDERED that the motion of Defendant Sean Tu (D.I. 145) is **GRANTED**.

1.     **Background.** This action arises from Defendants' alleged sale of unregistered securities in the form of Bitcoin mining investment contracts that are purported to allow investors to purchase, lease, and operate specialized computer hardware to mine Bitcoin. Plaintiff initiated this putative class action on February 13, 2023, asserting claims under the Securities Act of 1933 and the Securities Exchange Act of 1934 against VBit Technologies Corp., VBit Mining LLC, Advanced Mining Group, and several individual defendants including *pro se* Defendant Sean Tu. (D.I. 1) Plaintiff alleges that Defendants orchestrated a fraudulent Ponzi scheme and instead of fulfilling their end of the Mining Contract, Defendants

1

misappropriated customer funds for themselves and used new customer funds to pay out earlier customers, falsely creating the appearance of a prosperous business. (*Id.* at ¶1)

2. The operative amended scheduling order set a deadline for the close of fact discovery on November 17, 2025. (D.I. 108) Defendant Tu now moves to compel responses to Interrogatories Nos. 4, 5, 6, 7, and 11, which he acknowledges that he served on November 19, 2025, after expiration of the deadline. (D.I. 145 at 2; D.I. 122)

3. **Legal Standard.** "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Therefore, in order to reopen fact discovery, the movant must make a showing of "good cause." *McGoveran v. Amazon Web Servs., Inc.*, No. 1:20-cv-01399-SB, 2024 WL 4533598, at *3 (D. Del. Oct. 18, 2024) (Bibas, J., sitting by designation). "There is no set formula to apply" when determining whether a good cause showing has been made. *Xcoal Energy & Res. v. Bluestone Energy Sales Corp.*, C.A. No. 18-819-LPS, 2020 WL 5369109, at *6 (D. Del. Sept. 8, 2020) (cleaned up); *see also McGoveran*, 2024 WL 4533598, at *3 ("[T]he standard is just 'good cause.' "). However, "implicit in such a showing is proof that more diligent discovery was impossible." *Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015) (quoting *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988)). Courts may also consider "prejudice to the party opposing the modification." *Dow Chem. Canada Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del. 2012), *aff'd*, 587 F. App'x 741 (3d Cir. 2014).

4. **Discussion.** Defendant Tu's motion to compel interrogatories is **GRANTED** but is limited to the particular facts of the instant case. Because he is *pro* se, the court views Defendant Tu's filings liberally. *See Cyrus v. Hogsten*, No. 3:06-CV-02265, 2007 WL 88745 at *6 (M.D. Pa. Jan. 9, 2007); *see also Erickson*, 551 U.S. at 94 ("however inartfully pleaded, [a *pro se* party] must be held to less stringent standards than formal pleadings drafted by

2

lawyers.") However, as the movant, Defendant Tu bears the burden of showing that he exercised due diligence in seeking the proposed amendment under Fed. R. Civ. P. 16(b)(4). *See, Cordance Corp. v. Amazon.com, Inc.,* 255 F.R.D. 366, 371 (D. Del. 2009). Plaintiff opposes Defendant Tu's Motion to compel on the basis that good cause is lacking under Fed. R. Civ. P.16(b)(4) and the information Defendant Tu seeks is irrelevant.

5.      Defendant Tu does not expressly mention the good cause standard but explains that his delay was "inadvertent" because he was "simultaneously addressing overlapping litigation deadlines in a related federal action." (D.I. 145 at 3) Following service of the interrogatories, Plaintiff requested an extension pending a mediation scheduled for January 13, 2026. (D.I. 145 at 2) Notwithstanding the foregoing, Plaintiff contends that Defendant Tu "[sat] on his hands for over six months" before pursuing his discovery request. (D.I. 147 at 2) If Plaintiff intended to assert that the interrogatories were barred by the fact discovery deadline, there was no reason for not immediately objecting to them as untimely. Instead, Plaintiff requested an extension of time to respond in order to pursue mediation. Moreover, less than one month elapsed between the mediation and Defendant Tu's efforts to obtain responses to the interrogatories. (D.I. 145, Ex. C) Given the delays by both sides, the court finds that, on balance, good cause exists for Defendant Tu's three-day delay in serving the interrogatories under Fed. R. Civ. P. 16(b)(4). Furthermore, the court finds no prejudice to Plaintiff in requiring him to respond because it will not affect the balance of deadlines in the case scheduling order. (D.I. 79)

6.      Plaintiff's contention that the information sought by Defendant Tu irrelevant is unpersuasive. (D.I. 147 at 2) Plaintiff relies on *Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128 (1972), to argue that a presumption of reliance under the Securities Exchange Act of 1934 renders the interrogatories immaterial. (D.I. 147 at 2) But the Supreme Court in *Affiliated Ute* observed that reliance "is not a prerequisite to recovery," and did not suggest that

3

such a presumption otherwise limits permissible discovery. (*Id.* at 155)

Plaintiff's additional argument that the information is irrelevant because Defendant Tu possesses personal knowledge is likewise without merit. (D.I. 147 at 2) It is well established that, under Fed. R. Civ. P. 33, a party may serve written interrogatories concerning matters within its own knowledge. *United States v. Article of Drug Consisting of 30 Individually Cartoned Jars, More or Less, Labeled in Part: "Ahead Hair Restorer for New Hair Growth"*, 43 F.R.D. 181, 189 (D. Del. 1967). Finally, Plaintiff did not assert this objection in his responses to Defendant Tu's interrogatories, further undermining the argument. (D.I. 145, Ex D)

7. **Conclusion.** For the foregoing reasons, the Court orders the following: Defendant Tu's Motion to compel interrogatories is **GRANTED**. Plaintiff shall serve substantive responses to Interrogatories Nos. 4, 5, 6, 7, and 11 on or before April 15, 2026.

IT IS FURTHER ORDERED that the discovery dispute teleconference set for April 2, 2026, at 2:00 p.m. is CANCELLED.

8. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

9. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

April 1, 2026

Sherry R. Fallon
United States Magistrate Judge